FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398
ffalzetta@sheppardmullin.com
ssveslosky@sheppardmullin.com

TED C. LINDQUIST, III, Cal. Bar No. 178523
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
tlindquist@sheppardmullin.com

Attorneys for Defendant,
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation,,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.,<br><br>Defendants. | Case No. C07-04651 CRB (ADR)<br><br>The Hon. Charles R. Breyer<br><br>[Complaint Filed: September 10, 2007]<br><br>**DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), appearing for itself alone, hereby answers the Complaint filed by plaintiffs Largo Concrete, Inc. and N.M.N. Construction, Inc. ("Plaintiffs"), and admits, denies and alleges as follows:

## ANSWER TO JURISDICTION ALLEGATIONS

1.  Answering paragraph 1 of the Complaint, Liberty Mutual admits the allegations contained in that paragraph.

2.  Answering paragraph 2 of the Complaint, Liberty Mutual denies the allegation that "the contracts which are the subject of this action were entered into in the County of Santa Clara, California," and otherwise admits the allegations contained in that paragraph.

## ANSWER TO GENERAL ALLEGATIONS

3.  Answering paragraph 3 of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to those allegations, and on that basis, denies those allegations.

4.  Answering paragraph 4 of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to those allegations, and on that basis, denies those allegations.

5.  Answering paragraph 5 [misnumbered "4"] of the Complaint, Liberty Mutual denies that it is currently a Massachusetts corporation. Liberty Mutual admits that it transacts workers' compensation insurance business in numerous states, including California. Except as so admitted, Liberty Mutual denies the allegations of paragraph 5.

6.  Answering paragraph 6 [misnumbered "5"] of the Complaint, Liberty Mutual admits that it issued three workers' compensation insurance policies to Largo Concrete, Inc. ("Largo") for the policy periods October 1, 2002 to October 1, 2003, October 1, 2003 to October 1, 2004, and October 1, 2004 to October 1, 2005. Except as so admitted, Liberty Mutual denies the allegations of paragraph 6.

7.  Answering paragraph 7 [misnumbered "6"] of the Complaint, Liberty Mutual admits that Plaintiffs purport to attach to the Complaint copies of the

three workers' compensation insurance policies that Liberty Mutual issued to Largo. Except as so admitted, Liberty Mutual denies the allegations of paragraph 7.

8. Answering paragraph 8 [misnumbered "7"] of the Complaint, Liberty Mutual states that the terms of the policies issued by Liberty Mutual to Largo speak for themselves. Liberty Mutual admits that Largo posted a letter of credit as collateral for its obligations to Liberty Mutual under the policies issued to Largo. Except as so admitted, Liberty Mutual denies the allegations of paragraph 8.

9. Answering paragraph 9 [misnumbered "8"] of the Complaint, Liberty Mutual admits that it issued a workers' compensation insurance policy to N.M.N. Construction, Inc. ("N.M.N.") for the policy period October 1, 2003 to October 1, 2004. Except as so admitted, Liberty Mutual denies the remaining allegations of paragraph 9.

10. Answering paragraph 10 [misnumbered "9"] of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to what purportedly "induced" Plaintiffs to procure workers' compensation insurance policies from Liberty Mutual, and on that basis, denies those allegations. Liberty Mutual denies the remaining allegations of paragraph 10.

11. Answering paragraph 11 [misnumbered "10"] of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to those allegations, and on that basis, denies those allegations.

12. Answering paragraph 12 [misnumbered "11"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

13. Answering paragraph 13 [misnumbered "12"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

14. Answering paragraph 14 [misnumbered "13"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

15. Answering paragraph 15 [misnumbered "14"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

1  |  16. Answering paragraph 16 [misnumbered "15"] of the Complaint, Liberty Mutual states that the legal duties and relationship between Liberty Mutual and Plaintiffs are governed by the policies issued to those entities as well as applicable statutes and case law. Liberty Mutual denies the remaining allegations of paragraph 16.

17. Answering paragraph 17 [misnumbered "16"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

18. Answering paragraph 18 [misnumbered "17"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

19. Answering paragraph 19 [misnumbered "18"] of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to allegations contained therein relating to Plaintiffs' purported "concerns" and investigation. Liberty Mutual denies the remaining allegations of paragraph 19.

20. Answering paragraph 20 [misnumbered "19"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

21. Answering paragraph 21 [misnumbered "20"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

22. Answering paragraph 22 [misnumbered "21"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

## ANSWER TO FIRST CAUSE OF ACTION

23. Answering paragraph 23 [misnumbered "22"] of the Complaint, Liberty Mutual repeats its response in paragraphs 1 through 22, above.

24. Answering paragraph 24 [misnumbered "23"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

25. Answering paragraph 25 [misnumbered "24"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

26. Answering paragraph 26 [misnumbered "25"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

27. Answering paragraph 27 [misnumbered "26"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

## ANSWER TO SECOND CAUSE OF ACTION

28. Answering paragraph 28 [misnumbered "27"] of the Complaint, Liberty Mutual repeats its response in paragraphs 1 through 27, above.

29. Answering paragraph 29 [misnumbered "28"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

30. Answering paragraph 30 [misnumbered "29"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

31. Answering paragraph 31 [misnumbered "30"] of the Complaint, Liberty Mutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein relating to the actions of Plaintiffs and their "concerns," and on that basis, denies those allegations. Liberty Mutual denies the remaining allegations of paragraph 31.

32. Answering paragraph 32 [misnumbered "31"] of the Complaint, Liberty Mutual denies the allegations contained in that paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations)

33. The Complaint, and each and every purported claim for relief contained therein, is barred to the extent that it seeks relief based on conduct occurring outside of the applicable contractual and non-contractual statutes of

1  limitations, including but not limited to, California Code of Civil Procedure Sections
2  337, 338, 339, 340, and 343.

### SECOND AFFIRMATIVE DEFENSE
(Comparative Fault of Plaintiffs)

34. To the extent the Complaint, and each and every purported claim for relief contained therein, alleges that Plaintiffs suffered any purported injury or damages, such injury and damages were caused by Plaintiffs' own negligence or fault, and Plaintiffs' negligence or fault proximately and concurrently caused and contributed to Plaintiffs' alleged damages, if any. Accordingly, Plaintiffs' recovery of its alleged damages, if any, is barred or reduced by Plaintiffs' negligence and fault under the doctrine of comparative fault.

### THIRD AFFIRMATIVE DEFENSE
(Comparative Fault of Third Parties)

35. To the extent the Complaint, and each and every purported claim for relief contained therein, alleges that Plaintiffs suffered any purported injury or damages, Liberty Mutual is informed and believes and based thereon alleges that such injury and damages, if any, were caused by the negligence and fault of persons and entities other than Liberty Mutual. Plaintiffs' damages, if any, should be reduced to the extent the negligence and fault of the persons and entities other than Liberty Mutual contributed to Plaintiffs' purported damages.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

36. To the extent the Complaint, and each and every purported claim for relief contained therein, alleges that Plaintiffs suffered any purported injury or damages, Liberty Mutual is informed and believes and based thereon alleges that

1  Plaintiffs have failed to take any and all reasonable or necessary actions to avoid or
2  reduce their damages, and any damages awarded to Plaintiffs, if any, must be
3  reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE
(Right to Offset)

37. Liberty Mutual is entitled to offset any amounts owed by Plaintiffs to Liberty Mutual against any recovery by Plaintiffs, if any, in this action.

### SIXTH AFFIRMATIVE DEFENSE
(Waiver of Right to Jury Trial)

38. Plaintiffs have waived any right to a trial by jury of the claims for relief asserted in the Complaint pursuant to an Agreement for Guarantee of Financial Obligations wherein Plaintiffs agreed that any action or proceeding to enforce or defend any rights under any agreement shall be tried before a court and not before a jury.

### SEVENTH AFFIRMATIVE DEFENSE
(Punitive Damages – Failure to State a Claim)

39. Liberty Mutual is informed and believes, and upon that basis alleges, that the Complaint, and each and every alleged claim for relief contained therein, fails to allege facts sufficient to allow the recovery of punitive or exemplary damages from Liberty Mutual.

### EIGHTH AFFIRMATIVE DEFENSE
(Punitive Damages – Procedural Due Process)

40. Liberty Mutual is informed and believes, and upon that basis alleges, that to the extent Plaintiffs' Complaint seeks punitive or exemplary damages

against Liberty Mutual, it violates the rights of Liberty Mutual to procedural due process under the Fourteenth Amendment of the Constitution of the United States and/or Section 7 of Article I of the constitution of the State of California, and therefore fails to state a claim for relief upon which punitive damages may be awarded.

### NINTH AFFIRMATIVE DEFENSE
(Punitive Damages – Protection from Excessive Fines)

41. Liberty Mutual is informed and believes, and upon that basis alleges, that to the extent Plaintiffs' Complaint seeks punitive or exemplary damages against Liberty Mutual it violates the rights of Liberty Mutual to protection from "excessive fines" as provided in the Eighth Amendment of the United State Constitution, and Article I, Section 17 of the Constitution of the State of California, and violates the rights of Liberty Mutual to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and in the California Constitution, and therefore fails to state a claim for relief upon which punitive or exemplary damages may be awarded.

### TENTH AFFIRMATIVE DEFENSE
(Punitive Damages – No Ratification)

42. Liberty Mutual is informed and believes, and upon that basis alleges, that at no time relevant to this litigation did Liberty Mutual ratify or approve any alleged malicious, fraudulent or oppressive acts of any of its employees or agents, and that Plaintiffs' request for punitive damages is therefore barred as a matter of law.

//
//
//

WHEREFORE, Liberty Mutual prays for relief as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That Liberty Mutual be awarded its reasonable costs incurred herein; and
3. That Liberty Mutual be awarded such other and further relief as this Court deems just and proper.

Dated: October 3, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
FRANK FALZETTA
Attorneys for Defendant
LIBERTY MUTUAL FIRE
INSURANCE COMPANY

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **October 3, 2007**, I served the following document(s) described as **DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Nicholas P. Roxborough, Esq.
Michael L. Phillips, Esq.
Roxborough, Pomerance & Nye LLP
5820 Canoga Ave., Suite 250
Woodland Hills, CA 91367

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 3, 2007**, at Los Angeles, California.

ANDREA J. HERNANDEZ

W02-WEST:LH4\400453783.1              -1-