1  FRANK FALZETTA, Cal. Bar No. 125146
   SCOTT SVESLOSKY, Cal. Bar No. 217660
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 48th Floor
3  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
4  Facsimile:  213-620-1398
   ffalzetta@sheppardmullin.com
5  ssveslosky@sheppardmullin.com

6  TED C. LINDQUIST, III, Cal. Bar No. 178523
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4109
8  Telephone:  415-434-9100
   Facsimile:   415-434-3947
9  tlindquist@sheppardmullin.com

10 Attorneys for Defendant and Counterclaimant
   LIBERTY MUTUAL FIRE INSURANCE
11 COMPANY

12               UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14 LARGO CONCRETE, INC., a California Corporation; N.M.N. 15 CONSTRUCTION, INC., a California Corporation, <br><br> 16 <br> Plaintiffs, <br> 17 <br> v. <br> 18 <br> LIBERTY MUTUAL FIRE 19 INSURANCE COMPANY, a Massachusetts Corporation, and DOES 20 1 through 100, inclusive. <br><br> 21 Defendants. <br><br> 22 <br> 23 <br> AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR) <br><br> Hon. Charles R. Breyer <br> [Complaint Filed:  September 10, 2007] <br><br> **DECLARATION OF MELODEE YEE IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE FROM REPRESENTING PLAINTIFFS** <br><br> Date:   November 30, 2007 <br> Time:   10:00 a.m. <br> Place:   Courtroom 8 |

24

25

26

27

28

1

2                          **DECLARATION OF MELODEE YEE**

3              I, Melodee Yee, declare as follows:

4

5              1.      I am an attorney duly admitted to practice before this Court.  I

6      have personal knowledge of the facts set forth below and, if called and sworn as a

7      witness, could and would testify competently thereto.

8

9              2.      I am currently an attorney with Grace, Cosgrove & Schirm

10     ("GCS").  Prior to my employment with GCS I practiced law with Kern & Wooley

11     LLP.  During my employment with Kern & Wooley the firm was coverage counsel

12     for Liberty Mutual Fire Insurance Company and its affiliates (collectively the

13     "Liberty Mutual companies").  A significant part of my legal practice during that

14     time involved representing the Liberty Mutual companies in litigated and non-

15     litigated matters, including insurance coverage disputes, "bad faith" claims and other

16     related matters.

17

18             3.      For a period of time, Craig S. Pynes and I were both associates at

19     Kern & Wooley working in the practice group which represented the Liberty Mutual

20     companies.  I now understand that he practices with the firm of Roxborough,

21     Pomerance & Nye (the "Roxborough firm") in Woodland Hills, California.

22

23             4.      One of the cases in which Mr. Pynes and I represented the

24     Liberty Mutual Companies was <u>Tony's Fine Foods, Inc. v. Liberty Mutual Insurance</u>

25     <u>Co.</u>, Alameda County Superior Court Case No. 2002067108, filed on October 1,

26     2002.  A true and correct copy of plaintiff's complaint filed in the <u>Tony's Fine Foods</u>

27     case is attached to this declaration as Exhibit A.

28

5.     As discussed with the supervising attorney on the <u>Tony's Fine Foods</u> matter, Mr. Pynes was assigned a specific project to (i) review the Liberty Mutual companies' workers' compensation claim files, (ii) conduct a privilege review, (iii) make sure that any sensitive information was redacted, (iv) make a legal determination as to what documents were privileged, protected or otherwise immune from discovery, and (v) prepare a privilege log in that case. I discussed the assignment with Mr. Pynes before he began the project. At a later point in time I received a draft privilege log prepared by Mr. Pynes pursuant to this assignment.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct.

Executed this 22 day of October 2007 at Los Angeles, California.



MELODEE YEE

W02-WEST:1SCS1\400486410.2                    2

# EXHIBIT A

916 363 2019   PAGE.04
1986331

1   Andrew E. Bakos, SBN 151250
    Law Office of Andrew E. Bakos
2   3353 Bradshaw Road, Suite 116
    Sacramento, CA  95827
3   Ph (916) 363-2889
    Fax (916) 363-2019
4
    Attorney for Plaintiff,
5   TONY'S FINE FOODS, INC.

FILED
ALAMEDA COUNTY

OCT 1 2002

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF ALAMEDA

9                          [Unlimited Civil]

10                          --ooOoo--

                                        2 0 0 2 0 6 7 1 0 8

11  TONY'S FINE FOODS, INC., a California      CASE NO.
    Corporation,
12                                            COMPLAINT FOR BREACH OF
                   Plaintiff,                 CONTRACT, BREACH OF THE DUTY
13                                            OF GOOD FAITH AND FAIR
           vs.                                DEALING, NEGLIGENCE,
14                                            VIOLATION OF THE UNFAIR
                                              PRACTICES ACT (B&PC §17200, et
15  LIBERTY MUTUAL INSURANCE                  sec.)
    COMPANY, a Corporation, LIBERTY
16  INSURANCE CORPORATION, a
    Corporation, ANDREA BURTON, and           DEMAND FOR JURY TRIAL
17  DOES 1 through 100, Inclusive,

18                 Defendants.

                                              BY FAX

19

20

21  COMES NOW, plaintiff TONY'S FINE FOODS, INC., (hereinafter "TONY'S"), and alleges as

22  follows:

23                          INTRODUCTION

24     1. That at all times herein mentioned, plaintiff TONY'S was a corporation duly organized

25  and existing and doing business within the state of California.

26

27

28              COMPLAINT FOR DAMAGES

Filed By
Fax & File

1       2. Plaintiff is informed and believes, and on that basis alleges, that defendant LIBERTY

2   MUTUAL INSURANCE COMPANY and LIBERTY INSURANCE CORPORATION

3   (hereinafter collectively referred to as "LIBERTY") at all times herein relevant were, and now are,

4   corporations licensed to do business and actually doing business as insurers and issuing insurance

5   Policies in the State of California, with its principal place of business in Boston, Massachusetts and

6   Vermont, respectively.

7       3. Plaintiff is informed and believes, and on that basis alleges, that defendant ANDREA

8   BURTON at all times herein relevant was, and now is, an employee of LIBERTY, and is a

9   resident of Alameda County, State of California.

10      4. That the true names or capacities, whether individual, corporate, associate, or

11  otherwise, of defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff

12  TONY'S at this time, who therefore sue said defendants by such fictitious names. TONY'S is

13  informed and believe and thereon allege that each of the defendants designated here as a DOE is

14  legally responsible in some manner for the events and happenings herein referred to, and legally

15  caused injury and damages proximately thereby to TONY's as herein alleged. Plaintiff will seek

16  leave of this Court to amend this Complaint to insert their true names and capacities in place and

17  instead of the fictitious names when the same become known to plaintiff.

18      5. That at all times herein mentioned, each and every defendant herein was the agent,

19  servant, employee, partner, parent company, and/or joint venturer of the other defendants herein;

20  that at all said times, each of said defendants was acting within the course and scope of said

21  agency, service, employment, partnership, parent company, and joint venture.

22                          **GENERAL ALLEGATIONS**

23      6. From April 1, 1997 to April 1, 1999, in return for substantial premiums, LIBERTY,

24  through their agent(s), located in California, sold TONY'S annual liability insurance policies which

25  provided insurance coverage for, among other things, worker's compensation and employers

26  liability, as defined in the policies. Said definitions include the following:

27                                    2

28                          COMPLAINT FOR DAMAGES

1　**PART ONE—WORKERS COMPENSATION INSURANCE**

2　... C. We will defend:

3　　We have the right and duty to defend at our expense any claim, proceeding or suit against

4　you for benefits payable by this insurance. We have the right to investigate and settle these

5　claims, proceedings, or suits.

6　　7. That at all times herein mentioned, LIBERTY, through its duly authorized agents,

7　executed and delivered to TONY'S the following policies of insurance:

8　　(a) Workers' Compensation and Employer's Liability policy No. WC7-161-038258-017

9　(Exhibit A—Information Page) on which TONY'S FINE FOODS is the named insured and

10　therefore qualifies as an insured; and,

11　　(b) Workers' Compensation and Employer's Liability policy No. WC7-161-038258-018

12　(Exhibit B-Information Page) on which TONY'S FINE FOODS is the named insured and

13　therefore qualifies as an insured.

14　　8. The policies were entered in to by LIBERTY and TONY'S and required payment of

15　benefits for a total amount to be shown at the time of trial.

16　　9. TONY'S has paid all premiums due under the policies to LIBERTY at all relevant times

17　and has performed all required obligations under the policies.

18　　10. That at all times mentioned, LIBERTY employed insurance adjustors, either

19　independently or internally to assist defendants in the handling of the worker's compensation

20　claims including the investigation into said claims, communicating with TONY's, and advising

21　LIBERTY as to how the claims were being managed and processed, evaluated, and

22　recommendations made; that at all times herein mentioned LIBERTY, its agents and employees,

23　were acting in the course and scope of their agency and employment with defendants.

24　　11. That at all relevant times, LIBERTY's conduct described herein was undertaken by the

25　corporate officers or managing agents, identified herein as DOES 1 through 25, inclusive, who

26　were responsible for advertising, underwriting, claims operation and management, communications

27　　　　　　　　　　　3

28　　　　　　**COMPLAINT FOR DAMAGES**

10/01/02 TUE 12:52 FAX 916 363 2019     MARK STAWICKI                         ☑002

1  and/or decisions, on behalf of said defendants. The conduct of said managing agents and

2  individuals was undertaken on behalf of said defendants. LIBERTY had advance knowledge of the

3  actions and conduct of said individuals and agents whose actions and conduct were ratified,

4  authorized, and approved by managing agents and by other corporate officers, directors or

5  managing agents whose precise identities are unknown to plaintiff at this time and are therefor

6  identified and designated herein as DOES 1 through 25, inclusive.

7      12.  That at all times mentioned, each of the defendants was an agent, employee, partner,

8  or otherwise legally acting for the other defendants and was in the course and scope of their

9  agency, employment, and partnership or legal relationship.

10      13.  That at all times relevant to this action, there were in full force and effect certain

11  Worker's Compensation Insurance Policies (hereinafter "POLICY") issued by LIBERTY to

12  TONY's. A copy of the Information Page for the POLICY years 1997 and 1998 are attached

13  hereto and incorporated herein by reference as Exhibits "A" and "B" respectively. The POLICY

14  was entered into by TONY'S within the jurisdiction of the above entitled court and required the

15  payment of benefits within the jurisdiction of the above entitled court for a total amount to be

16  shown at the time of trial.

17      14.  Said POLICY, among other things, insured risks associated with the filing of employee

18  worker's compensation claims against TONY's and for employee benefit related losses thereto.

19  Said POLICY imposed a duty on behalf of defendants, and each of them, to defend at defendant's

20  expense any claim, proceeding or suit against TONY's and evaluate and conclude worker's

21  compensation claims under the laws of the State of California, including, but not limited to

22  appropriately managing the worker's compensation claims made by employees of TONY's.

23      15.  During the period that LIBERTY handled TONY's claims for the years 1997 and

24  1998, employees of TONY's made claims for worker's compensation benefits under the laws of

25  the State of California, hereinafter collectively referred to as ("CLAIMS").

26      16.  The POLICY was entered into by TONY's on or about April 1, 1997 and was

27                                             4

28  _____

                              COMPLAINT FOR DAMAGES

OCT 01 2002 14:07                              916 363 2019       PAGE.02

1  subsequently renewed in a timely manner. The POLICY remained in effect at all relevant times

2  since its inception; all premiums due under the policy have been paid and all conditions on the part

3  of TONY'S to be performed have been performed by them during the relevant periods of time as

4  alleged herein

5      17. The defendants, and each of them, failed to properly manage and defend said CLAIMS

6  during and subsequent to the policy periods.

7      18. In or about February 2001, TONY'S learned that a disproportionate amount of loss

8  was assigned to the CLAIMS made against the POLICY resulting in damages to TONY'S,

9  including an unreasonably high experience modification rate that was assigned to the CLAIMS

10  submitted on behalf of TONY'S as well as an unreasonable increase in total reserves required

11  under the POLICIES while managed by LIBERTY.

12      19. In or about February of 2001, TONY's learned that their total open reserves for

13  CLAIMS made during the policy periods was approximately $1,000,000.00. That TONY's

14  learned that their year 2000 experienced modification rate exceeded the Cal/OSHA TICF

15  assessment levels by almost 20% as a result of the alleged mishandling of CLAIMS for the 1997

16  and 1998 years by the defendants, and each of them. That in or about April of 2001, TONY's

17  received CLAIMS status reports from the defendants, and each of them, which indicated a failure

18  to appropriately defend, failure to appropriately oversee the CLAIMS handling process, and a

19  failure by the defendants, and each of them to manage appropriately the CLAIMS during the

20  pendency of the CLAIMS and after April of 1999.

21      20. That as an example, with respect to three CLAIMS arising during the policy period

22  years of 1997 and 1998, the total reserves increased by factors of 2.21, 2.75, and 13.8 respectively.

23  That had the defendants, and each of them appropriately managed and defended said CLAIMS,

24  TONY's year 2000 experience modification (as well as subsequent year experience modifications)

25  would be well below the Cal/OSHA limit of 125%.

26      21. That as a result of the defendants, and each of their failure to appropriately manage

27                                          5

28                          COMPLAINT FOR DAMAGES

1   and defend said CLAIMS, Cal/OSHA TICF assessed a fine against TONY's pursuant to the Cal/

2   OSHA TICF rules and regulations, notwithstanding the fact that TONY's safety program has

3   improved dramatically since 1998. That TONY's experience modification rates have increased

4   inordinately since the two policy terms have entered the experience rating system. That as a result

5   of the defendants, and each of their neglect and failure to appropriately manage and defend said

6   CLAIMS, TONY's has been added to Cal/OSHA's target list and assessed a fine. That as a

7   further result of the neglect and failure by the defendants, and each of them to appropriately

8   manage and control said CLAIMS, TONY's premiums have dramatically increased due in large

9   part to excessive experience modifications as well as to the additional increase in the underwriting

10  impact of loss ratios which have been falsely distorted due to the mishandling, neglect and failure

11  by the defendants, and each of them to appropriately manage the CLAIMS made during the policy

12  as well as subsequent thereto.

13          22. That on or about February of 2001 through June of 2001, TONY's made repeated

14  requests to the defendants, and each of them for status updates and an explanation as to why

15  TONY's modification rates were excessive and why the amount of reserves was needed to process

16  such few CLAIMS that were made during the policy periods.

17          23. That on or about June of 2001, the defendants, and each of them set up a CLAIMS

18  review session with TONY's for the purpose of explaining to TONY's the defendants position in

19  processing CLAIMS and falsely leading TONY's to believe that said CLAIMS were appropriately

20  handled and appropriately processed in full compliance under the California Worker's

21  Compensation CLAIMS proceedings.

22          24. That on or about June of 2001 and thereafter, LIBERTY has failed to demonstrate and

23  respond to TONY's request for a full evaluation of the CLAIMS being handled by LIBERTY to

24  explain why TONY's modification rates and reserves are unreasonably disproportionate to the

25  injured workers CLAIMS.

26          25. That at all times herein mentioned, LIBERTY failed to cause TONY's worker's

27                                              6

28  _____

                        COMPLAINT FOR DAMAGES

1  compensation CLAIMS to be timely managed, appropriately defended such that the CLAIMS

2  were allowed to be unreasonably inflated exposing TONY's to higher modification rates and

3  increased reserves all as a result of LIBERTY's failure to properly manage said CLAIMS.

4      26.  As a result of the aforementioned acts and failures to act resulting in the increase in

5  modification rates and increase in the company reserves from the CLAIMS, the plaintiffs were

6  required to incur great expense in an effort to investigate the CLAIMS on their own in an attempt

7  to correct the erroneous modification rates placed upon TONY's.  Further, TONY's credit

8  reputation was damaged in the community as a result of the unreasonably high reserves that were

9  required to be set along with the penalties associated with an unreasonably high modification rate

10  damaging TONY's credit and financial reputation in the industry.

11      27.  That as a result of the failure by LIBERTY to appropriately manage and defend the

12  worker's compensation CLAIMS made, agents and employees of LIBERTY agreed that under the

13  terms of the POLICY that plaintiffs were entitled to compensation for the mishandling and

14  inappropriate handling of the CLAIMS by LIBERTY; later defendant LIBERTY advised that they

15  would not compensate TONY's for any damages associated with the mishandling of the CLAIMS

16  and in fact, state now that the CLAIMS were handled appropriately and therefore no damages

17  were incurred by TONY's as a result of any actions or inactions by LIBERTY.

18      28.  That at all times herein mentioned, LIBERTY was required to manage and defend

19  TONY's worker's compensation CLAIMS at least up to the standards in the industry for the

20  management and defense of such CLAIMS and the failure to do so by LIBERTY has caused

21  TONY's substantial loss as herein set forth.

22      29.  That at all times herein mentioned, TONY's has been caused to incur and will continue

23  to suffer consequential, incidental, out-of-pocket, and attorney expenses in a sum to be determined

24  at the time of trial.

25

26

27                                    7

28 ─────────────────────────────────────────────
                          COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**(Breach of Contract against LIBERTY, ANDREA BURTON and DOES 1 through 100)**

30. Plaintiff hereby incorporates each and every paragraph of the general allegations as though fully set forth in this court.

31. That at all times mentioned, TONY's was insured by LIBERTY under their insurance POLICY, that the POLICY provided to pay coverage for worker's compensation CLAIMS and all management and defense of worker's compensation CLAIMS in accordance with the minimum standards in the State of California for defending worker's compensation CLAIMS, and other items of coverage.

32. That TONY's performed all the duties on their part to be performed under the insurance contract including the payment of premiums.

33. That on or about 1997 and 1998, TONY's employees suffered accidental injuries and CLAIMS and losses compensable under the terms of the POLICY in that the employees were injured on the job causing said employees to make CLAIMS for worker's compensation as provided for under the terms of the POLICY.

34. That TONY's promptly notified liberty of each of the employees CLAIMS under the POLICY and complied with all the terms and conditions of the policy including submitting any and all documents and forms requested by LIBERTY in connection with each of the CLAIMS made in 1997 and 1998.

35. On or about June of 2001, in response to TONY's request for information as to why the reserves had been set so high on the CLAIMS processed by LIBERTY, and as to why Cal/OSHA had penalized TONY's with respect to said CLAIMS, LIBERTY refuses and refused, and continues to deny that any CLAIMS mishandlings were involved at all leading to the increase in reserves and/or increase in modification rate as stated herein.

36. As a direct and proximate result of LIBERTY's breach of the subject insurance contract, by failing to appropriately defend and manage said worker's compensation CLAIMS,

8

COMPLAINT FOR DAMAGES

1    TONY's has suffered contractual damages under the POLICY and other incidental and

2    consequential damages and expenses, all in a sum to be determined at the time of trial.

3                          SECOND CAUSE OF ACTION

4              (Breach of the Duty of Good Faith and Fair Dealing

5              against LIBERTY, ANDREA BURTON and DOES 1 through 100)

6        As and for a separate and distinct Second Cause of Action, plaintiff complains against

7    defendants LIBERTY, ANDREA BURTON, and DOES 1 through 100, inclusive, as follows.

8        37.  TONY's hereby incorporate by reference all of the allegations set forth in the general

9    allegations and the first count as though fully set forth herein.

10       38. The POLICIES created an implied covenant of good faith and fair dealing under which

11   defendants undertook not to engage in any acts, conduct or omissions that would impair or

12   diminish the rights and benefits due TONY'S under the POLICIES, and defendants, and each of

13   them, tortuously breached the implied covenant of good faith and fair dealing by, among other

14   things:

15       (a) engaging in the acts and omissions stated above;

16       (b) misstating the nature and extent of the insurance coverage available under the Policies;

17   and, using improper and inapplicable standards and unduly restrictive interpretations of Policy

18   language to deny or reduce available coverage;

19       (c) Unreasonably and in bad faith failing to appropriately defend the worker's

20   compensation CLAIMS made by injured employees of TONY's for the calendar years 1997 and

21   1998, and subsequent oversight thereafter, at the time when LIBERTY knew that the failure to so

22   appropriately defend said worker's compensation CLAIMS would cause damage to TONY's in the

23   form of unreasonable modification rates being and unreasonable reserves being required to be set

24   for said CLAIMS;

25       (d) Unreasonably and in bad faith frustrating or withholding the appropriate services of

26   employees of LIBERTY to appropriately defend the worker's compensation CLAIMS made

27                                    9

28                          COMPLAINT FOR DAMAGES

1   against TONY's by its employees knowing all the while that TONY's losses were fully covered
2   under the POLICY and applicable California Law;

3       (e) Unreasonably and in bad faith failing to employ or utilize the appropriate personnel in
4   response to each and every CLAIM made by employees of TONY's for the calendar years 1997
5   and 1998, and subsequent oversight thereafter, as required under the POLICY to moderate
6   TONY's exposure under the CLAIMS;

7       (f) Unreasonably and in bad faith refusing to allow timely medical testing of the injured
8   worker's medical condition knowing that the failure to do so would cause unreasonable and
9   improper results to be reached with respect to ratings of each of the employees that made
10  CLAIMS against TONY's and for benefits under the POLICY to be defended by LIBERTY.
11  Further, unreasonably and in bad faith failing to obtain the appropriate personnel to defend the
12  CLAIMS of the injured employees against TONY's so as to minimize TONY's exposure pursuant
13  to the POLICY, thereby causing an increase in the reserves required to be set for the CLAIMS
14  made during the calendar years 1997 and 1998, and subsequent oversight thereafter, and penalizing
15  TONY's on their modification rate all causing damage to TONY's credit worthiness in the
16  community;

17      (g) Unreasonably and in bad faith asserting that all CLAIMS submitted by TONY's for the
18  calendar years 1997 and 1998, and subsequent oversight thereafter, were adequately worked up,
19  defended and processed despite having no information or evidence to support said position in that
20  the CLAIMS clearly were not defended and managed according to the minimum standards for
21  defense of worker's compensation claims in the industry.

22      (h) Unreasonably and in bad faith failing to reasonably and timely investigate and defend
23  and process the worker's compensation CLAIMS made against TONY's under the POLICY,
24  failing to order testing, delaying authorization and necessary medical testing and treatment to
25  defend injured employees CLAIMS as required at a minimum to appropriately defend and manage
26  the worker's compensation CLAIMS on behalf of TONY's;

27                                    10

28  ─────────────────────────────────────────
                    COMPLAINT FOR DAMAGES

1    (i) Unreasonably and in bad faith ignoring the standards and guidelines concerning the

2    appropriate work up and defense of injured employee worker's compensation CLAIMS by failing

3    to define the nature and scope of the injuries and the need for adequate containment of escalating

4    worker's compensation expenses both during and after the POLICY period;

5    (J) Unreasonably and in bad faith misrepresenting to TONY's the California law applicable

6    to the defense of the worker's compensation CLAIMS made for the calendar years 1997 and 1998

7    and subsequent management of said CLAIMS after April, 1999;

8    (k) Unreasonably and in bad faith failing to adhere to California worker's compensation law

9    in what amounts to a *de facto* denial of benefits to TONY's under the terms of the POLICY;

10    (l) Unreasonably and in bad faith placing LIBERTY's interests ahead of TONY's interests

11    in the handling of said CLAIMS and in failing to investigate and defend said CLAIMS at least as

12    hard to support TONY's interests as LIBERTY did to support LIBERTY's interests.

13    (m) Unreasonably and in bad faith utilizing a scheme or process knowingly designed to

14    maximize TONY's exposure under the CLAIMS while minimizing expense and cost to LIBERTY

15    to enhance LIBERTY's profitability, as set forth in paragraphs 65, 66 and 69 which are

16    incorporated by reference as if fully set forth herein.

17    39. The foregoing acts and omissions were engaged in with the knowledge that coverage

18    and a duty to defend and indemnify TONY'S existed under the POLICY, and in conscious

19    disregard of TONY'S rights under the POLICY.

20    40. As a direct and proximate result of the aforementioned conduct of defendants and each

21    of them, plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be

22    determined according to proof at trial of this matter.

23    41. TONY's is informed and believes and thereon alleges that LIBERTY has breached

24    their duty of good faith and fair dealing owed to TONY's by other acts or omissions of which they

25    are not presently aware; that TONY's reserves the right to amend this complaint to add further

26    acts and omissions of the breach of the covenant of good faith and fair dealing subsequently

27                                    11

28    COMPLAINT FOR DAMAGES

1  discovered.

2      42. The acts alleged were part of defendants and each of their, ordinary business practice

3  designed to keep from paying POLICY benefits which were and are legitimately owed to the

4  plaintiff in order to increase the defendants' profits. In doing so, and in doing the acts set forth

5  above, the defendants acted despicably, willfully, wantonly, oppressively, fraudulently and/or in

6  conscious disregard of plaintiff's rights.

7      43. As a proximate result of the aforementioned wrongful conduct of LIBERTY, TONY'S

8  has suffered and will continue to suffer in the future, damages as a result of not being paid

9  POLICY benefits under the POLICY including interest in an amount according to proof at trial.

10     44. As further direct and proximate result of the aforementioned conduct of defendants and

11  each of them, plaintiff has suffered other special damages in the amounts according to proof at the

12  time of trial.

13     45. As a further and proximate result of the aforementioned wrongful conduct of

14  LIBERTY, TONY'S has suffered and will continue to suffer anxiety, worry, mental and emotional

15  distress, and other incidental damages and out of pocket expenses, all of which to the general

16  damages of TONY's in a sum in excess of the jurisdictional minimum of this court and in a sum to

17  be determined according to proof at the time of trial.

18     46. As a proximate result of the aforementioned wrongful business practices and conduct

19  of LIBERTY, and its violation of its covenant good faith and fair dealing, TONY's has been

20  compelled to retain legal counsel to obtain recovery for what amounts to a *de facto* denial of the

21  benefits due under the POLICY. LIBERTY is liable to TONY'S for attorney fees actually

22  incurred by TONY's to recover compensatory damages as a result of said denial of benefits under

23  the POLICY in a sum to be determined according to proof at the time of trial.

24     47. LIBERTY's business practice and conduct described herein were intended by

25  LIBERTY to cause injury to TONY's, was despicable conduct carried on by LIBERTY with

26  willful and conscious disregard of the rights of its insured, subjecting TONY's to cruel and unusual

27                                    12

28                          COMPLAINT FOR DAMAGES

1   hardship, and were intentional misrepresentations, deceit or concealment of material facts known

2   to LIBERTY with the intent to deprive TONY's of their legal rights or otherwise cause injury; that

3   such conduct constituted malice, oppression or fraud under California Civil Code Section 3294,

4   thereby entitling TONY's to punitive damages in an amount appropriate to punish or set an

5   example for defendants in a sum in excess of the jurisdictional minimum of this court.

6       WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

7   hereinafter set forth below.

8                           THIRD CAUSE OF ACTION

9       (Negligence against LIBERTY, ANDREA BURTON and DOES 1 through 100)

10      As and for a separate and distinct Third Cause of Action, plaintiff complains against

11  defendants LIBERTY, ANDREA BURTON, and DOES 1 through 100, inclusive as follows.

12      48.  TONY's hereby incorporates by reference all of the allegations set forth in the general

13  allegations and the first and second counts as though fully set forth herein, except paragraph 47.

14      49. At all relevant times, defendants knew that plaintiff would be relying upon the

15  accuracy, competence, good faith and expertise of defendants, and each of them, in adjusting

16  plaintiff's CLAIMS and in advising plaintiff of coverage under the POLICY, and so knew of the

17  importance to plaintiff of performing competently and in compliance with the applicable standard

18  of care, with respect to advising, handling, processing, and defending plaintiff's CLAIMS. As

19  such, defendants were under a duty to TONY's to act competently, promptly and in the highest

20  good faith in adjusting plaintiff's CLAIMS and in advising plaintiff as to coverage under the

21  POLICIES.

22      50.  That at all times mentioned, defendants, and each of them, breached their duties as set

23  forth above, and were negligent and careless in performing the defense of the worker's

24  compensation CLAIMS presented for the calendar years 1997 and 1998 and subsequent oversight

25  thereto, by negligently defending TONY's interests and by negligently failing to perform necessary

26  work/investigation to defend TONY's interest by negligently employing, utilizing, supervising, and

27                                    13

28                          COMPLAINT FOR DAMAGES

1  or wrongfully transferring claims to disrupt continuity of handling by employees and adjustors of

2  LIBERTY all to the damage of TONY'S in an amount that will be shown at the time of trial.

3       51. That at all times mentioned, said defendants negligently and carelessly performed their

4  work and services in connection with the defense of TONY's interest under the POLICY thereby

5  causing an increase in reserves and penalties in the experience modification rates assigned to

6  TONY's along with damage of TONY's credit worthiness.

7       52. TONY'S is informed and believes and thereon alleges that defendants, and each of

8  them, have been negligent by other acts or omissions of which TONY'S is presently unaware and

9  which will be shown according to proof at the time of trial.

10      53. As a direct and proximate result of the aforementioned conduct of defendants, and each

11  of them, plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be

12  determined according to proof at trial of this matter.

13      54. As a further direct and proximate result of the negligence of defendants, and each of

14  them, TONY'S has sustained damages for the denial of indemnification benefits under the

15  POLICY, plus interest, and other economic and consequential damages, for a total amount to be

16  shown at the time of trial.

17                      FOURTH CAUSE OF ACTION

18           (Unfair Business Practice Against LIBERTY, ANDREA BURTON

19                      and DOES 1 through 100)

20      As and for a separate and distinct Fourth Cause of Action, plaintiff complains against

21  defendants LIBERTY, ANDREA BURTON, and DOES 1 through 100, inclusive as follows.

22      55. TONY's hereby incorporates by reference all of the allegations set forth in the general

23  allegations and the first, second and third counts as though fully set forth herein.

24      56. Defendants, and each of them, have committed acts of unfair competition as defined by

25  Business and Professions Code sections 17200 et seq., by their conduct as follows:

26      Misleading and Fraudulent Advertising of the Workers' Compensation Policy

27                           14

28                   COMPLAINT FOR DAMAGES

1    57. TONY'S is informed and believes and on that basis alleges that in 1997 through 1999,

2   defendant LIBERTY was an insurance company or companies and that in order to maximize its

3   own profits at the expense of consumers, developed, instituted and engaged in the sale of workers'

4   compensation policies promising to provide comprehensive, complete and adequate liability

5   insurance to California consumers and to market that insurance through its own or outside agents.

6   LIBERTY and its agents marketed these policies so as to maximize potential profits while

7   minimizing any actual liability of exposure by engaging in misleading and fraudulent advertising.

8        58. TONY'S is informed and believes and on that basis alleges that at the time LIBERTY

9   developed and instituted this marketing plan, it intended to exaggerate the coverage promised

10  while at the same time severely limiting the actual coverage provided.

11   .    59. Defendants, by their above-referenced conduct, have engaged in unlawful business

12  practices with respect to TONY'S workers' compensation policies of insurance.

13       60. Plaintiff is informed and believes and on that basis alleges that the unlawful practices

14  alleged above are continuing in nature and are widespread practices engaged in by defendants.

15       61. On behalf of the general public, TONY'S respectfully requests that the Court order that

16  defendants be required to disgorge the profits they have wrongfully obtained through the use of

17  these practices.

18           **Defendant Liberty's Improper Policy and Marketing Manipulations**

19       62.  TONY's is informed and believes and thereon alleges that prior to the purchase of

20  TONY's POLICY, LIBERTY implemented a false, fraudulent and unfair plan or scheme to limit

21  its risk to paying claims while maximizing its profits.  The scheme involved creating, printing and

22  distributing, misleading and fraudulent advertising brochures and/or sales pitches through its agents

23  and employees to sell the POLICIES to customers.

24       63. .TONY's is informed and believes and thereon alleges that by implementing this

25  scheme, LIBERTY has intended to reduce its losses on CLAIMS made under the POLICIES while

26  significantly enhancing the profitability of the coverage for its own gain.

27                                    15

28                      COMPLAINT FOR DAMAGES

67. As a result of LIBERTY's conduct, TONY's purchased the worker's compensation POLICY without receiving the full benefits therefrom. In addition, when employees of TONY's submitted CLAIMS for benefits under the POLICY, LIBERTY's conduct and actions had the effect of a denial of such coverage under the POLICY.

**Misleading and Fraudulent Advertising and Illusory Coverage of the Employer Liability**

**Policy**

68. TONY's is informed and believes and thereon alleges that at least during the years 1991 through 2001, defendant LIBERTY was an insurance company and that in order to maximize its own profits at the expense of consumers, developed, instituted and engaged in the sale of employer liability coverage POLICIES promising to provide comprehensive, complete and adequate worker's compensation liability insurance to California consumers and to market that insurance through its owns agents or through independent agents. That LIBERTY and its agents marketed this coverage so as to maximize potential profits when minimizing or eliminating any actual liability or exposure by engaging in misleading and fraudulent advertising and other unfair business practices as alleged herein and as will be shown at the time of trial.

69. TONY's is informed and believes and thereon alleges that at the time LIBERTY developed and instituted its marketing plan it intended to promise coverage while at the same time severely limiting or eliminating any actual exposure or liability through a calculated scheme of transferring files, hiring and firing claims adjustors and other delays for the purpose of minimizing its exposure or liability at TONY's and other consumer's expense, causing damage to TONY'S and other consumers in an amount that will be shown at the time of trial.

70. Defendants, and each of them, by their above referenced conduct, have engaged in unlawful business practices with respect to TONY's employer liability POLICIES of insurance.

71. TONY's is informed and believes and thereon alleges that the unlawful practices alleged above are continuing in nature and are widespread practices engaged in by the defendants.

72. On behalf of the general public, TONY's respectfully requests that an injunction

. 17

COMPLAINT FOR DAMAGES

PAGE.21     915 363 2019     OCT 01 2002 13:57

1  against defendants, and each of them, issue to enjoin them from continuing to engage in the

2  unlawful conduct alleged herein.

3      73. On behalf of the general public, TONY's respectfully requests that the court order the

4  defendants be required to disgorge the profits they have wrongfully obtained through the use of

5  these unlawful practices.

6      74. TONY's respectfully requests an award of attorney fees upon prevailing in this request

7  for injunctive relief.

8      WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

9      1.  Damages for failure to provide the appropriate level of insurance to TONY's under the

10  POLICY, plus interest, including prejudgment interest, in a sum to be determined at the time of

11  trial;

12      2.  General damages for mental and emotional distress and other incidental damages and

13  out of pocket expenses in a sum in excess of the jurisdictional minimum of this court and according

14  to proof at the time of trial;

15      3.  With respect to the second count, punitive and exemplary damages in an amount

16  appropriate to punish or set an example of defendants and others to not engage in similar conduct;

17      4.  With respect to the fourth count, for a permanent injunction against defendants, and

18  each of them, restraining, preventing and enjoining defendants from engaging in the illegal

19  practices alleged and, for an order requiring defendants, and each of them, to disgorge the profits

20  they wrongfully obtained through the use of their illegal practices.

21      5.  For attorneys' fees reasonably incurred to obtain recovery of POLICY benefits and

22  other damages as a result of defendants conduct according to proof;

23      6.  For costs of suit incurred herein; and

24      7.  For such other and further relief as the court deems just and proper.

25

26

27                          18

28                  COMPLAINT FOR DAMAGES

10/01/02 TUE 12:43 FAX 916 363 2019     MARK STANICKI     @021



## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.

LAW OFFICE OF ANDREW E. BAKOS

Dated: 9-30-02

Andrew E. Bakos
Attorney for Plaintiff
TONY'S FINE FOODS, INC.

19

COMPLAINT FOR DAMAGES

ISSUED PLEASANTON
INFORMATION PAGE

**LIBERTY MUTUAL**

Workers Compensation and
Employers Liability Policy

Liberty Mutual Insurance Group/Boston

| ACCOUNT NO. | SUB ACCT NO. | |
|---|---|---|
| 03 82 58 | 0000 | LIBERTY INSURANCE CORPORATION  21814 |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YEAR |
|---|---|---|---|---|---|---|---|
| WC7-161-038258-017 | 92/4 | SACRAMENTO | 608 | NAGLER R | 7744 | 1 | 97 |

Item 1. Name of TONY'S FINE FOODS
Insured    3575 REED AVE
           WEST SACRAMENTO, CA 95605                    FEIN 941583721
Address

Status    CORPORATION

Other workplaces not shown above:

| Item 2. Policy Period: From | Mo. 04 | Day 01 | Year 97 | to | Mo. 04 | Day 01 | Year 98 |
|---|---|---|---|---|---|---|---|
| | 12:01 AM | | | standard time at the address of the insured as stated herein. | | | |

Item 3. Coverage

A.   Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states
     listed here:

       CA

B.   Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits
     of our liability under Part Two are:
          Bodily Injury by Accident  $  1,000,000   each accident
          Bodily Injury by Disease   $  1,000,000   policy limit
          Bodily Injury by Disease   $  1,000,000   each employee

C.   Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
     ALL STATES EXCEPT THOSE LISTED IN ITEM 3A AND THE STATES OF
     ND NV OH WA WV WY AK

D.   This policy includes these endorsements and schedules:   SEE EXTENSION OF INFORMATION PAGE

Item 4. Premium — The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates
and Rating Plans. All information required below is subject to verification and change by audit.

| | | | Premium Basis Estimated Total Annual Remuneration | Rates Per 100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|---|
| | | | | | LINE 110 |
| Classifications | | Code No. | | | |
| SEE EXTENSION OF INFORMATION PAGE | | | | | |
| CA WC ADMIN SURCHARGE & | | | | 209 | |
| CA FRAUD SURCHARGE | | | | 356 | |

| Minimum Premium $ 757  (CA) | Total Estimated Annual Premium $ | 108,117 |
|---|---|---|
| Interim adjustment of premium shall be made: ANNUALLY | Deposit Premium $ | 108,117 |

*N*4N00*  SCPP

This policy, including all endorsements issued therewith, is hereby countersigned by

Authorized Representative          Date 04/08/97

| Loc. Code | Tot. Com. | B J S | Audit Basis | Periodic Payment | Rating Basis | Pol. H.O. | Home Rate | Dividend | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 04/08/97 | 1 | | | NR | | CA | | NEW | |

Copyright 1987 National Council on Compensation Insurance

EXH "A"

ISSUED PLEASANTON
INFORMATION PAGE

**LIBERTY MUTUAL**

Workers Compensation and
Employers Liability Policy

Liberty Mutual Insurance Group/Boston
LIBERTY INSURANCE CORPORATION    21814

| ACCOUNT NO. | SUB ACCT NO. |
|---|---|
| 03 82 58 | 0000 |

| POLICY NO. | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | CODE | N/R | 1ST YEAR |
|---|---|---|---|---|---|---|---|
| WC7-161-038258-018 | 92/2 | SACRAMENTO | 608 | NAGLER | R | 7744 | 2 | 97 |

Item 1. Name of    TONY'S FINE FOODS
Insured    3575 REED AVE
WEST SACRAMENTO, CA 95605                FEIN 941583721

Address

Status    CORPORATION

Other workplaces not shown above:    SEE ITEM FOUR

Item 2. Policy Period: From    Mo. 04  Day 01  Year 98    to    Mo. 04  Day 01  Year 99
12:01 AM    standard time at the address of the insured as stated herein.

Item 3. Coverage
   A.  Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:
      AZ CA UT

   B.  Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:
      Bodily Injury by Accident  $  1,000,000   each accident
      Bodily Injury by Disease   $  1,000,000   policy limit
      Bodily Injury by Disease   $  1,000,000   each employee

   C.  Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
      ALL STATES EXCEPT THOSE LISTED IN ITEM 3A AND THE STATES OF
      ND NV OH WA WV WY AK

   D.  This policy includes these endorsements and schedules:    SEE EXTENSION OF INFORMATION PAGE

Item 4. Premium — The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | | Code No. | Premium Basis Estimated Total Annual Remuneration | Rates Per $100 of Remuneration | Line 110 Estimated Annual Premium |
|---|---|---|---|---|---|
| SEE EXTENSION OF INFORMATION PAGE | | | | | |
| CA WC ADMIN SURCHARGE | # | 232 | | | |
| CA FRAUD SURCHARGE | # | 376. | | | |
| Minimum Premium $ 719   (CA) | | | Total Estimated Annual Premium $ | | 131,659 |
| Interim adjustment of premium shall be made: ANNUALLY | | | Deposit Premium $ | | 131,659 |

*N#4N00#  SCPP

This policy, including all endorsements issued therewith, is hereby countersigned by _____ Authorized Representative   Date 04/07/98

| Loc. Code | Turn. Oper. M A V | Assm Basis | Periodic Payment | Rating Basis | Pol. H.G. | Name State | Distance | RENEWAL OF |
|---|---|---|---|---|---|---|---|---|
| 1 | 04/07/98 | 1 | | NR | | CA | | WC7-161-038258-017 |

GPO 4189 A1                                                                                    WC 00 00 01 A

Copyright 1987 National Council on Compensation Insurance

"Exh 'D'"

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

   I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope

4

Street, 48th Floor, Los Angeles, California 90071-1448.

5

   On **October 23, 2007**, I served the following document(s) described as **DECLARATION OF MELODEE YEE IN SUPPORT OF DEFENDANT AND**

6

**COUNTERCLAIMANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE FROM**

7

**REPRESENTING PLAINTIFFS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

8

9

   Nicholas P. Roxborough, Esq.
   Michael L. Phillips, Esq.

10

   Roxborough, Pomerance & Nye LLP
   5820 Canoga Ave., Suite 250
   Woodland Hills, CA 91367

11

12

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited

13

with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on

14

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

15

affidavit.

16

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package

17

designated by the overnight service carrier.

18

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of

19

perjury under the laws of the United States of America that the foregoing is true and correct.

20

   Executed on **October 23, 2007**, at Los Angeles, California.

21

22

23

ANDREA J. HERNANDEZ

24

25

26

27

28