Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq.  (Bar No. 232978)
ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:   (818) 992-9999
Facsimile:   (818) 992-9991
E-Mail:      npr@rpnlaw.com
             mlp@rpnlaw.com

Attorneys for Plaintiffs/Counter-Defendant LARGO
CONCRETE, INC., and N.M.N CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>                    Plaintiffs,<br><br>          v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>                    Defendants.<br><br>────────────────────────────<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin Corporation,<br><br>          Counterclaimant,<br><br>          v.<br><br>N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>          Counter-Defendant. | Case No.  C07-04651 CRB (ADR)<br><br>**N.M.N. CONSTRUCTION, INC.'S ANSWER TO COUNTERCLAIM**<br><br>*The Hon. Charles R. Breyer*<br><br>Complaint filed on September 10, 2007 |

Plaintiff and Counter-Defendant N.M.N. CONSTRUCTION, INC. ("N.M.N.")

hereby answers the counterclaim of Defendant and Counterclaimant, LIBERTY

MUTUAL FIRE INSURANCE COMPANY, ("Liberty") as follows:

/ / /

# FIRST COUNTERCLAIM FOR RELIEF

1.    Responding to paragraph 1, N.M.N. is informed and believes that the allegations are true and on that basis, admits the allegations contained therein.

2.    Responding to paragraph 2, N.M.N. admits the allegations contained therein.

3.    Responding to paragraph 3, N.M.N. is informed and believes that the allegations are true and on that basis, admits the allegations contained therein.

4.    Responding to paragraph 4, N.M.N. admits the allegations contained therein.

5.    Responding to paragraph 5, N.M.N. admits that Liberty issued a policy of workers compensation insurance to N.M.N. for the period of October 1, 2003 to October 1, 2004 and that a copy of such policy is attached to the counterclaim as Exhibit "A" and that the policies speak for themselves.  Except as so expressly admitted, this defendant denies all the allegations contained therein.

6.    Responding to paragraph 6, N.M.N. alleges that the terms and conditions of the Policies are stated therein and speak for themselves.  Except as so expressly alleged, this defendant denies all the allegations contained therein.

7.    Responding to paragraph 7, N.M.N. alleges that the terms and conditions of the Policies are stated therein and speak for themselves.  Except as so expressly alleged, this defendant denies all the allegations contained therein.

8.    Responding to paragraph 8, N.M.N. alleges that the terms and conditions of the Policies are stated therein and speak for themselves.  Except as so expressly alleged, this defendant denies all the allegations contained therein.

9.    Responding to paragraph 9, N.M.N. admits that on or about May 10, 2006 Liberty sent N.M.N. a bill in the amount of $462,701 with payment due by May 30, 2006.  As to the remaining allegations contained within paragraph 9, N.M.N. lacks sufficient information to either admit or deny these allegations and on that basis they are denied.

10.    Responding to paragraph 10, N.M.N. admits that on or about June 29, 2006 N.M.M. paid $100,000 to Liberty.  As to the remaining allegations contained therein, they are denied.

11.    Responding to paragraph 11, N.M.N. admits that on or about May 18, 2007 Liberty sent N.M.N. a bill in the amount of $131,224 with payment due by June 7, 2007. As to the remaining allegations contained within paragraph 11, N.M.N. lacks sufficient information to either admit or deny these allegations and on that basis they are denied.

12.    Responding to paragraph 12, N.M.N. lacks sufficient information to either admit or deny these allegations and on that basis they are denied.

13.    Responding to paragraph 13, N.M.N. denies all the allegations contained therein.

14.    Responding to paragraph 14, N.M.N. denies all the allegations contained therein.

15.    Responding to paragraph 15, N.M.N. denies all the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

16.    As a first affirmative defense, the Counterclaim does not state facts sufficient to constitute a cause of action against N.M.N. under any legal theory.

## SECOND AFFIRMATIVE DEFENSE

17.    As a second affirmative defense, N.M.N. asserts Liberty has acted with unclean hands and such actions are directly related to the claims in the Counterclaim and precludes Liberty from pursuing the claims in the Counterclaim. Therefore, Liberty is barred from seeking relief by the Doctrine of Unclean Hands.

## THIRD AFFIRMATIVE DEFENSE

18.    As a third affirmative defense, N.M.N. believes, and based upon such information and belief, alleges that Liberty is estopped in seeking the relief herein due to its own acts and/or omissions with reference to the subject matter of the Counterclaim.

## FOURTH AFFIRMATIVE DEFENSE

19.    As a fourth affirmative defense, N.M.N. believes and based upon such information and belief alleges that Liberty has waived its alleged right to seek relief herein due to its own acts and/or omissions with reference to the subject matter of the Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

20.    As a fifth affirmative defense, the Counterclaim on file herein fails to state a cause of action against N.M.N. in that it is barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

21.    As a sixth affirmative defense, Liberty's Counterclaim is barred as it is against public policy.

## SEVENTH AFFIRMATIVE DEFENSE

22.    As a seventh affirmative defense, Liberty is barred from recovery of damages based upon a breach of the insurance agreement due to Liberty's failure to comply with the terms, covenants, conditions and promises required to be performed in accordance with the provisions of the underlying workers' compensation policies.

## EIGHTH AFFIRMATIVE DEFENSE

23.    As an eighth affirmative defense, the Counterclaim is barred by virtue of Liberty's own intentional, fraudulent and bad faith conduct in connection with the matters arising out of the Complaint and the Counterclaim, which are more specifically set forth in the Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### NINTH AFFIRMATIVE DEFENSE

24.    As a ninth affirmative defense, Liberty is not entitled to recover to the extent that the acts of Liberty, its agents, employees, or third parties were the cause of or contributed to the damages alleged to have been suffered by Liberty.

### TENTH AFFIRMATIVE DEFENSE

25.    As a tenth affirmative defense, the Counterclaim is barred in whole or in part, on the grounds that Liberty failed to mitigate its damages, if it suffered any.

### ELEVENTH AFFIRMATIVE DEFENSE

26.    As an eleventh affirmative defense, any failure by N.M.N. to perform a condition, covenant, or term of any agreement contained in the insurance policies was the result of acts by Liberty which prevented and/or excused N.M.N.'s performance.

### TWELFTH AFFIRMATIVE DEFENSE

27.    As a twelfth affirmative defense, any damages allegedly suffered by Liberty are offset by those damages that N.M.N. suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

28.    As a thirteenth affirmative defense, the Counterclaim does not allege facts sufficient for N.M.N. to determine all possible affirmative defenses that might be available to it.  N.M.N. herein reserves its right to amend this Answer to assert additional affirmative defenses that may become known or available during further investigation or discovery in this action.

**WHEREFORE**, N.M.N. prays for the following:

1.    That Liberty takes nothing by way of its Counterclaim;

2.    That the Counterclaim is dismissed and N.M.N. be awarded
       costs of suit herein incurred;

/ / /

/ / /

/ / /

3.     That N.M.N. be awarded reasonable attorney's fees and expenses; and

4.     For such other and further relief as the Court deems just and proper.

DATED: October 26, 2007        ROXBOROUGH, POMERANCE & NYE LLP


By: _____
         NICHOLAS P. ROXBOROUGH, ESQ.
         MICHAEL L. PHILLIPS, ESQ.
Attorneys for Plaintiff/Counter-Defendant N.M.N.
CONSTRUCTION, Inc.