FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
ffalzetta@sheppardmullin.com
ssveslosky@sheppardmullin.com

TED C. LINDQUIST, III, Cal. Bar No. 178523
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
tlindquist@sheppardmullin.com

Attorneys for Defendant and Counterclaimant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation, <br><br>Plaintiffs, <br><br>v. <br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive. <br><br>Defendants. <br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR) <br><br>Hon. Charles R. Breyer <br>[Complaint Filed: September 10, 2007] <br><br>**DECLARATION OF FRANK FALZETTA FILED IN SUPPORT OF LIBERTY MUTUAL FIRE INSURANCE COMPANY'S REPLY BRIEF** <br><br>Date:   December 21, 2007 <br>Time:   10:00 a.m. <br>Place:  Courtroom 8 |

# DECLARATION OF FRANK FALZETTA

I, Frank Falzetta, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for defendant Liberty Mutual Fire Insurance Company ("LMFIC"). I have personal knowledge of the facts set forth below and, if called and sworn as a witness, could and would testify competently thereto.

2. On December 11, 2007, I took the deposition of Craig Pynes, Esquire of Roxborough, Pomerance & Nye (the "Roxborough firm"). Attached to this declaration as Exhibit H is true and correct copy of the cited excerpts from a certified copy of the deposition transcript of Mr. Pynes.

3. Attached to this declaration as Exhibit M is a true and correct copy Republic Services, Inc.'s Opposition to Liberty Mutual's Motion to Disqualify Craig Pynes and the Roxborough firm, filed on August 18, 2006, in the matter entitled <u>Republic Services, Inc. v. Liberty Mutual Insurance Co. et al.</u>, USDC Case No. 03-494-KSF (E.D. KY).

4. I am co-counsel of record for the State Compensation Insurance Fund in the Workers' Compensation Appeals Board ("WCAB") matter entitled <u>In re Lien Claims of the Dental Trauma Center</u>, WCAB Case No. VNO 00485284 *et al.* (the "<u>DTC</u> matter"). In the <u>DTC</u> matter, the Respondents are represented by the Roxborough firm. Attached to this declaration as Exhibit I is a true and correct copy of a petition to disqualify opposing counsel that the Roxborough firm filed on or about October 18, 2007 in the <u>DTC</u> matter.

5. My law firm has been involved in numerous lawsuits adverse to the Roxborough firm for nearly 20 years. Though plaintiffs list some of the cases my firm has litigated against the Roxborough firm in their Opposition brief (most of which were appeals from

1  pleading motions), they omit many others where they were not successful and generally
2  mischaracterize our adversarial relationship over these many years.  Perhaps most importantly,
3  they fail to inform the Court that my firm obtained a complete defense verdict in 2003, after 7
4  months of trial, in the largest workers' compensation claims reserving case ever prosecuted by the
5  Roxborough firm – a $2 billion class action brought against California's largest workers'
6  compensation insurer entitled <u>A&J Liquor v. State Compensation Insurance Fund</u>, San Francisco
7  County Superior Court Case No. 975982 (which defense verdict was affirmed by the First District
8  Court of Appeal at 2006 WL 806767).  That defense verdict garnered "California Lawyer of the
9  Year" awards from California Lawyer magazine for two of my partners, Gregory Long and Fred
10 Puglisi.  In addition, my firm has defeated the Roxborough firm in a number of other cases,
11 including:  (i) <u>Advanced Building Maint. v. State Comp. Ins. Fund</u>, 49 Cal. App. 4th 1388 (1996);
12 (ii) <u>Gordon's Cabinet Shop v. State Comp. Ins. Fund</u>, 74 Cal. App. 4th 33 (1999); (iii) <u>Bonded</u>
13 <u>Motors v. State Comp. Ins. Fund</u>, Los Angeles County Superior Court Case No. BC 082618 (hung
14 jury after 3-4 week trial); (iv) <u>Pima Gro v. State Comp. Ins. Fund</u>, Riverside County Superior
15 Court Case No. SCV 11147 (1994); (v) <u>Metalclad v. State Comp. Ins. Fund</u>, Orange County
16 Superior Court Case No. 740209 (1995); (vi) <u>Alpha Leisure v. State Comp. Ins. Fund</u>, San
17 Bernardino County Superior Court Case No. RCV 100561 (2007) (Roxborough firm withdrew in
18 November of 2007 and case is being dismissed).  In addition, my firm has obtained settlements in
19 numerous other "bad faith" workers' compensation claims mishandling cases filed by the
20 Roxborough firm, the terms of which cannot be disclosed due to confidentiality provisions in the
21 settlement agreements.

23           6.     I personally have litigated at least six cases against the Roxborough firm on
24 behalf of clients other than Liberty Mutual, four of which were workers' compensation claims
25 mishandling cases.  I won one of those cases outright on summary judgment (<u>State Comp. Ins.</u>
26 <u>Fund v. L.E. Melby, Inc. dba Labor Locators</u>, Santa Barbara County Superior Court Case No.
27 106273), defeated a motion for preliminary judgment and won a motion compelling arbitration in
28 another, after which the Roxborough firm was substituted out of the case (<u>Select Personnel</u>

Services Inc., et al. v. CNA Insurance, et al., Santa Barbara County Superior Court Case No. 1093490), and settled the other four cases, the terms of which cannot be disclosed due to confidentiality provisions contained in the settlement agreements. I have no concern about the Roxborough firm's involvement in this action, aside from the fact that they suffer from a clear ethical conflict of interest that requires their disqualification.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct.

Executed this 14th day of December 2007 at Los Angeles, California.

_____
FRANK FALZETTA