EXHIBIT J

Case 3:07-cv-04651-CRB    Document 49    Filed 12/14/2007    Page 1 of 14

EXHIBIT J

Bruce M. Brusavich, State Bar No. 93578
Vibhu Talwar, State Bar No. 206710
AGNEW & BRUSAVICH
A Professional Corporation
20355 Hawthorne Boulevard
Second Floor
Torrance, California 90503
(310) 793-1400

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

DIANE CESSNA,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, a California
corporation; and DOES 1 through
100, inclusive,

    Defendants.

CASE NO. 03CC01793

COMPLAINT FOR DAMAGES

1. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

DEMAND FOR JURY TRIAL

JUDGE DAVID H. BRICKNER
DEPT C17

FILED
ORANGE COUNTY SUPERIOR COURT
03 JAN 17 PM 2:04

COMES NOW, plaintiff DIANE CESSNA for cause of action against defendants LIBERTY MUTUAL INSURANCE COMPANY, a California corporation; and DOES 1 THROUGH 100, inclusive, and each of them, complains and alleges as follows:

### GENERAL ALLEGATIONS

1. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious

COMPLAINT FOR DAMAGES     1

1  names. The full extent of the facts linking such fictitiously
2  sued defendants is unknown to plaintiff. Plaintiff is informed
3  and believes, and thereupon alleges that each of the defendants
4  designated herein as a DOE was, and is, negligently, or in some
5  other actionable manner, responsible for the events and
6  happenings hereinafter referred to, and thereby negligently, or
7  in some other actionable manner, legally and proximately caused
8  the hereinafter described injuries and damages to the plaintiff.
9  Plaintiff will hereafter seek leave of the Court to amend this
10  Complaint to show the defendants' true names and capacities
11  after the same have been ascertained.
12     2.  Plaintiff is informed and believes, and thereupon
13  alleges that at all times mentioned herein, defendants, and each
14  of them, including DOES 1 through 100, inclusive, and each of
15  them, were agents, servants, employees, successors in interest,
16  and/or joint venturers of their co-defendants, and were, as
17  such, acting within the course, scope, and authority of said
18  agency, employment, and/or venture, and that each and every
19  defendant, as aforesaid, when acting as a principal, was
20  negligent in the selection and hiring of each and every other
21  defendant as an agent, servant, employee, successor in interest,
22  and/or joint venturer.
23     3.  At all relevant times mentioned herein,
24  defendants, and each of them, when acting as a principal, was
25  negligent in selection, hiring, monitoring, supervision and
26  oversight of each and every other co-defendant as an agent,
27  servant or employee and, furthermore, expressly directed,
28  ///

2

COMPLAINT FOR DAMAGES

consented to, approved, affirmed, and ratified each and every action taken by the co-defendants.

### THE AUTOMOBILE INSURANCE CONTRACT

4. Sometime prior to October 2, 1999, in consideration of the payment of the required premium, defendant LIBERTY MUTUAL INSURANCE COMPANY issued its insurance policy # A02-261-695933-018 (hereinafter "Policy") to the plaintiff DIANE CESSNA.

5. Plaintiff is informed and believes, and thereupon alleges that her Policy stated that the insurer, defendant LIBERTY MUTUAL INSURANCE COMPANY, shall pay all sums that the insured shall be legally entitled to recovery from the owner or operator of an uninsured motor vehicle because of bodily injury suffered by the insured and caused by the accident.

6. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, plaintiff was insured by defendant LIBERTY MUTUAL INSURANCE COMPANY with uninsured motorist benefits with $50,000 limits.

7. At all times herein mentioned, the Policy referred to herein was executed and delivered in the county of Orange, State of California.

### THE THREE VEHICLE AUTOMOBILE ACCIDENT

8. Plaintiff is informed and believes, and thereupon alleges that on or about October 2, 1999, while the Policy was in full force and effect, plaintiff was involved in a high-impact three vehicle automobile accident.

9. Plaintiff is informed and believes, and thereupon alleges that on or about October 2, 1999, she was driving a 1988 Honda Accord at or near the intersection of Garden Grove Boulevard and Nelson in the City of Garden Grove, County of Orange, State of California.

10. Plaintiff is informed and believes, and thereupon alleges that while she was stopped for a red light, she was hit from behind by JUAN MANUEL FRECIADO, an uninsured motorist. At the time of the accident, JUAN MANUEL FRECIADO was traveling at approximately 35 miles per hour.

11. Plaintiff is informed and believes, and thereupon alleges that the force of the high-impact pushed her vehicle forward striking a vehicle in front of her, subjecting the plaintiff to a rear and frontal impact.

12. Plaintiff is informed and believes, and thereupon alleges that as a result of the collision between her vehicle and JUAN MANUEL FRECIADO'S Nissan Turbo, she sustained severe physical and emotional injuries, including but not limited to, neck, wrists, right shoulder, right elbow and left knee.

13. At the time of the October 2, 1999 three vehicle accident, plaintiff was insured by defendant LIBERTY MUTUAL INSURANCE COMPANY with uninsured motorist benefits with $50,000 limits.

### NOTICE TO DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

14. Plaintiff is informed and believes, and thereupon alleges that within a reasonable time after the October 2, 1999 three vehicle accident, she notified the defendant LIBERTY

MUTUAL INSURANCE COMPANY of the facts of the accident, that the serious injuries suffered by the plaintiff were the result of the negligence of the uninsured driver, and that the plaintiff had incurred medical bills in excess $ 10,000.00.

15. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, she complied with all conditions precedent to receive the benefits of the policy and provided the defendant with proof of the nature and extent of plaintiff's injuries and medical and hospital bills, witness statements, police accident reports, photographs, and other proof that the injuries suffered by plaintiff were directly and proximately the result of the negligence of the uninsured motorist and without any fault on the part of the plaintiff.

16. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, plaintiff offered to provide and did provide defendant with such medical examinations, further statements, and such other documentation as would be reasonably necessary to assist the defendant to make the payment to plaintiff pursuant to the terms of the Policy.

17. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendant LIBERTY MUTUAL INSURANCE COMPANY failed and refused to pay the plaintiff the amounts due under the provisions of the policy even though it knew, or should have known, that plaintiff's damages were in excess of her uninsured policy limits.

18. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendants knew or in the exercise of good faith reasonably should have known, that

5
COMPLAINT FOR DAMAGES

1. the injuries suffered by the plaintiff were solely the result of
2. the negligence of the uninsured motorist.
3.     19. Plaintiff is informed and believes, and thereupon
4. alleges that at all times mentioned herein, defendant LIBERTY
5. MUTUAL INSURANCE COMPANY denied and disputed the amount of
6. damages plaintiff DIANE CESSNA was entitled to under her policy.
7.
8.               FIRST CAUSE OF ACTION
9.     (BY PLAINTIFF DIANE CESSNA FOR BREACH OF THE
10. IMPLIED COVENANT OF GOOD FAITH AND FAIR
11. DEALING  AS AGAINST DEFENDANTS LIBERTY
12. MUTUAL INSURANCE COMPANY AND DOES 1 THROUGH
13. 100, INCLUSIVE)
14.     20. Plaintiff realleges and incorporates herein by
15. reference each and every allegation and statement contained in
16. paragraphs 1 through 19, inclusive, of the General Allegations,
17. above.
18.     21. Plaintiff is informed and believes, and thereupon
19. alleges that the implied covenant of good faith and fair dealing
20. requires an obligation that parties to a contract/agreement will
21. not do anything that would impair the right(s) of a party to
22. receive the benefits of the agreement.
23.     22. Defendants, and each of them, breached their
24. covenant of good faith and fair dealing by not acting in good
25. faith to effectuate a fair, prompt and equitable settlement.
26. Defendants acted in bad faith by:
27.         (a) Failing to undertake an adequate and
28. complete investigation of the facts surrounding the claim so

that they contended plaintiff's injuries were not the result of the negligence of the uninsured motorist, when if a timely and complete investigation had, in fact, been undertaken, defendant would have known that the uninsured motorist was solely responsible for the injuries suffered by the plaintiff;

    (b) Unreasonably withholding the benefits owned to the plaintiff under the terms of her Policy;

    (c) Unreasonably delaying payment of benefits due to the policyholder, DIANE CESSNA;

    (d) Failing to thoroughly investigate the foundation for its denial of plaintiff's claim for benefits;

    (e) The defendants, and each of them, knew that the plaintiff had incurred substantial medical expenses as a result of the collision and had been unable to attend her usual occupation and was dependent upon the insurance proceeds to support her family. Yet, they offered plaintiff the sum of $9,000.00, which was substantially less than the uninsured limits of plaintiff's policy, although defendants knew that plaintiff's damages exceeded the policy limits;

    (f) That although the extent of plaintiff's injuries and the liability of the uninsured motorist were well known to the defendants, defendants unreasonably declined to pay the policy benefits to plaintiff and forced the plaintiff to demand arbitration of the claim and, only after the award of the arbitrator, which was in the sum of $72,772.00, far in excess of the uninsured policy limits, did the defendant offer to pay the proceeds of the policy.

///

(g) Withholding payment of benefits from plaintiff that defendants knew were due and owing under its Policy without a factual basis for doing so;

(h) Withholding payment of benefits from plaintiff that defendants knew were due and owing without a contractual basis for doing so;

(i) Withholding payment of benefits from plaintiff that defendants knew were not only due and owing under its Policy, but after defendants knew or had actual notice of plaintiff's medical condition;

(j) Withholding payment of benefits that defendants knew were due and owing under its Policy in order to increase its income and profits and avoid incurring the cost of necessary treatment; and

(k) Other acts of bad faith of which plaintiff is presently unaware, but which will be shown at the time of trial.

23. As a direct and proximate result of defendants' bad faith conduct in failing to investigate, negotiate, settle, and pay the amounts to plaintiff, to which she was legally entitled, plaintiff sustained economic and compensatory damages for enforcing the Policy provisions, presenting a claim to arbitration and loss of use of the funds and the added litigation and attorney fee expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

24. As a further and direct result of the aforementioned conduct of the defendants, and each of them, plaintiff has suffered mental and emotional distress, including

8

COMPLAINT FOR DAMAGES

but not limited to, frustration, depression, nervousness and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of this Court to be determined according to proof at the time of trial.

## PUNITIVE DAMAGES

25. As stated above, within a reasonable time after the October 2, 1999 three vehicle automobile accident, plaintiff contacted defendant LIBERTY MUTUAL INSURANCE COMPANY and informed it of the facts surrounding the accident.

26. Sometime thereafter, plaintiff made a demand upon the defendants, and each of them, to settle the uninsured motorist case for the policy limits.

27. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendants, and each of them, continued to represent to the plaintiff that her claim was being evaluated when in fact, defendants were not adequately investigating the facts and circumstances surrounding her claim.

28. In order to expedite her claim, plaintiff provided defendants, and each of them, with information documenting the nature and extent of the injuries sustained by her as a result of the October 2, 1999 automobile accident. In particular, plaintiff provided defendants, and each of the, with photographs of her damaged vehicle, deposition testimony, witness statements, traffic collision report, responses to defendant's discovery and substantial amount of medical records and medical bills. Furthermore, plaintiff also appeared and was examined during her independent medical examination.

29. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, plaintiff fully cooperated with defendants and their counsel with regard to any all requests for information.

30. After acquiring all of the above-mentioned information regarding the manner in which the subject accident occurred and the types of physical injuries suffered by the plaintiff, defendants, and each of them, offered to settle plaintiff's uninsured motorist claim for only $9,000.00.

31. This offer was wholly unacceptable in light of the significant injuries suffered by the plaintiff and the plaintiff was left with no choice by to retain an attorney and demand arbitration pursuant to policy and in accordance with Insurance Code Section 11580.2.

32. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendants, and each of them, ignored evidence in their file which clearly supported plaintiff's demand in an effort to focus on facts justifying denial of the claim.

33. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendants, and each of them, knew that plaintiff's uninsured claim was worth more than defendants' offer, yet they defrauded the plaintiff out of benefits due and payable per her policy.

34. Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, defendants, and each of them, attempted to defraud the plaintiff out of her benefits that were due and payable by representing to her that her

1  injuries were not severe and/or were not caused by the October
2  2, 1999 three-vehicle accident even though they had in their
3  possession evidence that unequivocally showed that plaintiff's
4  injuries were severe and resulted from the accident.
5      35. Plaintiff is informed and believes, and thereupon
6  alleges that at all times mentioned herein, defendants, and each
7  of them, made the above-mentioned representations to the
8  plaintiff without thoroughly investigating the foundation of
9  their denial of plaintiff's claim for benefits.
10     36. Plaintiff is informed and believes, and thereupon
11 alleges that at all times mentioned herein, two years and five
12 months after the October 2, 1999 accident, an arbitration was
13 held before the Honorable James J. Alfano.
14     37. During the arbitration, plaintiff did not present
15 any new facts. The evidence presented by the plaintiff
16 consisted of the information that had been previously submitted
17 earlier to the defendant, LIBERTY MUTUAL INSURANCE COMPANY.
18     38. Plaintiff is informed and believes, and thereupon
19 alleges that at all times mentioned herein, the Honorable James
20 J. Alfano awarded plaintiff $72,772.00 for all of her claims.
21 Furthermore, the Honorable James J. Alfano stated that his award
22 was based partly on the data contained in the plaintiff's
23 medical records.
24     39. The conduct of the defendants, as set forth above,
25 was intended by the defendants, and each of them, to cause
26 injury to plaintiff or was despicable conduct carried on by the
27 defendants with a willful and conscious disregard of the rights
28 of the plaintiff, subjected plaintiff to cruel and unjust

                              11
COMPLAINT FOR DAMAGES

hardship in conscious disregard of plaintiff's rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendants with the intention to deprive plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code Section 3294, thereby entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants.

40. Defendants' conduct described herein was undertaken by the corporate defendants' officers or managing agents, identified herein as DOES 1 through 100, who were responsible for benefit determinations, utilization review and management, communications and/or decisions. The aforedescribed conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendants. Said corporate defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to plaintiff at this time and are therefore identified and designated herein as DOES 1 through 100, inclusive.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages in excess of the jurisdictional limits of this Court;

2. For incidental and consequential damages according to proof, as well as interest thereon;

12

COMPLAINT FOR DAMAGES

3. For exemplary and punitive damages against each defendant according to proof in an amount sufficient to deter such wrongful, fraudulent, malicious and intentional misconduct in the future on the part of defendants, and each of them, as well as other similarly situated;

4. For all costs of suit incurred herein;

5. For the reasonable attorney's fees incurred by plaintiff in prosecuting the underlying claim for benefits due and in prosecuting this action as a result of the wrongful conduct of the defendants, and each of them;

6. For prejudgment interest; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 16, 2003        AGNEW & BRUSAVICH
                               A Professional Corporation

                               By: /s/ Vibhu Talwar
                                   BRUCE M. BRUSAVICH
                                   VIBHU TALWAR
                                   Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

DATED: January 16, 2003        AGNEW & BRUSAVICH
                               A Professional Corporation

                               By: /s/ Vibhu Talwar
                                   BRUCE M. BRUSAVICH
                                   VIBHU TALWAR
                                   Attorneys for Plaintiff

13

COMPLAINT FOR DAMAGES