EXHIBIT O

# CERTIFIED COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., A CALIFORNIA CORPORATION; ET AL., <br><br> PLAINTIFFS, <br><br> V. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, AND DOES 1 THROUGH 100, INCLUSIVE, <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) NO. C07-04651 CRB (ADR) ) ) ) ) ) ) ) ) ) |

## DEPOSITION OF: *MELODEE YEE*
## TAKEN: FRIDAY, NOVEMBER 16, 2007

*Dalene Court Reporters*

16161 Ventura Boulevard, #734
Encino, California 91436
Telephone: 661.726.0584

Reported By:
Magdalene S. Puente
CSR 8498

DEPOSITION OF MELODEE YEE

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3
 4
 5   LARGO CONCRETE, INC. A CALIFORNIA   )
     CORPORATION; N.M.N. CONSTRUCTION,   )
 6   INC., A CALIFORNIA CORPORATION,     )
                                         )
 7                     PLAINTIFFS,       )
                                         )CASE NO.
 8        V.                             )C07-04651 CRB (ADR)
                                         )
 9   LIBERTY MUTUAL FIRE INSURANCE       )
     COMPANY, A MASSACHUSETTS            )
10   CORPORATION, AND DOES 1 THROUGH     )
     100, INCLUSIVE,                     )
11                                       )
                       DEFENDANTS.       )
12   _____)
13
14
15
16        DEPOSITION OF MELODEE YEE, TAKEN
17        ON BEHALF OF THE PLAINTIFF, AT
18        5820 CANOGA AVENUE, SUITE 250,
19        WOODLAND HILLS, CALIFORNIA, COMMENCING
20        AT 3:03 P.M., FRIDAY, OCTOBER 16, 2007,
21        BEFORE MAGDALENE S. PUENTE, CSR 8498.
22
23
24
25
```

2

```
 1   APPEARANCES OF COUNSEL:

 2


 3   FOR THE PLAINTIFFS:

 4        ROXBOROUGH, POMERANCE & NYE, LLP
          BY:  NICHOLAS P. ROXBOROUGH, ESQ.
 5        5820 CANOGA AVENUE
          SUITE 250
 6        WOODLAND HILLS, CALIFORNIA  91367
          818.992.9999
 7


 8
     FOR THE DEFENDANTS:
 9
          GRACE, COSGROVE & SCHIRM
10        A PROFESSIONAL CORPORATION
          BY:  LISA KRALIK-HANSEN, ESQ.
11        444 SOUTH FLOWER STREET
          SUITE 1100
12        LOS ANGELES, CALIFORNIA  90071
          213.533.5400
13


14        SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
          BY:  SCOTT R. SVESLOSKY, ESQ.
15        333 SOUTH HOPE STREET
          48TH FLOOR
16        LOS ANGELES, CALIFORNIA  90071-1448
          213.620.1780

17

18   ALSO PRESENT:

19        MICHAEL L. PHILLIPS, ESQ.

20

21

22

23

24

25
```

3

| | | |
|---|---|---|
| 1 | **MR. ROXBOROUGH:** NO, BECAUSE I'M GOING TO ASK | 03:33:42 |
| 2 | QUESTIONS AND LAY THE FOUNDATION BEFORE YOU -- | 03:33:44 |
| 3 | **MR. SVESLOSKY:** WE'LL TAKE A BREAK AND THEN -- | 03:33:45 |
| 4 | **MR. ROXBOROUGH:** YOU'RE NOT REPRESENTING HER. | 03:33:47 |
| 5 | YOU'RE REPRESENTING LIBERTY. | 03:33:49 |
| 6 | **MR. SVESLOSKY:** AND I WANT TO TAKE A | 03:33:51 |
| 7 | FIVE-MINUTE BREAK. | 03:33:51 |
| 8 | YOU CAN'T EXTEND ME THAT COURTESY? | 03:33:54 |
| 9 | **MR. ROXBOROUGH:** WE'VE BEEN HERE ONLY FOR | 03:33:54 |
| 10 | ABOUT 25 MINUTES. | 03:33:54 |
| 11 | **MR. SVESLOSKY:** ACTUALLY, WE STARTED AT 3:36. | 03:33:56 |
| 12 | IT'S MORE THAN 20. | 03:33:57 |
| 13 | **MR. ROXBOROUGH:** I'M NOT GOING TO ARGUE WITH | 03:33:59 |
| 14 | YOU. | 03:34:01 |
| 15 | **MR. SVESLOSKY:** NOR AM I. | 03:34:01 |
| 16 | DO YOU GUYS WANT TO TAKE A FIVE-MINUTE BREAK? | 03:34:03 |
| 17 | **THE DEPONENT:** SURE. | 03:34:07 |
| 18 | **MR. ROXBOROUGH:** WE'LL SHOW THAT TO THE JUDGE | 03:34:07 |
| 19 | ALSO. | 03:34:10 |
| 20 | (A RECESS WAS HELD | 03:34:10 |
| 21 | FROM 3:34 TO 3:40.) | 03:34:10 |
| 22 | **MR. ROXBOROUGH:** BACK ON THE RECORD. | 03:34:10 |
| 23 | **MS. HANSEN:** I WITHDRAW MY LAST OBJECTION. | 03:40:09 |
| 24 | **MR. ROXBOROUGH:** I APPRECIATE IT. | 03:40:10 |
| 25 | /// | 03:40:12 |

DEPOSITION OF MELODEE YEE

|    |    |
|---|---|
| 1 | BY MR. ROXBOROUGH: | 03:40:12 |
| 2 | Q.  DO YOU HAVE THE QUESTION IN MIND? | 03:40:14 |
| 3 | A.  NO.  CAN WE HAVE IT READ BACK, PLEASE. | 03:40:15 |
| 4 | (WHEREUPON, THE FOLLOWING QUESTION |
| 5 | WAS READ: |
| 6 | Q.  SO FAR HE SENT IT TO YOU ONCE; |
| 7 | YOU HAVE ANOTHER CONVERSATION; YOU RETURN |
| 8 | IT. |
| 9 | ARE YOU RETURNING TO HIM IN |
| 10 | FINAL WHEN YOU SIGNED IT OR HAVE YOU |
| 11 | GONE THROUGH AND MADE DRAFTS BEFORE |
| 12 | YOU RETURNED IT AND SIGNED IT?) | 03:40:38 |
| 13 | THE DEPONENT:  OKAY.  THERE WERE DRAFTS BEFORE | 03:40:38 |
| 14 | I RETURNED IT. | 03:40:42 |
| 15 | BY MR. ROXBOROUGH: | 03:40:44 |
| 16 | Q.  WHO MADE THOSE DRAFTS? | 03:40:44 |
| 17 | WHAT WAS THE PROCESS? | 03:40:46 |
| 18 | A.  I RECEIVED A DRAFT, I REVIEWED IT, I CONSULTED | 03:40:50 |
| 19 | WITH MY COUNSEL, MS. HANSEN, AND THEN I MADE | 03:40:57 |
| 20 | HANDWRITTEN CHANGES.  I CONTACTED MR. SVESLOSKY, AND I | 03:41:03 |
| 21 | BELIEVE HE DIRECTED ME TO CONTACT HIS SECRETARY SO THE | 03:41:14 |
| 22 | CHANGES COULD BE MADE. | 03:41:18 |
| 23 | Q.  AND HOW DID YOU GO ABOUT CONTACTING THE | 03:41:19 |
| 24 | SECRETARY? | 03:41:22 |
| 25 | A.  I'M NOT SURE IF I CALLED HER OR IF SHE CALLED | 03:41:23 |

31

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | ME. | 03:41:25 |
| 2 | Q.  FOR THE PURPOSES OF MAKING THE CHANGES? | 03:41:26 |
| 3 | A.  YES. | 03:41:29 |
| 4 | Q.  HOW MANY PAGES WAS -- STRIKE THAT. | 03:41:33 |
| 5 | THE DECLARATION EXCLUDING THE CAPTION PAGE | 03:41:38 |
| 6 | CONSISTS OF FIVE NUMBERED PARAGRAPHS. | 03:41:41 |
| 7 | HOW MANY NUMBERED PARAGRAPHS WERE ON THE | 03:41:43 |
| 8 | DRAFT? | 03:41:45 |
| 9 | A.  I BELIEVE THERE ARE FIVE. | 03:41:45 |
| 10 | Q.  AND WHAT WERE THE CHANGES YOU MADE? | 03:41:47 |
| 11 | A.  I JUST CHANGED A COUPLE OF WORDS IN -- I THINK | 03:41:50 |
| 12 | THE FIRST -- SECOND PARAGRAPH I BELIEVE THEY HAD THE | 03:42:03 |
| 13 | INITIALS REFERENCED TO MY CURRENT FIRM INCORRECT. I | 03:42:07 |
| 14 | MAY HAVE CHANGED A WORD OR TWO AT LINE 11 OR 12. I | 03:42:24 |
| 15 | THINK I ADDED A COUPLE OF WORDS. | 03:42:40 |
| 16 | Q.  WHAT LINE, PLEASE? | 03:42:43 |
| 17 | A.  LINES 13 AND 14. | 03:42:44 |
| 18 | Q.  WHAT DID YOU CHANGE? | 03:42:47 |
| 19 | A.  "RELATING TO MY LEGAL PRACTICE" JUST TO MAKE | 03:42:48 |
| 20 | SURE IT WAS DURING THE TIME THAT I WAS EMPLOYED AT KERN | 03:42:51 |
| 21 | AND WOOLEY. | 03:42:58 |
| 22 | AROUND LINES 18 THROUGH 20 I BELIEVE I ADDED | 03:42:58 |
| 23 | "FOR A PERIOD OF TIME" BECAUSE I WASN'T SURE EXACTLY | 03:43:16 |
| 24 | WHEN MR. PYNES WAS EMPLOYED THAT WE WERE BOTH | 03:43:21 |
| 25 | ASSOCIATES AT KERN AND WOOLEY. | 03:43:25 |

32

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | Q. | I'M SORRY. WHAT LINE? |
| 2 | | OH. LINE 18? |
| 3 | A. | UH-HUH. |
| 4 | Q. | "YES"? |
| 5 | A. | YES. AND THAT WE WERE BOTH -- I JUST -- |
| 6-8 | | I DON'T KNOW WHAT THE ORIGINAL DRAFT SAID, BUT I MAY HAVE ADDED SOMETHING THAT WE WERE BOTH IN THE SAME PRACTICE GROUP. |
| 9-11 | | IN PARAGRAPH FOUR THE FIRST LINE 23, 24 I JUST PUT IN "ONE OF THE CASES." I THINK THIS IS MINE, "ONE OF THE CASES THAT WE WORKED ON." |
| 12 | Q. | YOU PUT IN "TONY'S FINE FOODS"? |
| 13 | A. | NO. I SAID "ONE OF THE CASES." |
| 14-16 | Q. | OH. I SEE. YOU ADDED "ONE OF THE CASES IN WHICH MR. PYNES AND I REPRESENTED LIBERTY WAS TONY'S FINE FOODS"? |
| 17-19 | A. | RIGHT. THE TONY'S FINE FOODS AND THE REFERENCE TO THE CASE AND THE CASE NUMBER AND THE FILING DATE, THAT WAS THERE. I DIDN'T CHANGE THAT. |
| 20-22 | Q. | WHO GAVE YOU -- HOW DID YOU COME IN POSSESSION OF EXHIBIT A TO YOUR DECLARATION? |
| 23 | A. | I THINK THAT WAS ADDED AFTERWARDS. |
| 24-25 | Q. | MY QUESTION IS: HOW DID YOU GET IN POSSESSION OF IT? |

33

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | A. PRIOR TO TODAY? | 03:44:58 |
| 2 | Q. HOW DID YOU GET IN POSSESSION OF IT PRIOR | 03:45:00 |
| 3 | TO -- IN ORDER TO MAKE IT AN EXHIBIT TO YOUR | 03:45:03 |
| 4 | DECLARATION? | 03:45:06 |
| 5 | A. I DIDN'T HAVE A COPY OF THE COMPLAINT AT THE | 03:45:08 |
| 6 | TIME I SIGNED MY DECLARATION. | 03:45:12 |
| 7 | Q. I'M SORRY. YOU DIDN'T HAVE A COPY OF WHAT? | 03:45:14 |
| 8 | A. OF EXHIBIT A. | 03:45:16 |
| 9 | Q. SO WHEN YOU SIGNED THE DECLARATION, YOU HADN'T | 03:45:19 |
| 10 | EVEN SEEN THE COMPLAINT THAT YOU ATTACHED AS EXHIBIT A? | 03:45:22 |
| 11 | A. THE COMPLAINT IS A PUBLIC RECORD, SO THE FACT | 03:45:27 |
| 12 | THAT IT WAS -- THE DECLARATION ATTACHED IT -- | 03:45:34 |
| 13 | Q. MY -- | 03:45:39 |
| 14 | A. I DIDN'T HAVE A COPY OF IT AT THE TIME I | 03:45:40 |
| 15 | SIGNED THE DECLARATION. | 03:45:42 |
| 16 | Q. OKAY. SO THAT WAS ADDED AFTER YOU SIGNED THE | 03:45:42 |
| 17 | DECLARATION, AS FAR AS YOU KNOW? | 03:45:47 |
| 18 | A. THAT'S CORRECT. | 03:45:48 |
| 19 | Q. SO YOU DIDN'T EVEN LOOK AT EXHIBIT A WHEN YOU | 03:45:48 |
| 20 | SIGNED THE DECLARATION; CORRECT? | 03:45:52 |
| 21 | A. CORRECT. | 03:45:54 |
| 22 | Q. SO HOW DID YOU KNOW THE COURT NUMBER WAS | 03:46:02 |
| 23 | ACCURATE WHEN YOU SIGNED IT? | 03:46:06 |
| 24 | A. I SAID PREVIOUSLY THAT THAT NUMBER WAS ALREADY | 03:46:07 |
| 25 | IN THE DECLARATION. | 03:46:12 |

34

DEPOSITION OF MELODEE YEE

```
 1    Q.   MY QUESTION -- LISTEN TO MY QUESTION.  MY           03:46:13
 2  QUESTION IS:  HOW DID YOU KNOW THAT NUMBER WAS ACCURATE    03:46:15
 3  WHEN YOU SIGNED IT IF YOU DIDN'T HAVE THE COMPLAINT?       03:46:17
 4       DID YOU HAVE OTHER TONY'S FINE FOODS RECORDS          03:46:21
 5  TO REFER TO?                                               03:46:23
 6    A.   NO.                                                 03:46:24
 7    Q.   SO HOW DID YOU KNOW THE NUMBER WAS CORRECT?         03:46:24
 8    A.   I PRESUMED IT WAS CORRECT.                          03:46:26
 9    Q.   YOU ASSUMED THAT WAS CORRECT.                       03:46:28
10       SO WHEN SHEPPARD, MULLIN, RICHTER & HAMPTON           03:46:30
11  SENT YOU THE DECLARATION, THEY DID NOT SEND YOU EXHIBIT    03:46:38
12  A AT ANY POINT IN TIME?                                    03:46:42
13    A.   THAT'S CORRECT.                                     03:46:44
14    Q.   OKAY.  ALL RIGHT.  GO AHEAD.  WHAT OTHER            03:46:44
15  CHANGES DID YOU MAKE?                                      03:46:48
16       LET'S GO TO PARAGRAPH FIVE.                           03:46:49
17    A.   PARAGRAPH FIVE I JUST CLARIFIED HOW HE --           03:46:53
18  MR. PYNES -- SORRY -- BECAME ASSIGNED TO THIS SPECIFIC     03:47:05
19  PROJECT THAT'S REFERENCED IN THAT PARAGRAPH.               03:47:10
20    Q.   HOW DID YOU CLARIFY IT?                             03:47:12
21    A.   THAT I DISCUSSED IT WITH HIS SUPERVISING            03:47:16
22  ATTORNEY.                                                  03:47:19
23    Q.   HOW DID THAT CLARIFY IT?                            03:47:19
24       WHO WAS THE SUPERVISING ATTORNEY?                     03:47:21
25    A.   THAT'S BEEN ASKED AND ANSWERED.                     03:47:23
```

35

DALENE COURT REPORTERS

DEPOSITION OF MELODEE YEE

1  IT WAS SUSAN OLSON.  03:47:25

2  Q. SO WHY DIDN'T YOU PUT THE NAME "SUSAN OLSON"  03:47:26

3  IN THERE?  03:47:30

4  A. BECAUSE I DIDN'T FEEL THE NEED.  03:47:30

5  Q. YOU DIDN'T FEEL THE NEED TO IDENTIFY THE NAME  03:47:32

6  OF THE SUPERVISING ATTORNEY?  03:47:35

7  I DIDN'T HEAR YOU. IS THAT WHAT YOU SAID?  03:47:37

8  A. THAT'S WHAT I SAID.  03:47:39

9  Q. AND WHAT ELSE DID YOU CLARIFY IN HERE?  03:47:44

10  A. THAT I DISCUSSED AT LINE -- PAGE TWO, LINES  03:47:58

11  SIX THROUGH EIGHT THAT I DISCUSSED THE ASSIGNMENT WITH  03:48:02

12  MR. PYNES AND THAT -- THAT I RECEIVED A DRAFT PRIVILEGE  03:48:07

13  LOG PREPARED BY MR. PYNES.  03:48:14

14  Q. ANYTHING ELSE?  03:48:16

15  A. NOT THAT I CAN RECALL. NO.  03:48:18

16  Q. OKAY. HOW MUCH TIME DID YOU SPEND TALKING TO  03:48:20

17  SHEPPARD, MULLIN, RICHTER & HAMPTON, TALKING TO  03:48:30

18  MS. HANSEN, MAKING THE CHANGES, AND THE THINGS YOU'VE  03:48:34

19  TESTIFIED TO?  03:48:38

20  A. IS THAT INCLUDING SPEAKING WITH  03:48:39

21  MR. SVESLOSKY'S SECRETARY?  03:48:41

22  Q. YES.  03:48:43

23  A. I'D SAY AROUND TWO HOURS.  03:49:01

24  Q. WHAT DID YOU DISCUSS WITH MS. HANSEN ABOUT THE  03:49:15

25  CHANGES?  03:49:18

36

DALENE COURT REPORTERS

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | MS. HANSEN: OBJECTION; ATTORNEY/CLIENT | 03:49:19 |
| 2 | PRIVILEGE. | 03:49:21 |
| 3 | INSTRUCT NOT TO ANSWER. | 03:49:21 |
| 4 | THE DEPONENT: THAT'S PRIVILEGED. | 03:49:25 |
| 5 | BY MR. ROXBOROUGH: | 03:49:26 |
| 6 | Q. SHE TOLD YOU WHAT TO CHANGE? | 03:49:26 |
| 7 | MS. HANSEN: SAME OBJECTION. SAME | 03:49:28 |
| 8 | INSTRUCTION. | 03:49:29 |
| 9 | BY MR. ROXBOROUGH: | 03:49:29 |
| 10 | Q. I'M NOT ASKING WHAT THE CHANGES ARE. | 03:49:30 |
| 11 | I'M JUST SAYING: DID SHE INSTRUCT YOU TO | 03:49:31 |
| 12 | CHANGE ANYTHING? | 03:49:33 |
| 13 | MS. HANSEN: YOU'RE ASKING HER TO REVEAL | 03:49:34 |
| 14 | COMMUNICATION WITH HER COUNSEL. | 03:49:36 |
| 15 | INSTRUCT NOT TO ANSWER. | 03:49:37 |
| 16 | BY MR. ROXBOROUGH: | 03:49:39 |
| 17 | Q. WELL, WAS SHE REPRESENTING YOU AT THE TIME? | 03:49:40 |
| 18 | A. YES. I CONSULTED HER. | 03:49:42 |
| 19 | Q. DID YOU HAVE A RETAINER WITH HER? | 03:49:43 |
| 20 | A. NOT A FORMAL RETAINER AGREEMENT, NO. | 03:49:49 |
| 21 | Q. OKAY. WHEN DID YOU RETAIN HER? | 03:49:51 |
| 22 | A. WHEN I CONSULTED HER. | 03:49:58 |
| 23 | Q. DIDN'T YOU RETAIN HER AFTER YOU WERE SERVED | 03:49:59 |
| 24 | THE SUBPOENA IN THIS CASE? | 03:50:01 |
| 25 | ISN'T THAT EXACTLY WHAT HAPPENED? | 03:50:03 |

37

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | WOOLEY THE FIRM WAS COVERAGE COUNSEL. | 04:09:24 |
| 2 | WERE YOU COVERAGE COUNSEL? | 04:09:26 |
| 3 | A.   YES. | 04:09:28 |
| 4 | Q.   OKAY.  SO YOU WERE COVERAGE COUNSEL FOR | 04:09:29 |
| 5 | LIBERTY MUTUAL AS WELL; RIGHT? | 04:09:32 |
| 6 | A.   YES. | 04:09:36 |
| 7 | Q.   EXPLAIN WHAT THAT MEANS, PLEASE, WHAT YOU | 04:09:36 |
| 8 | MEANT BY "COVERAGE COUNSEL." | 04:09:39 |
| 9 | A.   I REPRESENTED LIBERTY AND ITS AFFILIATES IN | 04:09:42 |
| 10 | MATTERS RELATING TO COVERAGE UNDER ITS POLICIES. | 04:09:47 |
| 11 | Q.   AND TONY'S FINE FOODS, THERE WAS NO ISSUE OF | 04:09:51 |
| 12 | COVERAGE. | 04:09:54 |
| 13 | LIBERTY DENIED COVERAGE; RIGHT? | 04:09:54 |
| 14 | IT WAS A DIFFERENT TYPE OF CASE; RIGHT? | 04:09:57 |
| 15 | A.   I BELIEVE SO, YES. | 04:09:59 |
| 16 | Q.   IN FACT, IF YOU LOOK AT YOUR DECLARATION -- | 04:10:03 |
| 17 | HAVE YOU SINCE -- | 04:10:06 |
| 18 | WHEN IS THE FIRST TIME YOU SAW THE COMPLAINT | 04:10:08 |
| 19 | FILED BY MR. BAKOS FILED ON OCTOBER 1ST, 2002 THAT'S | 04:10:10 |
| 20 | ATTACHED TO YOUR DECLARATION? | 04:10:14 |
| 21 | A.   PROBABLY WHEN I STARTED WORKING ON THE FILE. | 04:10:31 |
| 22 | Q.   AND WHEN WAS THAT? | 04:10:33 |
| 23 | A.   I DON'T RECALL WHEN EXACTLY I STARTED WORKING | 04:10:39 |
| 24 | ON THE FILE. | 04:10:44 |
| 25 | Q.   WHEN IS THE FIRST TIME YOU SAW A COPY OF THIS | 04:10:44 |

48

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | THAT FILE. | 04:30:47 |
| 2 | Q. ON THAT FILE. IT WAS -- IT WAS IN -- | 04:30:50 |
| 3 | THE FILE HAD BEEN STAYED AT THE TIME YOU | 04:30:53 |
| 4 | CLAIMED HE DID WORK FOR YOU ON THE CASE; CORRECT? | 04:30:58 |
| 5 | **MS. HANSEN:** OBJECTION; ASSUMES FACTS NOT IN | 04:31:01 |
| 6 | EVIDENCE, LACKS FOUNDATION. | 04:31:03 |
| 7 | **MR. SVESLOSKY:** YOU MEAN THE CASE; RIGHT? | 04:31:05 |
| 8 | **BY MR. ROXBOROUGH:** | 04:31:06 |
| 9 | Q. YEAH. THE CASE WAS STAYED AT THE TIME THAT | 04:31:07 |
| 10 | MR. PYNES WAS AT KERN AND WOOLEY ON TONY'S FINE FOODS; | 04:31:09 |
| 11 | CORRECT? | 04:31:12 |
| 12 | YOU'RE FOLDING YOUR ARMS. IS IT COLD OR -- | 04:31:12 |
| 13 | STRIKE THAT. | 04:31:14 |
| 14 | WAS HE AT THE FIRM WHEN THE CASE WAS STAYED ON | 04:31:15 |
| 15 | TONY'S FINE FOODS, OR IS IT YOUR RECOLLECTION THAT THE | 04:31:20 |
| 16 | CASE WAS ACTIVE IN LITIGATION WHEN HE WAS THERE? | 04:31:21 |
| 17 | A. WELL, I DO RECALL THAT THE ACTION HAD BEEN | 04:31:24 |
| 18 | STAYED, BUT IT WAS AT A TIME WHERE WE WERE WORKING ON | 04:31:27 |
| 19 | IT. | 04:31:30 |
| 20 | Q. WORKING ON IT. OKAY. WE'LL GET TO THAT. | 04:31:31 |
| 21 | SO WHEN YOU SAY HE REPRESENTED, HE NEVER TOOK | 04:31:34 |
| 22 | ANY DEPOSITIONS FOR TONY'S FINE FOODS; RIGHT? | 04:31:37 |
| 23 | A. NOT THAT I KNOW OF. | 04:31:40 |
| 24 | Q. OKAY. I'M GOING TO SHOW YOU WHAT'S BEEN | 04:31:42 |
| 25 | PREVIOUSLY MARKED IN SUSAN OLSON AS EXHIBIT 3. | 04:31:45 |

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | BEFORE YOU SIGNED THE DECLARATION, DID YOU ASK | 04:32:24 |
| 2 | SHEPPARD, MULLIN TO GET YOU A COPY OF THE TONY'S FINE | 04:32:29 |
| 3 | FOODS CASE? | 04:32:31 |
| 4 | A.   NO.  I DON'T THINK SO. | 04:32:33 |
| 5 | Q.   WHY NOT? | 04:32:34 |
| 6 | A.   BECAUSE IT DIDN'T SEEM NECESSARY. | 04:32:38 |
| 7 | Q.   WELL, WHY DIDN'T IT SEEM NECESSARY TO YOU? | 04:32:41 |
| 8 | A.   BECAUSE THE DECLARATION IS WHAT I RECALLED AT | 04:32:45 |
| 9 | THE TIME I SIGNED IT. | 04:32:51 |
| 10 | Q.   WHAT WAS YOUR RECOLLECTION BASED ON? | 04:32:55 |
| 11 | NOT THE REVIEW OF ANY DOCUMENTS? | 04:32:58 |
| 12 | A.   MY RECOLLECTION OF THE MATTER HAVING WORKED ON | 04:33:00 |
| 13 | IT. | 04:33:04 |
| 14 | Q.   OKAY.  TAKE A LOOK AT EXHIBIT 3.  THE PERSON | 04:33:04 |
| 15 | WHOSE DECLARATION WAS -- STRIKE THAT. | 04:33:17 |
| 16 | THE PERSON WHO -- STRIKE THAT AGAIN. | 04:33:19 |
| 17 | EXHIBIT A IS THE COMPLAINT ATTACHED TO YOUR | 04:33:22 |
| 18 | DECLARATION, BUT THAT'S NOT ACTUALLY THE NAME OF THE | 04:33:25 |
| 19 | LAWYER, IS IT? | 04:33:28 |
| 20 | **MS. HANSEN:**   OBJECTION; VAGUE AND AMBIGUOUS. | 04:33:31 |
| 21 | **BY MR. ROXBOROUGH:** | 04:33:33 |
| 22 | Q.   THAT'S NOT THE LAWYER WHO WAS REPRESENTING THE | 04:33:33 |
| 23 | PLAINTIFF WHEN YOU HANDLED THE CASE, WAS IT? | 04:33:35 |
| 24 | A.   I DON'T KNOW THAT. | 04:33:38 |
| 25 | Q.   IT WAS MR. CARLSON; RIGHT? | 04:33:39 |

69

DALENE COURT REPORTERS

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | LOOK AT THE NEXT PAGE, SUBSTITUTION OF | 04:33:42 |
| 2 | ATTORNEY, DECEMBER 19TH, 2002, MR. CARLSON. | 04:33:45 |
| 3 | DOES THAT REFRESH YOUR MEMORY THAT MR. CARLSON | 04:33:49 |
| 4 | WAS THE LAWYER? | 04:33:52 |
| 5 | A.  NO, IT DOESN'T. | 04:33:52 |
| 6 | Q.  DID YOU EVER HAVE ANY DEALINGS WITH | 04:33:53 |
| 7 | MR. CARLSON? | 04:33:54 |
| 8 | A.  I MAY HAVE SENT PLAINTIFF'S COUNSEL SOME | 04:33:55 |
| 9 | CORRESPONDENCE. | 04:33:57 |
| 10 | Q.  BUT YOU DON'T RECALL HIS NAME? | 04:33:59 |
| 11 | A.  NO, I DON'T. | 04:34:01 |
| 12 | Q.  BUT HE'S ON THE CASE FOR THREE YEARS FROM | 04:34:03 |
| 13 | DECEMBER OF 2002 -- IF YOU LOOK AT EXHIBIT 3 -- TO THE | 04:34:05 |
| 14 | TIME THE CASE WAS DISMISSED AUGUST OF 2005, ALMOST | 04:34:08 |
| 15 | THREE YEARS, AND YOU DON'T RECALL HIM; CORRECT? | 04:34:13 |
| 16 | A.  NO, I DON'T RECALL THE NAME OF PLAINTIFF'S | 04:34:18 |
| 17 | COUNSEL ON THIS CASE. | 04:34:21 |
| 18 | Q.  OKAY.  JUST TO REFRESH YOUR MEMORY, DOES THIS | 04:34:21 |
| 19 | REFRESH YOUR MEMORY THAT AROUND JULY 7, 2003, THERE WAS | 04:34:27 |
| 20 | AN APPLICATION RE:  STAY GRANTED?  AT THE TOP OF THE | 04:34:32 |
| 21 | SECOND PAGE. | 04:34:37 |
| 22 | A.  I DON'T RECALL AN APPLICATION FOR A STAY BEING | 04:34:45 |
| 23 | GRANTED. | 04:34:49 |
| 24 | Q.  YOU WOULD NEED TO SEE THE FILE TO REFRESH YOUR | 04:34:50 |
| 25 | MEMORY OR THIS DOCUMENT? | 04:34:53 |

70

DEPOSITION OF MELODEE YEE

| | | |
|---|---|---|
| 1 | BECAUSE I WANT TO BE 100 PERCENT CERTAIN. OKAY? | 04:43:13 |
| 2 | A. THE PRIVILEGE LOGS THAT I PREPARED -- | 04:43:15 |
| 3 | Q. FOR TONY'S FINE FOODS. THAT'S ALL I CARE | 04:43:17 |
| 4 | ABOUT. | 04:43:19 |
| 5 | WHAT PRIVILEGE LOG -- | 04:43:20 |
| 6 | DOES THIS LOOK LIKE THE PRIVILEGE LOG THAT WAS | 04:43:21 |
| 7 | PREPARED IN TONY'S FINE FOODS? | 04:43:24 |
| 8 | A. NO. | 04:43:27 |
| 9 | Q. AND HOW DO YOU KNOW THAT? | 04:43:27 |
| 10 | A. BECAUSE I BELIEVE THERE WERE MORE CATEGORIES. | 04:43:29 |
| 11 | Q. MORE CATEGORIES OF WHAT? | 04:43:33 |
| 12 | A. MORE COLUMNS. | 04:43:34 |
| 13 | Q. MORE COLUMNS FOR WHAT? | 04:43:35 |
| 14 | A. AND MORE GROUNDS FOR PRIVILEGE. | 04:43:37 |
| 15 | Q. HOW DO YOU RECALL THAT? | 04:43:40 |
| 16 | A. BECAUSE THE -- | 04:43:49 |
| 17 | I WORKED ON THE TONY'S FINE FOODS MATTER AND I | 04:43:55 |
| 18 | DIDN'T WORK ON THIS. | 04:43:59 |
| 19 | Q. WHAT FORM DID YOU USE? DIDN'T YOU USE A KERN | 04:44:00 |
| 20 | AND WOOLEY FORM, OR DID YOU CREATE YOUR OWN FORM FOR | 04:44:03 |
| 21 | TONY'S FINE FOODS? | 04:44:07 |
| 22 | A. I DID PRIVILEGE LOGS. THE PRIVILEGE LOGS THAT | 04:44:09 |
| 23 | I WORKED ON HAD MORE CATEGORIES. | 04:44:14 |
| 24 | Q. WHO CREATED THOSE CATEGORIES? | 04:44:18 |
| 25 | A. I DID THROUGH, YOU KNOW, WORKING WITH THE | 04:44:26 |

79

DEPOSITION OF MELODEE YEE

```
1   OTHER ATTORNEYS THERE AS WELL.                                   04:44:30
2       Q.   DID YOU CREATE THE PRIVILEGE LOG FOR TONY'S             04:44:33
3   FINE FOODS --                                                    04:44:36
4       A.   NO.                                                     04:44:36
5       Q.   -- THE FORMAT?                                          04:44:36
6       A.   DID I CREATE THE FORMAT?  NO.                           04:44:39
7       Q.   OKAY.  DID YOU USE THE FORMAT?                          04:44:42
8       A.   DID I USE THE FORMAT?  NO.                              04:44:44
9            I DON'T THINK THAT I PHYSICALLY PERSONALLY              04:44:50
10  PREPARED THE PRIVILEGE LOG IN TONY'S FINE FOODS.                 04:44:57
11      Q.   BUT I THOUGHT YOU WORKED ON THE CASE?                   04:45:02
12      A.   I DID.                                                  04:45:03
13      Q.   OKAY.  AND YOU SAID IN YOUR DECLARATION ON              04:45:04
14  PAGE TWO, PARAGRAPH FIVE YOU SAID, QUOTE:  "AT A LATER           04:45:07
15  POINT IN TIME I RECEIVED A DRAFT PRIVILEGE LOG PREPARED          04:45:13
16  BY MR. PYNES PURSUANT TO THIS ASSIGNMENT."                       04:45:17
17      A.   THAT'S CORRECT.                                         04:45:19
18      Q.   WHERE IS IT?  WHERE IS THE DRAFT?                       04:45:20
19      A.   PROBABLY AT KERN AND WOOLEY.                            04:45:22
20      Q.   SO IT NEVER WAS FINALIZED?                              04:45:24
21      A.   I DON'T KNOW.                                           04:45:26
22      Q.   WHY DID YOU USE THE WORD "DRAFT"?                       04:45:27
23      A.   BECAUSE THAT'S WHAT HE PREPARED.                        04:45:31
24      Q.   WELL, WHAT FORM --                                      04:45:33
25           DID YOU GIVE HIM A FORM TO FOLLOW?                      04:45:34
```

80

DEPOSITION OF MELODEE YEE

```
 1   HE NEVER WORKED ON A BAD FAITH CASE INVOLVING             04:45:36
 2   WORKERS' COMP AT KERN AND WOOLEY UNTIL TONY'S FINE        04:45:40
 3   FOODS ACCORDING TO ALL THE TESTIMONY IN THIS CASE, SO     04:45:44
 4   DID YOU GIVE HIM A FORM?                                  04:45:44
 5       A.  I DON'T KNOW THAT I GAVE HIM OR PRINTOUT OF A     04:45:45
 6   FORM TO FOLLOW.                                           04:45:49
 7       Q.  SO YOU DIDN'T GIVE HIM A FORM?                    04:45:50
 8       A.  I DON'T KNOW.                                     04:45:52
 9       Q.  SO HOW DID YOU EXPECT HIM TO DO IT?               04:45:53
10       A.  I DISCUSSED WITH HIM --                           04:45:55
11       Q.  WHAT DID YOU TELL HIM?                            04:45:56
12       A.  -- THE ASSIGNMENT.                                04:45:57
13       Q.  WHAT WAS THE ASSIGNMENT?                          04:45:58
14       A.  TO REVIEW THE DOCUMENTS.                          04:45:59
15       Q.  WORKERS' COMPENSATION CLAIM FILES; RIGHT?         04:46:01
16           THAT'S ALL YOU GAVE HIM.                          04:46:04
17           THE WORKERS' COMPENSATION CLAIM FILES, IS THAT    04:46:05
18   ALL YOU ASKED HIM TO REVIEW?                              04:46:07
19       MS. HANSEN:  CAN SHE ANSWER?                          04:46:08
20   BY MR. ROXBOROUGH:                                        04:46:10
21       Q.  YEAH.  I THOUGHT YOU DID.                         04:46:10
22       A.  THE ASSIGNMENT THAT I GAVE HIM WAS TO PREPARE     04:46:11
23   A PRIVILEGE LOG OF ALL OF THE PRIVILEGE DOCUMENTS         04:46:13
24   INCLUDING THE CLAIM FILES AND PREPARE A PRIVILEGE LOG     04:46:17
25   AS TO ATTORNEY/CLIENT PRIVILEGE, WORK PRODUCT,            04:46:23
```

DEPOSITION OF MELODEE YEE

```
 1  STATE OF CALIFORNIA       )
                              )  SS.
 2  COUNTY OF LOS ANGELES     )

 3          I, MAGDALENE S. PUENTE, CERTIFIED SHORTHAND

 4  REPORTER, CERTIFICATE NUMBER 8498, FOR THE STATE OF

 5  CALIFORNIA, HEREBY CERTIFY:

 6          THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME

 7  AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH TIME

 8  THE DEPONENT WAS PLACED UNDER OATH BY ME;

 9          THE TESTIMONY OF THE DEPONENT AND ALL

10  OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

11  RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

12  TRANSCRIBED.

13          THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT

14  TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

15          I FURTHER CERTIFY THAT I AM NEITHER COUNSEL

16  FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY

17  WAY INTERESTED IN THE OUTCOME THEREOF.

18          IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED

19  MY NAME THIS _____ DAY OF _____, 2007.

20

21

22

23

24

25                       _____
                         DEPOSITION OFFICER'S SIGNATURE
```

120