EXHIBIT P

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., A CALIFORNIA CORPORATION; N.M.N. CONSTRUCTION, INC., A CALIFORNIA CORPORATION, PLAINTIFFS, | ) |
| V. | ) NO. C07-04651 CRB (ADR) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, AND DOES 1 THROUGH 100, INCLUSIVE, DEFENDANTS. | ) |

## DEPOSITION OF: LISA HANSEN
## TAKEN: TUESDAY, NOVEMBER 27, 2007

*Dalene Court Reporters*
*16161 Ventura Boulevard, #734*
*Encino, California 91436*
*Telephone: 661.726.0584*

*Reported By:*
*Magdalene S. Puente*
*CSR 8498*



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., A CALIFORNIA CORPORATION; N.M.N. CONSTRUCTION, INC., A CALIFORNIA CORPORATION, PLAINTIFFS | ) |
| V. | ) CASE NO. C07-04651 CRB (ADR) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, AND DOES 1 THROUGH 100, INCLUSIVE, DEFENDANTS. | ) |

DEPOSITION OF **LISA HANSEN**, TAKEN ON BEHALF OF THE PLAINTIFF, AT 5820 CANOGA AVENUE, SUITE 250, WOODLAND HILLS, CALIFORNIA, COMMENCING AT 1:07 P.M., TUESDAY, NOVEMBER 27, 2007, BEFORE MAGDALENE S. PUENTE, CSR 8498.

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFFS:

ROXBOROUGH, POMERANCE & NYE, LLP
BY: **NICHOLAS P. ROXBOROUGH, ESQ.**
5820 CANOGA AVENUE
SUITE 250
WOODLAND HILLS, CALIFORNIA 91367
818.992.9999

FOR THE DEFENDANTS:

GRACE, COSGROVE & SCHIRM
A PROFESSIONAL CORPORATION
BY: **DAVID K. SCHULTZ, ESQ.**
444 SOUTH FLOWER STREET
SUITE 1100
LOS ANGELES, CALIFORNIA 90071
213.533.5400

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
BY: **SCOTT R. SVESLOSKY, ESQ.**
333 SOUTH HOPE STREET
48TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1448
213.620.1780

ALSO PRESENT:

**MICHAEL L. PHILLIPS, ESQ.**

REMEDYTEMP CASE; RIGHT? 01:32:11

A. NO. I'M NOT -- 01:32:17

I CAN PROBABLY ANSWER THIS BUT NOT MUCH MORE. 01:32:19 I THINK THIS IS GETTING INTO WORK PRODUCT. 01:32:21

AT TIMES IT WAS SHARED. AT TIMES IT WAS NOT. 01:32:23

Q. OKAY. YOU DIDN'T GIVE ANY TRAINING TO CRAIG 01:32:30 PYNES ON WORKERS' COMP BAD FAITH CASES, OBVIOUSLY, DID 01:32:58 YOU? 01:32:59

A. DID I PERSONALLY? 01:32:59

Q. YES. 01:33:01

A. WELL, I SPOKE WITH MR. PYNES IN GENERAL ABOUT 01:33:02 AN ASSIGNMENT THAT HE DID ON TONY'S FINE FOODS CASE, SO 01:33:08 I WOULD CONSIDER QUESTIONS THAT HE HAD ASKED ME AND 01:33:11 ISSUES WE HAD DISCUSSED ABOUT THE ASSIGNMENT HE HAD 01:33:16 WITH TONY'S FINE FOODS AS TRAINING. 01:33:19

Q. OKAY. WELL, I'M NOT GOING TO ARGUE WITH YOU 01:33:23 ABOUT THAT. WE'LL COME BACK TO THAT. 01:33:27

BUT OTHER THAN THAT, YOU DIDN'T GIVE ANY 01:33:29 TRAINING TO CRAIG PYNES; RIGHT? 01:33:30

**MR. SCHULTZ:** OBJECTION; OVERBROAD, VAGUE. 01:33:32

**BY MR. ROXBOROUGH:** 01:33:34

Q. CONCERNING WORKERS' COMPENSATION BAD FAITH 01:33:35 CASES? 01:33:39

A. BEYOND WHAT I TESTIFIED TO, I DID NOT 01:33:39 PERSONALLY, NO. 01:33:41

FOODS, DID YOU? YOU WEREN'T EVEN THE HANDLING ATTORNEY. 01:47:11 01:47:14

**MR. SCHULTZ:** OBJECTION; MISSTATES HER TESTIMONY. 01:47:14 01:47:16

**THE DEPONENT:** WELL, AS I TESTIFIED, HE DID COME AND ASK ME SOME QUESTIONS ABOUT THE ASSIGNMENT THAT HE WAS GIVEN. SO TO THE EXTENT I WOULD HAVE PROVIDED SOME GUIDANCE, RECOMMENDATIONS, INFORMATION OR HELP, THAT'S SUPERVISION. 01:47:17 01:47:21 01:47:24 01:47:28 01:47:35

**BY MR. ROXBOROUGH:** 01:47:37

Q. THAT'S WHAT YOU MEANT BY "SUPERVISE HIM"? 01:47:37

A. WELL, THAT'S INVOLVED IN SUPERVISION. 01:47:40

Q. SO YOU WERE INVOLVED IN SUPERVISING HIM ON THIS ASSIGNMENT INVOLVING WORKERS' COMPENSATION CLAIM FILES; IS THAT YOUR TESTIMONY? 01:47:42 01:47:45 01:47:50

**MR. SCHULTZ:** OBJECTION; ARGUMENTATIVE, VAGUE, COMPOUND, MISSTATES HER TESTIMONY. TESTIMONY STANDS AS SHE TESTIFIED. 01:47:51 01:47:53 01:47:58

**THE DEPONENT:** WHILE AT KERN AND WOOLEY I WAS ONE OF THE SUPERVISING ATTORNEYS FOR OUR PRACTICE GROUP AND OFTEN WOULD SUPERVISE MR. PYNES AND OTHERS ON A VARIETY OF CASES. 01:48:02 01:48:05 01:48:11 01:48:16

**BY MR. ROXBOROUGH:** 01:48:16

Q. HE WAS A COMPETENT LAWYER? 01:48:19

A. PARDON? 01:48:20

Q. HE WAS A COMPETENT LAWYER? 01:48:21

**MR. SCHULTZ:** OBJECTION; VAGUE. 01:48:23

**THE DEPONENT:** YEAH. SURE. 01:48:24

**BY MR. ROXBOROUGH:** 01:48:24

Q. GOOD LAWYER? 01:48:26

**MR. SCHULTZ:** SAME. 01:48:28

**THE DEPONENT:** YES. 01:48:29

**BY MR. ROXBOROUGH:** 01:48:29

Q. HARD WORKER? 01:48:29

A. YES. 01:48:30

Q. HONEST? 01:48:31

A. I HAVE NO REASON TO BELIEVE OTHERWISE. 01:48:32

Q. THIS SUPERVISION OF CRAIG PYNES ON TONY'S FINE 01:48:42 FOODS, WHAT WOULD YOU ESTIMATE THE LENGTH OF THE TIME 01:48:45 YOU SPENT SUPERVISING HIM ON THIS ASSIGNMENT? 01:48:47

A. MY DISCUSSION WITH HIM WOULD HAVE BEEN, AS I 01:48:51 SIT HERE TODAY, AN ESTIMATE OF 15 MINUTES. 01:48:59

Q. AND HOW IS IT THAT YOU RECALL THAT SO VIVIDLY? 01:49:05

**MR. SCHULTZ:** OBJECTION; ARGUMENTATIVE. 01:49:09

**THE DEPONENT:** I HAVE A RECOLLECTION THAT 01:49:14 MR. PYNES WALKED INTO MY OFFICE, WAS STANDING IN MY 01:49:18 OFFICE, AND HAD ASKED ME QUESTIONS ABOUT THE 01:49:22 ASSIGNMENT, THE PROJECT THAT HE WAS WORKING ON IN THE 01:49:27 TONY'S FINE FOODS CASE AND ASKED ME SOME SPECIFIC 01:49:33 QUESTIONS EITHER ABOUT THE DOCUMENT REVIEW, THE 01:49:38

ASSIGNMENT, OR ISSUES INVOLVING THE WORKERS' COMP BAD FAITH. 01:49:42 01:49:50

**BY MR. ROXBOROUGH:** 01:50:12

Q. WELL, DID HE ASK YOU ABOUT THE DOCUMENT REVIEW OR DID HE ASK YOU ABOUT THE ASSIGNMENT OR DID HE ASK YOU ABOUT THE ISSUES INVOLVING THE WORKERS' COMP BAD FAITH CASE? 01:50:13 01:50:15 01:50:17 01:50:20

**MR. SCHULTZ:** OBJECTION; COMPOUND. 01:50:20

**BY MR. ROXBOROUGH:** 01:50:25

Q. WHICH ONE DID HE ASK YOU ABOUT? 01:50:26

**MR. SCHULTZ:** OBJECTION; COMPOUND. 01:50:27

**THE DEPONENT:** AS I SIT HERE TODAY, IT WAS ABOUT THE ASSIGNMENT IN GENERAL WHICH ENCOMPASSED ALL OF THOSE. 01:50:32 01:50:34 01:50:38

I DON'T RECALL ANY -- ANY OF THE SPECIFICS IN TERMS OF WHAT HE SAID AND WHAT I SAID, BUT I DO DISTINCTLY REMEMBER THAT CRAIG AND I DID DISCUSS THAT PROJECT. 01:50:41 01:50:51 01:50:57 01:51:00

**BY MR. ROXBOROUGH:** 01:51:00

Q. BUT YOU DON'T REMEMBER WHICH OF THE THREE SUBJECTS YOU TALKED ABOUT? 01:51:01 01:51:04

**MR. SVESLOSKY:** OBJECTION; MISSTATES HER TESTIMONY, ARGUMENTATIVE. 01:51:06 01:51:08

**MR. SCHULTZ:** VAGUE AND COMPOUND, TOO. 01:51:11

**THE DEPONENT:** I THINK I ANSWERED THAT. 01:51:13

**BY MR. ROXBOROUGH:** 01:51:15

Q. DID YOU TAKE NOTES OF THE CONVERSATION? 01:51:15

A. NO. 01:51:17

Q. YOU HAD NEVER WORKED WITH HIM ON TONY'S FINE FOODS UP UNTIL THAT POINT; CORRECT? 01:51:19 01:51:22

A. CORRECT. 01:51:25

Q. YOU DIDN'T EVEN GIVE HIM THE ASSIGNMENT, DID YOU? 01:51:26 01:51:32

A. NO, I DID NOT. 01:51:32

Q. WHAT MONTH WAS THIS? 01:51:36

A. I DON'T RECALL AS I SIT HERE TODAY. 01:51:40

Q. WHAT YEAR WAS IT? 01:51:43

A. WELL, IT WAS DURING THE TIME HE WAS EMPLOYED AT KERN AND WOOLEY, SO IT WAS EITHER THE FALL OF 2003 OR BEFORE HE LEFT IN JANUARY, FEBRUARY, MARCH OF 2004. 01:51:45 01:51:48 01:51:54

**MR. ROXBOROUGH:** I'M GOING TO HAVE MARKED AS EXHIBIT 2 YOUR DECLARATION CALLED AN AFFIDAVIT IN THE REPUBLIC SERVICES VERSUS LIBERTY MUTUAL CASE. 01:52:02 01:52:04 01:52:13

(WHEREUPON, PLAINTIFF'S EXHIBIT 2 WAS MARKED FOR IDENTIFICATION AND WAS ATTACHED HERETO.) 01:52:13 01:52:13

**BY MR. ROXBOROUGH:** 01:52:13

Q. YOU'RE FAMILIAR WITH THIS DOCUMENT; CORRECT? 01:52:47

A. YES. 01:52:50

Q. YOU SIGNED IT ON AUGUST 1ST OF 2006; CORRECT? 01:52:54

A. THAT'S WHAT IT SAYS ON PAGE FOUR. 01:52:59

Q. YOU DIDN'T MENTION ONE WORD ABOUT ANYTHING YOU JUST TESTIFIED -- STRIKE THAT. 01:53:03 01:53:06

YOU DIDN'T EVEN MENTION THE CASE THAT YOU HAD ANY INVOLVEMENT IN ON TONY'S FINE FOODS IN THIS DECLARATION; CORRECT? 01:53:08 01:53:11 01:53:13

**MR. SCHULTZ:** ARGUMENTATIVE. 01:53:14

**THE DEPONENT:** WELL -- 01:53:15

**MR. SCHULTZ:** VAGUE. 01:53:16

**BY MR. ROXBOROUGH:** 01:53:17

Q. IS THAT TRUE? 01:53:18

A. CORRECT. AND IT'S COVERED IN MY DEPOSITION IN THE KENTUCKY SUIT. 01:53:23 01:53:27

Q. WHY DIDN'T YOU MENTION ANYTHING ABOUT YOU SUPERVISING MR. PYNES ON TONY'S FINE FOODS ON AUGUST 1ST OF 2006? 01:53:27 01:53:32 01:53:36

A. WELL, AS I TESTIFIED IN MY PRIOR DEPOSITION IN THE KENTUCKY LAWSUIT, AS OF THE TIME I SIGNED THIS DECLARATION, I DID NOT RECALL SPECIFICS RELATING TO TONY'S FINE FOODS. 01:53:37 01:53:41 01:53:45 01:53:59

HOWEVER, BETWEEN THE TIME I SIGNED THIS DECLARATION AND THEN MY DEPOSITION WAS NOTICED BY YOUR FIRM, IN PREPARING FOR THAT DEPOSITION, MY RECOLLECTION WAS REFRESHED THAT MR. PYNES HAD WORKED ON THE TONY'S FINE FOODS CASE. 01:54:00 01:54:02 01:54:06 01:54:10 01:54:17

AND ONCE MY RECOLLECTION WAS REFRESHED, IT 01:54:20

ALSO REFRESHED MY RECOLLECTION OF HIM SPECIFICALLY DISCUSSING THE WORK THAT HE DID ON THAT CASE WITH ME. 01:54:24 01:54:27

Q. OKAY. WHO REFRESHED YOUR MEMORY? 01:54:31

WAS IT BILL CUPELO I BELIEVE YOU SAID? 01:54:34

**MR. SCHULTZ:** OBJECTION; ASSUMES FACTS NOT IN EVIDENCE. 01:54:37 01:54:39

**THE DEPONENT:** WELL, I BELIEVE I TESTIFIED TO THIS IN MY PRIOR DEPOSITION. IT WAS OTHER ATTORNEYS WITHIN AT THAT TIME THE PETERSON & BRADFORD LAW FIRM. 01:54:39 01:54:41 01:54:43

**BY MR. ROXBOROUGH:** 01:54:47

Q. WHO WERE THE OTHER ATTORNEYS? 01:54:47

A. WELL, I BELIEVE AS I TESTIFIED PREVIOUSLY, IT WOULD HAVE BEEN ANY OF THEM INDIVIDUALLY OR IN COMBINATION RON SKOCYPEC, SUSAN OLSON, AND MELODEE YEE. 01:54:58 01:55:01 01:55:07

Q. SO PRIOR TO THE -- 01:55:12

SO IS IT FAIR TO SAY THAT PRIOR TO AUGUST 1ST, 2006, YOU DIDN'T RECALL THE CONVERSATION THAT YOU TESTIFIED TO REGARDING TONY'S FINE FOODS WITH CRAIG PYNES? 01:55:15 01:55:16 01:55:20 01:55:23

**MR. SVESLOSKY:** OBJECTION; MISSTATES HER TESTIMONY, LACKS FOUNDATION. 01:55:26 01:55:28

**THE DEPONENT:** WHEN I SIGNED THIS DECLARATION ON AUGUST 1ST, 2006, I DID NOT RECALL MR. PYNES' WORK ON TONY'S FINE FOODS. 01:55:30 01:55:32 01:55:38

/// 01:55:39

BY MR. ROXBOROUGH: 01:55:39

Q. OKAY. AND SO WHAT DID MS. OLSON TELL YOU ABOUT CRAIG PYNES'S WORK ON TONY'S FINE FOODS? 01:55:39 01:55:57

A. WELL, THAT'S WORK PRODUCT. 01:55:57

Q. I DON'T THINK SO, NOT IF THAT'S WHAT YOU'RE RELYING ON TO REFRESH YOUR RECOLLECTION. 01:56:04 01:56:06

YOU REMEMBER THE EVIDENCE CODE? 01:56:08

MR. SCHULTZ: OH. WAIT. LET'S NOT GET ARGUMENTATIVE LIKE THAT, OKAY? 01:56:09 01:56:11

MR. ROXBOROUGH: YOU KNOW, MR. SCHULTZ -- 01:56:13

MR. SCHULTZ: THERE'S NO LECTURE ABOUT DO YOU REMEMBER THE EVIDENCE CODE, OKAY? 01:56:13 01:56:15

MR. ROXBOROUGH: I'M NOT GOING TO SIT HERE AND LISTEN TO MANY MORE ATTORNEY WORK PRODUCT OBJECTIONS, OKAY? 01:56:16 01:56:19 01:56:22

MR. SCHULTZ: I DON'T CARE WHAT YOU DO. THERE'S NOT GOING TO BE ANYMORE OF THAT, OKAY, AND I'M NOT GOING TO SIT HERE AND LISTEN TO THAT EITHER. 01:56:23 01:56:25 01:56:28

MR. ROXBOROUGH: YOU'RE FREE TO LEAVE ANYTIME YOU'D LIKE. 01:56:30 01:56:31

MR. SCHULTZ: AS ARE YOU. 01:56:31

MR. ROXBOROUGH: NO. THIS IS MY OFFICE. KNOCK IT OFF. 01:56:33 01:56:35

MR. SCHULTZ: YOU KNOCK IT OFF. I'M SERIOUS. 01:56:35

MR. ROXBOROUGH: YOU KNOW WHAT, MS. HANSEN, DO 01:56:38

YOU NEED TO HAVE THE QUESTION READ BACK? 01:56:42

**THE DEPONENT:** YES. 01:56:47

**MR. ROXBOROUGH:** OKAY. WHY DON'T YOU PLEASE READ BACK THE QUESTION? 01:56:48 01:56:50

(WHEREUPON, THE FOLLOWING QUESTION WAS READ: 01:56:50 01:56:50

Q. AND SO WHAT DID MS. OLSON TELL YOU ABOUT CRAIG PYNES'S WORK ON TONY'S FINE FOODS?) 01:56:50 01:56:50 01:56:51

**THE DEPONENT:** WELL, I DON'T KNOW THAT SHE TOLD ME ABOUT THE WORK. AND AS I SIT HERE TODAY, I DON'T RECALL SPECIFICALLY WHAT SHE AND I WOULD HAVE DISCUSSED BETWEEN THE TIME I SIGNED MY AFFIDAVIT IN THE KENTUCKY LAWSUIT AND THE TIME OF MY DEPOSITION. 01:56:51 01:57:08 01:57:12 01:57:18 01:57:22

**BY MR. ROXBOROUGH:** 01:57:22

Q. WHAT DID YOU AND MS. YEE TALK IN TERMS OF CRAIG PYNES'S INVOLVEMENT, IF ANYTHING, AND IF YOU RECALL? 01:57:25 01:57:28 01:57:33

**MR. SCHULTZ:** OBJECTION; VAGUE AS TO SCOPE, TIME, COMPOUND. 01:57:33 01:57:37

GO AHEAD. 01:57:39

**THE DEPONENT:** AS I SIT HERE TODAY, I BELIEVE THAT I DISCUSSED WITH MS. YEE WHO I THEN REMEMBERED WAS ONE OF THE ATTORNEYS ON TONY'S FINE FOODS IN GENERAL WHAT THE CASE WAS ABOUT, WHETHER CRAIG WORKED ON THE 01:57:49 01:57:52 01:58:00 01:58:08

CASE, AND WHAT THE SCOPE OF ANY ASSIGNMENTS OR PROJECTS WERE THAT HE DID ON THE CASE WHILE AT KERN AND WOOLEY. 01:58:15 01:58:22

**BY MR. ROXBOROUGH:** 01:58

Q. WAS THIS WHILE YOU WERE AT THE PETERSON LAW FIRM? 01:58: 01:58:2

A. YES. 01:58:29

Q. AND THIS WAS AT THE PETERSON LAW FIRM, THIS DISCUSSION? 01:58:29 01:58:32

A. YES. 01:58:33

Q. WHY DIDN'T YOU TALK TO HER ABOUT THIS BEFORE YOU SIGNED YOUR AUGUST 1ST, 2006 DECLARATION? 01:58:40 01:58:43

**MR. SVESLOSKY:** OBJECTION; LACKS FOUNDATION, CALLS FOR SPECULATION, VAGUE. 01:58:48 01:58:51

**THE DEPONENT:** SHE MIGHT HAVE BEEN ON VACATION. SHE TYPICALLY TAKES A VACATION AT THE END OF JULY, THE BEGINNING OF AUGUST, SO I -- AS I SIT HERE TODAY, I BELIEVE AT THE TIME I SIGNED THIS DECLARATION SHE WAS ON VACATION, AND THAT AFTER I SIGNED THIS DECLARATION SHE CAME BACK FROM VACATION AND I RECEIVED A SUBPOENA FOR MY DEPOSITION. 01:59:13 01:59:16 01:59:20 01:59:25 01:59:28 01:59:32 01:59:35

**BY MR. ROXBOROUGH:** 01:59:35

Q. AND SO IN PREPARING FOR YOUR DEPOSITION IN THE KENTUCKY CASE, YOU SPOKE TO MS. YEE? 01:59:38 01:59:42

A. YES. 01:59:45

Q. ARE YOU ABSOLUTELY CERTAIN ABOUT THAT? 01:59:51

A. YES. 01:59:52

Q. OKAY. DO YOU RECALL TESTIFYING IN YOUR AUGUST 15TH, 2006 DEPOSITION THAT MS. OLSON HELPED -- STRIKE THAT. 01:59:54 02:01 02:01:2

DO YOU RECALL TESTIFYING IN YOUR AUGUST 15TH, 2006 DEPOSITION THAT MS. OLSON PARTICIPATED IN THE DRAFTING OF YOUR KENTUCKY DECLARATION? 02:01:28 02:01:32 02:01:37

**MR. SCHULTZ:** OBJECTION; VAGUE, ASSUMES FACTS NOT IN EVIDENCE. 02:01:43 02:01:43

IF YOU'D LIKE TO SHOW HER FROM HER DEPOSITION, GO FOR IT. 02:01:47 02:01:51

DO YOU NEED TO SEE -- 02:01:53

**THE DEPONENT:** I'D HAVE TO SEE THE DEPOSITION TO MAKE SURE WHAT I SAID AND WHAT THE TESTIMONY WAS. 02:01:55 02:01:56

**MR. ROXBOROUGH:** OKAY. NOT A PROBLEM. 02:01:59

MARKED AS EXHIBIT 3 THE DEPOSITION I WAS REFERRING TO, AND I'LL DIRECT YOUR ATTENTION TO PAGE 20, LINES TWO THROUGH EIGHT. 02:02:05 02:02:10 02:02:17

(WHEREUPON, PLAINTIFF'S EXHIBIT 3 WAS MARKED FOR IDENTIFICATION AND WAS ATTACHED HERETO.) 02:02:17 02:02:17

**BY MR. ROXBOROUGH:** 02:02:17

Q. THIS IS THE DEPOSITION YOU REVIEWED TODAY; CORRECT? 02:02:51 02:02:53

A. I'M SORRY. COULD YOU REPEAT? 02:02:55

Q. THIS IS A TRUE AND CORRECT COPY OF THE 02:02:57

STATE OF CALIFORNIA )
) SS.
COUNTY OF LOS ANGELES )

I, MAGDALENE S. PUENTE, CERTIFIED SHORTHAND REPORTER, CERTIFICATE NUMBER 8498, FOR THE STATE OF CALIFORNIA, HEREBY CERTIFY:

THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH BY ME;

THE TESTIMONY OF THE DEPONENT AND ALL OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER TRANSCRIBED.

THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED MY NAME THIS 3rd DAY OF December, 2007.

Magdalene S. Puente

DEPOSITION OFFICER'S SIGNATURE