1  FRANK FALZETTA, Cal. Bar No. 125146
   SCOTT SVESLOSKY, Cal. Bar No. 217660
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 48th Floor
3  Los Angeles, California 90071-1448
   Telephone: 213-620-1780
4  Facsimile: 213-620-1398
   ffalzetta@sheppardmullin.com
5  ssveslosky@sheppardmullin.com

6  TED C. LINDQUIST, III, Cal. Bar No. 178523
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
8  Telephone: 415-434-9100
   Facsimile: 415-434-3947
9  tlindquist@sheppardmullin.com

10 Attorneys for Defendant and Counterclaimant
   LIBERTY MUTUAL FIRE INSURANCE COMPANY
11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br><br>Hon. Charles R. Breyer<br>[Complaint Filed: September 10, 2007]<br><br>**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OBJECTIONS TO THE DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LIBERTY MUTUAL'S MOTION TO DISQUALIFY THE ROXBOROUGH FIRM**<br><br>[Proposed Order Lodged Concurrently]<br><br>Date: December 21, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 8 |

1  Defendant and counterclaimant Liberty Mutual Fire Insurance Company
2  ("LMFIC") submits the following objections to the evidence submitted by plaintiff Largo
3  Concrete, Inc. and plaintiff and counter-defendant N.M.N. Construction, Inc. (collectively
4  "Plaintiffs") in support of their Opposition to LMFIC's Motion to Disqualify Roxborough,
5  Pomerance & Nye from Representing Plaintiffs.

6

## LMFIC'S GENERAL OBJECTION

LMFIC generally objects to paragraphs 2, 3, 4, 9, 10, 12, 23, and 24 of the Declaration of Nicholas P. Roxborough and paragraphs 2, 3, and 10 of the Declaration of Michael B. Adreani submitted in support of Plaintiffs' Opposition on the grounds that the information contained in these paragraphs regarding Mr. Roxborough's and Mr. Adreani's education and experience is entirely irrelevant to the issues before the Court on this Motion. Fed. R. Evid. 402.

## LMFIC OBJECTIONS TO DECLARATION OF
## NICHOLAS P. ROXBOROUGH DATED NOVEMBER 30, 2007

| Portion of Declaration | Objections |
|---|---|
| 1.  Liberty Fire's Best Practice documents were very similar to standard Best Practices that other carriers and TPA's in the industry utilize. As I recall, there was generally very little, if anything, that was unique about Liberty Fire's Best Practice Guidelines.<br><br>(Roxborough Decl., pp. 5:3-5.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 2.  Attached hereto as Exhibit "A" is a true and correct copy of Best Practice Guidelines that one can get as a matter of public record on a website. These Best Practices are from a national claims expert, Doug McCoy | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |

| Portion of Declaration | Objections |
|---|---|
| who I deposed in the Republic Services action. (Roxborough Decl., pp. 5:5-8.) | |
| 3. Generally, the areas covered in these Best Practices areas are typical of the areas covered by most workers' compensation claims Best Practices Guidelines in the industry. (Roxborough Decl., pp. 5:9-10.) | Lacks foundation. Fed. R. Evid. 602. Irrelevant. Fed. R. Evid. 402. Confuses the issues. Fed. R. Evid. 403. Hearsay. Fed. R. Evid. 802. |
| 4. At the time, Kentucky counsel had already received from the various Liberty defendants, Best Practice Guidelines. (Roxborough Decl., pp. 6:25-27.) | Lacks foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802. |
| 5. At the time, they said they did not think much of Defendants' chances of succeeding on their motion to disqualify our firm. (Roxborough Decl., p. 7:17-19.) | Hearsay. Fed. R. Evid. 802. |
| 6. As I have done in the past with any associates who worked on a Liberty case, since Craig has been here, I instructed Mr. Phillips that Mr. Pynes is to have no involvement or access to the Remedy Temp or Largo cases. (Roxborough Decl., p. 8:18-20.) | Hearsay. Fed. R. Evid. 802. |

| Portion of Declaration | Objections |
|---|---|
| 7. The information contained in these files contains no information regarding a civil law firm's strategies on how to defend the carrier or TPA in workers' compensation bad faith claims mishandling cases.<br><br>(Roxborough Decl., p. 9:8-10.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 8. A workers' compensation claim file simply contains the adjustor's notes, the medical records concerning the nature and extent of a worker's injury, whether the file had been investigated or not, whether the insured was defended in the action, records regarding payments of medical bills, medical liens, etc. Many of the records are indeed a matter of public record at the workers compensation appeals boards throughout California.<br><br>(Roxborough Decl., p. 9:16-20.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 9. There is absolutely nothing confidential in a workers' compensation claim file in terms of a carrier or third party administrator's strategies of defending itself against allegations of workers' compensation bad faith claims handling practices.<br><br>(Roxborough Decl., p. 9:21-25.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802.<br><br>Irrelevant. Fed. R. Evid. 402.<br><br>Argumentative. |
| 10. As this honorable court can see, I did not learn anything about what Liberty Fire redacts in workers' compensation claim files from Mr. Pynes- I learned it | Lacks foundation. Fed. R. Evid. 602.<br><br>Argumentative. |

| **Portion of Declaration** | **Objections** |
|---|---|
| from Liberty Fire and their retained civil litigation counsel, in the Kimco and Remedy Temp cases.<br><br>(Roxborough Decl., p. 10:18-20.) | |
| 11.    In addition, I have reviewed the pleadings identified on this docket sheet and determined that neither Ms. Yee nor Lisa Kralik Hansen's name appear on any of the listed pleadings and the only pleading executed by Ms. Hansen was the Notice of Ex Parte Application and Ex Parte Application for an Order Staying the Action by Stipulation. Although this document was executed by Ms. Hansen, her name does not appear as attorney of record; it appears she executed the pleading simply on behalf of Susan Olson.<br><br>(Roxborough Decl., pp. 11:1-6.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |

W02-WEST:1JMJ2\400609120.1

OBJECTIONS TO PLAINTIFFS' EVIDENCE

# LMFIC'S OBJECTIONS TO DECLARATION OF
# MICHAEL B. ADREANI DATED NOVEMBER 30, 2007

| Portion of Declaration | Objections |
|---|---|
| 1. What is different about Liberty is that Liberty does not have a standard workers' compensation claims manual. Rather, Liberty utilizes a document called "Best Practices" to instruct adjusters on how to handle workers' compensation claims. I have confirmed this with the receipt of documents throughout the years, the noted absence of a claims manual in document production, through deposition testimony of various witnesses on various cases, and through written discovery. Liberty has itself made the representation to me that it does not use a claims manual for its workers' compensation adjusters.<br><br>(Adreani Decl., p. 3:5:11.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 2. To the extent Liberty does utilize "Best Practices" and any other document in training and providing instruction or protocols to its adjusters in workers compensation cases, I was provided that information and documents prior to Mr. Pynes ever joining this firm.<br><br>(Adreani Decl., p. 3:12-14.) | Lacks foundation. Fed. R. Evid. 602. |
| 3. Liberty Fire responded that <u>all such documents had been produced</u> and, when pressed, confirmed that no claims manual is actually used by Liberty Fire. | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |

W02-WEST:1JMJ2\400609120.1

OBJECTIONS TO
PLAINTIFFS' EVIDENCE

| # | **Portion of Declaration** | **Objections** |
|---|---|---|
| | (Adreani Decl., p. 4:17-18.) | |
| 4. | All documents related to the manner in which Liberty Fire handles workers' compensation claims, and how Liberty Fire trains workers' compensation adjusters, therefore, were in my firm's possession by the end of 2002 — over two years before Mr. Pynes joined our firm. (Adreani Decl., pp. 4:25-5:1.) | Lacks foundation. Fed. R. Evid. 602. |
| 5. | Specifically, my notes from *Kimco* indicate that all of the documents Liberty Fire considered its training and adjusting "manuals" were produced to me, and Bates labeled Nos. LM 50869-5 1987. (Adreani Decl., p. 5:2-4.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 6. | I also specifically recall Liberty Fire's counsel acknowledging to me on the record of a deposition that, with regard to workers' compensation training and adjusting manuals used by Liberty Fire, "all such documents had been produced" in the *Kimco* case. (Adreani Decl., p. 5:6-9.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 7. | It was well known to Ms. Hansen and Ms. Olson that Mr. Pynes was working at my firm at the time the *RemedyTemp* case was filed. (Adreani Decl., p. 6:1-2.) | Lacks foundation. Fed. R. Evid. 602. |

| Portion of Declaration | Objections |
|---|---|
| 8. On one occasion, early in the case at an in person "meet and confer" under Central District Local Rule 7 at my office, both Ms. Hansen and Ms. Olson said hello to Mr. Pynes personally while in my office. On other occasions both Ms. Hansen and Ms. Olson asked me to say hello to Mr. Pynes. (Adreani Decl., p. 6:5-8.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 9. During the course of the *RemedyTemp* case, I have received through discovery and Rule 26 all of the same training and adjusting materials I received in the *Kimco* case, all with Liberty's full knowledge of Mr. Pynes' employment at my firm. (Adreani Decl., p. 6:9-14.) | Lacks foundation. Fed. R. Evid. 602. |
| 10. At that time, co-counsel in Kentucky had long since obtained all of the workers' compensation training and adjusting manuals, including Best Practices, from Liberty. These were all of the same documents I had seen in *Kimco* and *RemedyTemp*. (Adreani Decl., p. 8:1-5.) | Lacks foundation. Fed. R. Evid. 602. |

## LMFIC'S OBJECTIONS TO DECLARATION OF CRAIG S. PYNES DATED NOVEMBER 30, 2007

| Portion of Declaration | Objections |
|---|---|
| 1. The claim files I reviewed contained no confidential information regarding Liberty Mutual Insurance Company | Lacks foundation. Fed. R. Evid. 602. |

-8-

| Portion of Declaration | Objections |
|---|---|
| or Liberty Mutual Fire Insurance Company and were individually titled "applicant's name versus Tony's Fine Foods". (Pynes Decl., p. 2:20-22.) | Hearsay. Fed. R. Evid. 802. Improper legal conclusion. Fed. R. Evid. 701. |
| 2. At no time during my employment with Kern & Wooley did I ever seek or gain access to information that was confidential to Liberty Mutual Fire Insurance Company, or any other Liberty entity, regarding their policies or strategies associated with workers' compensation bad faith claims mishandling matters. (Pynes Decl., p. 4:17-20.) | Lacks foundation. Fed. R. Evid. 602. Improper legal conclusion. Fed. R. Evid. 701. |
| 3. At no time during my employment with Kern & Wooley did I obtain any information that was confidential to Liberty Mutual Fire Insurance Company's, or any other Liberty entity, regarding their policies or strategies associated with workers' compensation bad faith claims mishandling litigation. (Pynes Decl., p. 4:21-24.) | Lacks foundation. Fed. R. Evid. 602. Improper legal conclusion. Fed. R. Evid. 701. |
| 4. Before leaving Kern & Wooley, I personally discussed my offer to work for Roxborough, Pomerance & Nye with Lisa Kralik Hansen. We specifically discussed that the Roxborough, Pomerance & Nye firm handles workers' compensation bad faith claims cases distinct from the type of work I had done at Kern & Wooley. She agreed that this was a completely new area of practice for me and a | Hearsay. Fed. R. Evid. 802. |

| Portion of Declaration | Objections |
|---|---|
| wonderful opportunity for me to learn a completely different area of the legal practice.<br><br>(Pynes Decl., p. 6:3-8.) | |
| 5. However, by that time, I had seen other similar Best Practices Guidelines from other carriers and third party administrators. My recollection is that there was not anything very significantly different from the approximate six page document that I had seen in other cases.<br><br>(Pynes Decl., pp. 7:5-7.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802. |
| 6. Whatever evidence I reviewed in the Kentucky action was evidence that Kentucky counsel had obtained from defendants in that matter.<br><br>(Pynes Decl., p. 7:15-20.) | Lacks foundation. Fed. R. Evid. 602. |

Respectfully Submitted by:

Dated: December 14, 2007

                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                     By _____
                             TED C. LINDQUIST, III
                       Attorneys for Defendant and Counterclaimant
                     LIBERTY MUTUAL FIRE
                     INSURANCE COMPANY

W02-WEST:1JMJ2\400609120.1

OBJECTIONS TO PLAINTIFFS' EVIDENCE