FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
ffalzetta@sheppardmullin.com
ssveslosky@sheppardmullin.com

TED C. LINDQUIST, III, Cal. Bar No. 178523
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
tlindquist@sheppardmullin.com

Attorneys for Defendant and Counterclaimant
LIBERTY MUTUAL FIRE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br><br>Hon. Charles R. Breyer<br>[Complaint Filed: September 10, 2007]<br><br>**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**<br><br>Date:    December 21, 2007<br>Time:   10:00 a.m.<br>Place:   Courtroom 8 |

Defendant and counterclaimant Liberty Mutual Fire Insurance Company ("LMFIC") submits this opposition to the purported objections made by plaintiff Largo Concrete, Inc. and plaintiff and counter-defendant N.M.N. Construction, Inc. (collectively "Plaintiffs") to the evidence supporting LMFIC's Motion to Disqualify Roxborough, Pomerance & Nye from Representing Plaintiffs.

-1-

Plaintiffs' purported objections to LMFIC's evidence are not really objections at all. Rather than stating proper objections under the Rules of Evidence and the legal grounds supporting them, plaintiffs assert additional legal argument, in violation of the 25 page limit on points and authorities [Local Rule 7-3(a)]. Plaintiffs' thinly disguised effort to use purported "objections" as an opportunity for further briefing is improper. Their "objections" should be overruled in their entirety.

## I.
## THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS TO
## THE LISA HANSEN DECLARATION

Plaintiffs argue that the Declaration of Lisa Kralik Hansen is "irrelevant, based on speculation, . . . is inherently weak, and is not the best evidence available" [Objections, p. 1], but fail to specify any statement she made that is allegedly irrelevant, based on speculation, inherently weak, or not the "best evidence." [See Objections, pp. 1-3]. The Court should summarily overrule these objections Because Plaintiffs fail to identify the basis for them. Fed. R. Evid. 103.

Plaintiffs argue that certain statements in the Hansen Declaration are "misleading" because they lack specificity on irrelevant issues. "Misleading" is not an evidentiary objection, it is pure argument that should be reserved for the briefs.

Plaintiffs next argue that Ms. Hansen "falsely" asserted that she represented a Liberty Mutual entity. Plaintiffs are wrong as a matter of law. Ms. Hansen properly stated that she represented the Liberty Mutual companies in the Tony's Fine Foods matter based on the fact that she worked at Kern and Wooley LLP ("K&W"). Streit v. Covington & Crowe, 82 Cal.App.4th 441, 445 (2000)(an attorney-client relationship exists between the client and any attorney that is a partner of or employed by the retained attorney).

-2-

Plaintiffs argue that paragraphs 6 and 7 of the Hansen Declaration should be stricken because they are based on hearsay statements by Ms. Yee. [Objections, p. 2]. This argument is irrelevant because the alleged hearsay declarant, Ms. Yee, testifies to the same facts in her declaration. [Yee Decl., ¶ 5]. Therefore, facts regarding Mr. Pynes's work on the Tony's Fine Foods matter, whether attested to by Ms. Hansen or Ms. Yee, are competent evidence that the Court should consider in ruling on this Motion.

Plaintiffs falsely claim that Ms. Hansen stated in her declaration that she "trained" or "supervised" Mr. Pynes on the Tony's Fine Foods matter. [Objections, p. 3]. In fact, Ms. Hansen stated that she often supervised Mr. Pynes' work at K&W and that she discussed Mr. Pynes's work on the Tony's Fine Foods matter with him. [Hansen Decl., ¶¶ 3, 7].

Finally, Plaintiffs argue that Ms. Hansen's entire declaration should be "stricken" because she "has demonstrated extreme bias in favor of Liberty" because Liberty Mutual has not retained her in any new cases during the last 11 months. (Objections, p. 3). Plaintiffs' objection is factually and logically unsupported, as Ms. Hansen's bias, if any, could as easily be *against* Liberty Mutual for not hiring her as in favor of Liberty Mutual because she wants future business. Plaintiffs merely presume the latter, citing nothing in support. In any event, alleged bias is not a proper grounds for excluding otherwise admissible witness statements. DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468 (8th Cir. 2000) (bias goes to the weight of the evidence, not its admissibility); accord Estate of Russell, 189 Cal. 759, 769 (1922). Following Plaintiffs' dubious logic that a declaration should be stricken due to witness bias, the Court should strike the declarations of Messrs. Pynes, Roxborough, Adreani and Phillips, whose biases, as opposing counsel, are overwhelming.

## II.

## THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS
## TO THE YEE DECLARATION

Plaintiffs argue that the Court should strike the entire Declaration of Melodee Yee ("Yee Declaration") on the grounds that it purportedly is "tantamount to perjury, is irrelevant, is based on speculation, is vague, lacks personal knowledge and/or is based on hearsay, is inherently weak, and is not the best evidence available." [Opposition, p. 4]. Once again, plaintiffs fail to identify any particular statement that is irrelevant, based on speculation, vague, based on hearsay, inherently weak or not the "best evidence". [See Opposition, pp. 4-6]. Accordingly, the Court should overrule these boilerplate objections. Fed. R. Evid. 103.

Absurdly, and without the slightest support, plaintiffs accuse Ms. Yee of "perjury." First, they complain because Ms. Yee's declaration was drafted by counsel, but fail to explain what they believe is sinister about that, or indeed, how that practice differs from their own, in that Roxborough associate Michael Phillips prepared Mr. Pynes' declaration. [Pynes Depo., p. 61:13-23 (Falzetta Decl., ¶ 2, Exh H)]. Moreover, the evidence is that Ms. Yee took great care in reviewing, editing, and executing her declaration. She testified during her deposition that she discussed the facts in her declaration with her counsel for several hours and carefully edited and reviewed several drafts before executing her declaration. [Yee Depo., 31:16-36:23]. Even Plaintiffs concede that Ms. Yee reviewed and edited her declaration before finalizing it. [Objections, p. 4].

Without explanation, plaintiffs imply that Ms. Yee's statements that she represented Liberty Mutual and assigned work to Mr. Pynes on Tony's Fine Foods are untrustworthy [Objections, p. 4], a conclusion contradicted by Mr. Pynes' admissions that he and Ms. Yee worked on Tony's Fine Foods and that he prepared the privilege log referenced in Ms. Yee's

-4-

1  declaration. [Pynes Decl., ¶ 5]. Ms. Yee's statements are not merely trustworthy, they are
2  *undisputed*.

4  Plaintiffs' claim that Ms. Yee has "no recollection of the privilege log" and should
5  have reviewed it before executing her declaration [Objections, p. 4] is contrary to the evidence.
6  Ms. Yee testified that she recalled receiving a draft of the log from Mr. Pynes but just not its
7  specific contents. [Yee Depo., p. 80:2-23]. Plaintiffs' quibbling over whether Ms. Yee reviewed
8  the log before executing her declaration is irrelevant, because Ms. Yee based her declaration on
9  her independent recollection, and did not comment on the contents of the log. [Yee Depo., p.
10 69:1-13].

12 Plaintiffs' claims that Ms. Yee did not review the Tony's Fine Foods file before
13 signing her declaration and that the complaint was not attached at the moment she signed her
14 declaration are specious. What is relevant is that her declaration is accurate, as well as
15 uncontested, and that that the Tony's Fine Foods complaint was attached to Ms. Yee's declaration
16 *when filed with the Court*. Moreover, plaintiffs' claim that that Ms. Yee did see the complaint
17 before signing her declaration is false – she saw it when working on Tony's Fine Foods. [Exh. O,
18 Yee Depo., p. 48:18-24]. Finally, Plaintiffs' objection is inconsequential because the Tony's Fine
19 Foods complaint was also attached to Ms. Hansen's declaration and Liberty Mutual has requested
20 that the Court take judicial notice of the complaint. [RJN, no. 2].

22 Finally, Plaintiffs argue that the Court should disregard Ms. Hansen's and Ms.
23 Yee's declarations simply because LMFIC did not offer a declaration from Susan Olson and that
24 LMFIC's failure to do so was somehow deceptive. (Objections, p. 6). Plaintiffs' argument makes
25 no sense. LMFIC did not submit Ms. Olson's declaration in the Republic Services matter either,
26 yet the District Court held that Mr. Pynes had a conflict of interest.

## III.

## CONCLUSION

For all of the foregoing reasons, the Court should overrule Plaintiffs' Objections in their entirety.

Dated: December 14, 2007

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By _____
               FRANK FALZETTA
        Attorneys for Defendant and Counterclaimant
        LIBERTY MUTUAL FIRE
        INSURANCE COMPANY

-6-