Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq. (Bar No. 232978)
ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:   (818) 992-9991
E-Mail:      npr@rpnlaw.com
             mlp@rpnlaw.com

Attorneys for Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br>*The Hon. Charles R. Breyer*<br><br>**OPPOSITION TO LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ADMINISTRATIVE MOTION TO FILE EXHIBITS B AND F TO THE GREG FARKAS DECLARATION UNDER SEAL FOR *IN CAMERA* REVIEW**<br><br>Date:  December 21, 2007<br>Time:  10:00 a.m.<br>Ctrm:  8<br><br>[Objections to Evidence; and [Proposed] Order Filed and Served Concurrently Herewith]<br><br>Complaint filed:  September 10, 2007 |

Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC. (hereinafter "Largo") hereby submit the following Opposition to Liberty Mutual Fire Insurance Company's (hereinafter "LMF") Administrative Motion to File Exhibits "B" and "F" to the Greg Farkas Declaration Under Seal for *In Camera* Review.

///

1

1     Largo objects to LMF's administrative motion on the ground that LMF has failed to produce sufficient evidence that the information sought to be filed under seal contains confidential information subject to any privilege or that such info could not be shown to RPN without certain redactions. LMF refers the court to *Clark v. American Commerce Nat. Bank*, 974 F2d 127 for the proposition that certain correspondence, bills, ledgers, statements and time records <u>which also reveal</u> the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided can be protected by the attorney-client privilege. However, as the court also acknowledged, because the attorney-client privilege has the effect of <u>withholding relevant information</u> from the fact finder, it is applied only when necessary to achieve its <u>limited purpose</u> of encouraging full and frank disclosure <u>by the client to his or her attorney</u>. *Id*. at 129 (emphasis added).

    Not all communications between attorney and client are privileged and the burden of establishing that the privilege applies to the documents in question rests with the party asserting the privilege. *American Commerce Nat. Bank* at 129. Blanket assertions of the attorney-client privilege are "extremely disfavored". *Id*. at 129. Furthermore, the identity of the client, the amount of the fee, the identification of payment by case file name, and the <u>general purpose of the work performed</u> are usually <u>not protected</u> from disclosure by the attorney-client privilege. *Id.* at 129 (emphasis added).

    LMF has failed to offer a sufficient explanation as to why the "report" prepared by Greg Farkas that purportedly shows the fee and time entries for work performed by Craig Pynes during the period of January 1, 2003 through June 1, 2005 (Exhibit "B" to the Farkas Declaration) and <u>partially redacted</u> electronic invoices dated Mat 20, 2004 regarding the *Ashou* matter (Exhibit "F" to the Farkas Declaration) contain information that is subject to the attorney-client privilege. A blanket assertion, without further specificity, is insufficient. As the court in *American Commerce Nat. Bank* stated, the privilege <u>must</u> ordinarily be raised as to <u>each</u> record sought to allow the court to rule with specificity.

    In the interests of justice, Largo is entitled to view evidence submitted by LMF in support of LMF's dispositive motion. LMF has produced no evidence that the exhibits sought to be filed under seal contain anything more than the identity of the client, the case name for which payment was made, the amount of the fee, and the <u>general</u> nature of the services performed; information which the court

2

OPPOSITION TO LIBERTY MUTUAL'S ADMINISTRATIVE MOTION
TO FILE EXHS B AND F TO FARKAS DECLARATION UNDER SEAL    NO. C07-04651 CRB (ADR)

1 | found in *American Commerce Nat. Bank* not to be protected by the attorney-client privilege. *American
2 | Commerce Nat. Bank* at 130. To the extent LMF does not produce specific evidence, whether *in
3 | camera* or otherwise, as to why Exhibits "B" and "F" are subject to the attorney-client privilege,
4 | LMF's administrative motion to file such documents under seal should be denied.

DATED: December 18, 2007    ROXBOROUGH, POMERANCE & NYE LLP

By: /s/ Michael Phillips
NICHOLAS P. ROXBOROUGH, ESQ.
MICHAEL L. PHILLIPS, ESQ.
Attorneys for Plaintiffs/Counter-Defendants,
LARGO CONCRETE, INC. and N.M.N.
CONSTRUCTION, Inc.