Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq. (Bar No. 232978)
ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:   (818) 992-9999
Facsimile:    (818) 992-9991
E-Mail:        npr@rpnlaw.com
                   mlp@rpnlaw.com

Attorneys for Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br>*The Hon. Charles R. Breyer*<br><br>**OBJECTIONS TO EVIDENCE SUBMITTED IN CONJUNCTION WITH LIBERTY MUTUAL'S REPLY TO LARGO'S OPPOSITION**<br><br>Date:    December 21, 2007<br>Time:   10:00 a.m.<br>Ctrm:   8<br><br>[Opposition to Administrative Motion; and [Proposed] Order Filed and Served Concurrently Herewith]<br><br>Complaint filed:    September 10, 2007 |

Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC. (hereinafter "Largo") hereby submit the following Objections to Evidence Submitted by LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter "LMF") in Conjunction With LMF's Reply to Largo's Opposition to Motion to Disqualify Roxborough, Pomerance, & Nye (hereinafter "RPN") from representing Largo.

1

## I. GENERAL OBJECTIONS

Largo objects to each and every declaration submitted in conjunction with LMF's Reply to Largo's Opposition on the grounds that any evidence contained within such declaration should have been presented in conjunction with LMF's <u>moving papers</u>. The evidence submitted in support of LMF's moving papers was limited to the very limited, conclusory statements contained with the Declarations of Lisa Hansen and Melodee Yee. LMF should not be permitted to wait until filing its Reply to submit an <u>additional TEN declarations</u> and preclude Largo from addressing the contents of those declarations.

## II. SPECIFIC OBJECTIONS

### A. Declaration of Greg Farkas

Largo objects to Paragraphs 2 and 5 of the Declaration of Greg Farkas on the grounds that Exhibits "B" and "F" described therein are not provided for Largo's review. LMF has filed an administrative motion to submit these exhibits under seal based on the attorney-client privilege. LMF must offer a sufficient explanation as to why the report prepared by Greg Farkas that shows the fee and time entries for work performed by Craig Pynes during the period of January 1, 2003 through June 1, 2005 (Exhibit "B" to the Farkas Declaration) and <u>partially redacted</u> electronic invoices dated May 20, 2004 regarding the *Ashou* matter (Exhibit "F" to the Farkas Declaration) contain information that is subject to the attorney-client privilege. A blanket assertion, without further specificity, does not enable RPN to intelligently respond.

### B. Declaration of Hector Barba

Largo objects to Paragraph 2 of the Declaration of Hector Barba based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant, conclusory, and misleading.

### C. Declaration of William Cupelo

Largo objects to Paragraphs 3 and 4 of the Declaration of William Cupelo based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and misleading. These paragraphs describe policies and procedures employed by Liberty Mutual

2

OBJECTIONS TO EVIDENCE SUBMITTED IN CONJUNCTION
WITH LIBERTY MUTUAL'S REPLY TO LARGO'S OPPOSITION    CASE NO. C07-04651 CRB (ADR)

Insurance Company and Liberty Mutual Fire Insurance Company, as well as the identity of Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company, but <u>fail to specify the time period</u> in which these policies and procedures were in place, or the time period in which the named individuals were employed by either Liberty Mutual Insurance Company or Liberty Mutual Fire Insurance Company. Without such foundational evidence, these statements are irrelevant and misleading as Craig Pynes' employment at Kern & Wooley was between July, 2003-March, 2004.

      D.     **Declaration of Ron Skocypec**

Largo objects to Paragraphs 4, 5, and 6 of the Declaration of Ron Skocypec based on Evidence Code Sections 402, 403 and 602 on the grounds that the statements contained therein lack foundation and are irrelevant and misleading.

Paragraphs 4, 5, and 6 of Mr. Skocypec's declaration should be stricken because Mr. Skocypec is not the person most knowledgeable to testify regarding who created and/or worked on the privilege log attached thereto as Exhibit "A". There is no evidence that Mr. Skocypec performed any work on, or was in any way involved, in the *Tony's Fine Foods* matter.

Mr. Pynes' testimony is clear that the privilege log he worked on was less than one page long and, when presented with Exhibit "A" at his deposition, he did not recall much of the information contained thereon and did not recall the draft he prepared to be as long as Exhibit "A". The statements contained within Paragraph 5 of Mr. Skocypec's declaration are misleading because they imply, based <u>exclusively</u> on the title under which the document was saved on a computer system, that Mr. Pynes was the only individual to work on the document attached as Exhibit "A" to Mr. Skocypec's declaration. There is no foundation for such a conclusion.

      E.     **Supplemental Declaration of Scott Sveslosky**

Largo objects to Paragraphs 6, 7, 8, and 10 of the Supplemental Declaration of Scott Sveslosky based on Evidence Code Sections 402, 403, and 602 on the grounds that the statements contained therein lack foundation and are irrelevant and misleading.

The statements contained within Paragraphs 6, 7, 8, and 10 of the Supplemental Declaration of Scott Sveslosky refer to, and are based upon, Exhibits "B" and "F" to the Declaration of Greg Farkas

3

OBJECTIONS TO EVIDENCE SUBMITTED IN CONJUNCTION
WITH LIBERTY MUTUAL'S REPLY TO LARGO'S OPPOSITION    CASE NO. C07-04651 CRB (ADR)

which LMF is seeking to submit under seal. Largo objects to these statements on the grounds that the documents attached as Exhibits "B" and "F" to the Declaration of Greg Farkas speak for themselves and any interpretation or summary of those documents by Mr. Sveslosky lacks foundation and is irrelevant and misleading.

F. **Declaration of Frank Falzetta**

Largo objects to Paragraph 3 of the Declaration of Frank Falzetta based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and misleading.

Paragraph 3 of the Declaration of Frank Falzetta refers to Exhibit "M" which is purported to be a copy of Republic Services, Inc.'s Opposition to Liberty's Mutual's Motion to Disqualify Craig Pynes and the Roxborough Firm in the *Republic Services, Inc. v. Liberty Mutual Insurance Co.* matter. This paragraph and Exhibit "M" should be stricken because the statements and information contained therein are completely irrelevant and misleading. The evidence and arguments presented in Exhibit "M" addressed different facts and were made under Kentucky law in a completely separate action. As LMF acknowledges, state law governs motions to disqualify counsel. In addition, ultimately, the decision to disqualify counsel for conflict of interest is within the trial court's discretion. As such, any probative value this evidence may have is substantially outweighed by the danger of unfair prejudice and confusion of the issues and should be excluded under Evidence Code Sections 403.

G. **Declaration of Greg Brisee**

Largo objects to Paragraphs 1 and 2 of the Declaration of Greg Brisee based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and misleading.

Mr. Brisee's declaration indicates that he is currently the Operations Support Manager for Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company. The statements contained within his declaration are irrelevant because they address the current practice and procedures undertaken by Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance

1  Company, but in no way address the practices and procedures undertaken during the relevant and
2  limited time period, the time period in which Craig Pynes worked for Kern & Wooley (July, 2003-
3  March, 2004).

4  DATED: December 18, 2007                ROXBOROUGH, POMERANCE & NYE LLP

6                                          By: _____
                                               NICHOLAS P. ROXBOROUGH, ESQ.
7                                              MICHAEL L. PHILLIPS, ESQ.
                                               Attorneys for Plaintiffs/Counter-Defendants,
8                                              LARGO CONCRETE, INC. and N.M.N.
                                               CONSTRUCTION, Inc.

OBJECTIONS TO EVIDENCE SUBMITTED IN CONJUNCTION
WITH LIBERTY MUTUAL'S REPLY TO LARGO'S OPPOSITION        CASE NO. C07-04651 CRB (ADR)