Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq. (Bar No. 232978)
ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:    (818) 992-9999
Facsimile:    (818) 992-9991
E-Mail:    npr@rpnlaw.com
            mlp@rpnlaw.com

Attorneys for Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br>*The Hon. Charles R. Breyer*<br><br>***EX PARTE* APPLICATION FOR:**<br><br>1) **STAY OF ALL PROCEEDINGS PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS; and**<br><br>2) **RULINGS ON LARGO'S OBJECTIONS TO EVIDENCE PRESENTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**<br><br>[Declaration of Michael L. Phillips, Esq. Filed and Served Concurrently Herewith]<br><br>Complaint filed:    September 10, 2007 |

**TO THIS HONORABLE COURT, DEFENDANTS, AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC. (hereinafter "Largo"), submits the following *Ex Parte* Application for:

1) Order granting a stay of all proceedings pending disposition of Largo's Petition for Writ of Mandamus seeking reversal of the District Court's granting of LIBERTY MUTUAL FIRE INSURANCE COMPANY's (hereinafter "LMF") motion to disqualify Roxborough, Pomerance & Nye ("RPN") from representing Largo in this matter;

1

2) Rulings on Largo's Objections to evidence submitted by LMF in support of its motion to disqualify Roxborough, Pomerance & Nye from representing Largo in this matter.

This Application is made pursuant to Paragraph 4 of the Hon. Charles R. Breyer's Standing Order and is based upon the Memorandum of Points and Authorities filed in support hereof, the Declaration of Michael L. Phillips, Esq., and on the pleadings and other documents on file in this matter.

DATED: January 29, 2008                                            Respectfully submitted,

ROXBOROUGH, POMERANCE & NYE LLP

By: _____
NICHOLAS P. ROXBOROUGH, ESQ.
MICHAEL L. PHILLIPS, ESQ.
Attorneys for Plaintiffs/Counter-Defendants,
LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

As the plaintiff in this action, Largo filed this action on September 10, 2007 alleging that LMF breached the terms of insurance policies issued to Largo between 2002 and 2004, as well as the implied covenant of good faith and fair dealing by grossly mishandling claims made by employees of Largo injured during these policy periods.  There is <u>no trial date set</u> for this matter.  On October 23, 2007 LMF filed a motion to disqualify Roxborough, Pomerance & Nye from representing Largo in this matter based on an alleged conflict of interest between LMF and an associate at RPN, Craig Pynes.  Following oral argument, by Order dated December 31, 2007 this Court granted LMF's motion to disqualify RPN.  This Order was electronically served on January 2, 2008.  (A copy of the Court's Order granting LMF's motion to disqualify RPN is attached to the Declaration of Michael L. Phillips as Exhibit "B").  Largo will seek review of this Order by Petition for Writ of Mandamus to be filed with the Ninth Circuit as soon as practicable.

This Application seeks an Order from this Court granting a stay of all proceedings pending disposition of Largo's Petition for Writ of Mandamus and setting forth the Court's rulings on Largo's Objections to evidence submitted by LMF in support of its motion to disqualify RPN from representing Largo in this matter.

## II.  NOTICE TO OPPOSING COUNSEL

On January 29, 2008, Largo's counsel notified counsel for LMF of Largo's intent to file this ex parte application.  Declaration of Michael L. Phillips, ¶2.  LMF's counsel's contact information is as follows:

> Frank Falzetta, Esq.
> ffalzetta@sheppardmullin.com
> Scott Sveslosky, Esq.
> ssveslosky@sheppardmullin.com
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 333 South Hope Street, 48th Floor
> Los Angeles, California 90071
> Phone: (213) 617-4258
> Fax: (213) 620-1398

/ / /

/ / /

III.  **ARGUMENT**

    A.    <u>**A STAY IS APPROPRIATE IN ORDER TO PRESERVE THE STATUS QUO PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS.**</u>

Largo's Request to stay these proceedings pending disposition of its Petition for Writ of Mandamus should be granted because the balancing of equities weighs heavily in favor of such a stay. The standard in the Ninth Circuit for ruling on motions for stays pending appeal is comparable to that used to evaluate a motion for preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The equitable criteria to be evaluated are 1) the likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) in some cases, advancement of the public interest. *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200-1201 (9th Cir. 1980). In making a determination under these factors, <u>the relative hardships to the parties</u> is the critical component: "If the balance of harm tips decidedly towards the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *Benda v. Grand Lodge of Intern. Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978).

    1.    **Applying the *Bauman* Factors, Largo Is Likely To Succeed On The Merits**

A Party seeking a stay or injunction pending appeal need only show that it <u>may</u> prevail on the merits. *Gilder v. PGA Tour, Inc.* 936 F.2d 417, 422 (9th Cir. 1991). It is likely Largo will prevail on the merits of its Petition for Writ of Mandamus based on the *Bauman* factors. The Ninth Circuit has identified the following five factors to aid the court in assessing the propriety of mandamus relief in a given circumstance: 1) Whether Petitioner has any other means to attain the desired relief; 2) Whether Petitioner will be damaged or prejudiced in a way not correctable on later appeal; 3) Whether the district court's order is clearly erroneous as a matter of law; 4) Whether the district court's order is a reoccurring error or manifests a persistent disregard of the federal rules; and 5) Whether the district court's order raises new and important problems or issues of first impression. *Bauman v. United States Superior Court*, 557 F.2d 650, 654-655 (9th Cir. 1977); *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003). A Petitioner need not satisfy all five factors in order to justify granting of its mandamus petition. *Star Editorial, Inc. v. United States Dist. Ct., Central Dist. California*, 7 F.3d 856, 859 (9th

Cir. 1993). In fact, it is unlikely that all of the factors will be present in any one case, rather, a determination of whether a writ should issue often requires a careful balancing of conflicting factors. *San Jose Mercury News, Inc. v. United States Dist. Ct., N.D. California*, 187 F.3d 1096, 1103 (9th Cir. 1999).

      a.    **Largo Has No Other Means To Obtain The Relief Desired**

An Order granting a motion to disqualify counsel is not subject to immediate appeal. *Richardson-Merrell, Inc. v. Koller*, 472 US 424, 426, 433-436 (1985); *In re Grand Jury Investigation*, 182 F.3d 668, 670 (9th Cir. 1999). However, under certain circumstances, a ruling on a motion to disqualify counsel may be reviewable by petition for writ of mandamus. *Christensen v. United States Dist. Ct.* 84 F.2d 694, 696-699 (9th Cir. 1988). As such, Largo's only present avenue to review this court's order granting LMF's Motion to Disqualify RPN is by way of a petition for writ of mandamus.

      b.    **Largo Will Be Damaged In A Way That Is Not Correctable On Appeal**

The area of workers' compensation bad faith claims mishandling is of recent vintage, involves specialized strategies, the application of specialized privileges, and special trial and appellate experience. Largo sought the advice and representation of RPN based on RPN's specific and well established skill and expertise in this area. A client deprived of the attorney of his or her choice suffers a particularly "harsh result" where his or her attorney is <u>highly skilled</u> in the <u>relevant area</u> of the law. *Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 300.

LMF is well aware of the importance of retaining counsel that is skilled in the relevant area of law. In fact, instead of retaining their Liberty corporate lawyers in the Largo case (Susan Olson, Melodee Yee, and Lisa Kralik Hansen) Liberty selected the services of a firm who had over 15 years of experience and skilled in this specialized area, Sheppard Mullin, Richter and Hampton ("SMRH"). It is undisputed that this Los Angeles department of SMRH attorneys are experienced in this specialized area of law and have been very successful defending Liberty, as well as other large workers' compensation insurance carriers, in this specific area for over 15 years. In fact, <u>other than RPN</u>, it is doubtful <u>any</u> other firm has prevailed against SMHR at the trial or appellate court level in a case that involved allegations of workers' compensation bad faith claims mishandling.

The fact is, LMF retained specific Los Angeles attorneys from SMRH who are experts in this unique area of law to represent them in San Francisco. Preventing Largo from being represented by equally skilled Los Angeles counsel will cause Largo to be damaged in a way that is not correctable on appeal. The right of a party to be represented in litigation <u>by specialized and experienced attorneys</u> of its choice is a significant right and ought not to be abrogated in the absence of some indication that the integrity of the judicial process will otherwise be injured. *Oaks Management Corp. v. Superior Court* (2006) 145 Cal.App.4th 453, 472. Indeed, if this court's order granting LMF's Motion to Disqualify RPN was in error, Largo will be damaged in such a way that is not correctable on appeal because it will be irreparably deprived of its right to expert counsel of its choice during the trial of this case. *Cole v. United States Dist. Ct. for Dist. of Idaho* 366 F.3d 813, 820 (9th Cir. 2004). While Liberty gets to keep their specialized lawyers at SMRH, Largo's sole avenue to seek review of this court's order, without suffering irreparable damage, is by way of a petition for writ of mandamus. When disqualification is ordered, "once a new attorney is brought in, the effect of the order is irreversible." *Christensen*, 844 F.2d at 697.

   **c.** **The District Court's Order Raises Important Problems Or Issues Of First Impression That Need To Be Addressed By The Court Of Appeal.**

As this Court acknowledged in *Hitachi*, there is a <u>shift</u> taking place in California towards <u>acknowledging the implementation of ethical walls</u>. *Hitachi, Ltd. v. Tatung Co.* (N.D.Cal. 2006) 419 F.Supp.2d 1158, 1164. The most prominent case demonstrating this trend is *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, (1999) 20 Cal. 4th 1135, 1139. In that case, as this Court acknowledged in *Hitachi*, the Court left open the possibility that effective screening procedures can rebut the presumption of shared confidences within a firm. Largo respectfully believes that this Court's Order failed to take into consideration "the shift" taking place in California, as well as the current status of today's legal culture. In today's legal culture, attorneys are extremely mobile. Whereas the average attorney practicing 20 years ago may have worked for one or two employers, today, attorneys will typically hold positions with five to ten employers during their legal career. It is for this reason Courts should be applying the modified substantial relationship test to assure that attorneys are only subjected to disqualification when an actual conflict exists such that the

6

firm-switching attorney possess confidential information and the former client has a legitimate concern that such confidential information will be conveyed to the new firm. Such a rule is synonymous with the purpose of the rules regarding attorney disqualification. For this reason, the issues that will be presented in Largo's Petition for Writ of Mandamus represent new and important issues that are facing many attorneys, law firms, and as a result, the Courts.

### d. The District Court's Order Is Erroneous As A Matter Of Law

Largo respectfully believes that the Court erred by failing to apply the modified substantial relationship test to determine whether or not a conflict of interest exists that would subject RPN to disqualification. The Court's Order holds that the modified substantial relationship test "only applies when the lawyer with the alleged conflict never provided any legal services to the client in a substantially related matter or otherwise." (emphasis added). Memorandum and Order Re: Motion to Disqualify at Page 5. Largo respectfully believes that such a holding is incorrect and that under *Ochoa v. Fordel*, the modified substantial relationship test applies when (1) there is no proof that the firm-switching attorney actually obtained confidential information to the underlying case during the course of the prior attorney-client relationship; (2) there is a successive representation of clients with adverse interests; and (3) a firm-switching attorney whose prior attorney-client relationship with the moving party was peripheral or attenuated. (emphasis added.) *Ochoa v. Fordel* (2007) 146 Cal.App.4th 898, 908. There is no requirement that the lawyer with the alleged conflict never provided any legal services to the client in a substantially related matter or otherwise.

Based on the above, Largo respectfully believes that this Court should have applied the modified substantial relationship test because 1) there is no proof, admissible or otherwise, even accepting the evidence submitted by LMF as true, that Craig Pynes actually obtained any information confidential to any Liberty entity material to WCBF litigation, and 2) his prior attorney-client relationship with any Liberty entity was peripheral and attenuated from the unique area of WCBF litigation, specifically recognized by this Court.

In addition, Largo respectfully believes that this Court failed to hold that the ethical wall created by RPN includes appropriate screening measures to adequately protect any alleged legitimate interests of LMF. The Court in *In re County of Los Angeles* held that proper ethical screening

7

procedures can rebut a presumption of shared confidential information. *In re County of Los Angeles* 223 F.3d at 995-996 (9th Cir.2000). If ever the circumstances existed such that an appropriate ethical wall could be erected, it is here. LMF has <u>no legitimate confidential interests</u> to be protected. Any alleged "confidential" information Craig allegedly had access to, or obtained, prior to joining RPN, was <u>already in the possession of RPN</u> for years and thus RPN should not have been disqualified.

### 2. Without A Stay This Is Not A Fair Fight And Largo Will Suffer Irreparable Injury If The Stay Is Not Granted

LMF concedes this case involves a very unique and specialized area of law. As discussed above, LMF has abandoned their general defense counsel in cases like this in favor of retaining specialized attorneys from the Los Angeles office of SMRH. Largo should not be denied the same opportunity without recourse. The right of a party to be represented in litigation by specialized and experienced attorneys of its choice is a significant right and ought not to be abrogated in the absence of some indication the integrity of the judicial process will otherwise be injured. *Oaks Management Corp.* 145 Cal.App.4th at 472. The herein request is to allow Largo an equitable and fair opportunity to seek review of this Court's Order prior to being forced to prosecute this action with counsel other than its counsel of choice against SMRH.

### 3. The Balance Of Hardships Favors Largo

LMF will suffer little or no hardship or prejudice if a continuance is granted pending the disposition of Largo's Petition for Writ of Mandamus. LMF sought to seek disqualification of RPN in this matter. In doing so, <u>they were well aware such a tactic could result in a delay of litigation</u>. Any delay that may occur as a result of Largo availing itself of its right to seek appellate review on this issue should have been expected by LMF and is not something that will in any way cause it undue hardship. On the other hand, as discussed above, this stay is necessary to allow Largo an opportunity to seek review of this Court's Order prior to being forced to prosecute this action with inferior counsel against LMF, who has retained counsel with substantial experience in this specialized area of law. The fact that LMF will suffer little or no hardship, the level of hardship that will be suffered by Largo if this stay is not granted heavily tilts the balance of hardships in favor of Largo. As such, a stay should be granted.

B. **LARGO REQUESTS A RULING ON EVIDENTIARY OBJECTIONS MADE TO EVIDENCE SUBMITTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY RPN.**

In connection with the Largo's Opposition to LMF's Motion to Disqualify RPN, Largo submitted objections to evidence submitted in support of LMF's Motion. In addition, Largo submitted further objections to evidence submitted in conjunction with LMF's Reply brief. The Ruling by the Hon. Charles R. Breyer on LMF's Motion does not include a ruling on either set of objections to evidence. Largo respectfully request that the court rule on those evidentiary objections so that there is a clear record on appeal. The evidentiary objections were as follows:

1. **Objections to Evidence Submitted In Support of LMF's Motion**

    a. **Declaration of Lisa Kralik Hansen**

Largo objected to each and every paragraph of the Declaration of Lisa Kralik Hansen ("Hansen") based on Evidence Code Sections 402, 403, 602, 802, and 805 in that it is irrelevant, based on speculation, is vague and misleading, lacks personal knowledge and/or is based on hearsay, is inherently weak, and is not the best evidence available.

    b. **Declaration of Melodee Yee**

Largo objected to each and every paragraph of the Declaration of Melodee Yee ("Yee") based on Evidence Code Sections 402, 403, 602, 802, and 805 in that it is tantamount to perjury, is irrelevant, is based on speculation, is vague, lacks personal knowledge and/or is based on hearsay, is inherently weak, and is not the best evidence available.

2. **Objections to Evidence Submitted In Support of LMF's Reply Brief**

    a. **General Objections**

Largo objected to each and every declaration submitted in conjunction with LMF's Reply to Largo's Opposition on the grounds that any evidence contained within such declaration should have been presented in conjunction with LMF's moving papers. The evidence submitted in support of LMF's moving papers was limited to the very limited, conclusory statements contained with the Declarations of Lisa Hansen and Melodee Yee. LMF should not be permitted to wait until filing its Reply to submit an additional TEN declarations and preclude Largo from addressing the contents of those declarations.

### b. Specific Objections

#### 1) Declaration of Greg Farkas

Largo objected to Paragraphs 2 and 5 of the Declaration of Greg Farkas on the grounds that Exhibits "B" and "F" described therein were not provided for Largo's review.

#### 2) Declaration of Hector Barba

Largo objected to Paragraph 2 of the Declaration of Hector Barba based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant, conclusory, and misleading.

#### 3) Declaration of William Cupelo

Largo objected to Paragraphs 3 and 4 of the Declaration of William Cupelo based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and misleading.

#### 4) Declaration of Ron Skocypec

Largo objected to Paragraphs 4, 5, and 6 of the Declaration of Ron Skocypec based on Evidence Code Sections 402, 403 and 602 on the grounds that the statements contained therein lack foundation and are irrelevant and misleading.

#### 5) Supplemental Declaration of Scott Sveslosky

Largo objected to Paragraphs 6, 7, 8, and 10 of the Supplemental Declaration of Scott Sveslosky based on Evidence Code Sections 402, 403, and 602 on the grounds that the statements contained therein lack foundation and are irrelevant and misleading.

#### 6) Declaration of Frank Falzetta

Largo objected to Paragraph 3 of the Declaration of Frank Falzetta based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and misleading.

#### 7) Declaration of Greg Brisee

Largo objected to Paragraphs 1 and 2 of the Declaration of Greg Brisee based on Evidence Code Sections 402 and 403 on the grounds that the statements contained therein are irrelevant and

///

misleading.

IV. **CONCLUSION**

LMF will suffer little or no hardship, the level of hardship that will be suffered by Largo if this stay is not granted is high, and Largo is likely to succeed on the merits of its Petition for Writ of Mandamus. As such, based on the foregoing, Largo respectfully request this Court issue an order staying this action in its entirety pending disposition of Largo's Petition for Writ of Mandamus. In addition, in order to allow Largo to present a clear record to the Ninth Circuit, this Court should render rulings on Largo's evidentiary objections to evidence submitted by LMF in support of its motion to disqualify.

DATED: January 29, 2008              ROXBOROUGH, POMERANCE & NYE LLP

By: _____
NICHOLAS P. ROXBOROUGH, ESQ.
MICHAEL L. PHILLIPS, ESQ.
Attorneys for Plaintiffs/Counter-Defendants,
LARGO CONCRETE, INC. and N.M.N.
CONSTRUCTION, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On **January 29, 2008**, I served the foregoing documents described as:

***EX PARTE* APPLICATION FOR: 1) STAY OF ALL PROCEEDINGS PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS; and 2) RULINGS ON LARGO'S OBECTIONS TO EVIDENCE PRESENTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**

on the interested party(ies) in this action listed below:

| | |
|---|---|
| Frank Falzetta, Esq.<br>Scott Sveslosky, Esq.<br>**SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP**<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>Tel: (213) 620-1780 \| Fax: (213) 620-1398<br>Email: ffalzetta@sheppardmullin.com<br>ssveslosky@sheppardmullin.com | **ATTORNEYS FOR DEFENDANT<br>LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY** |

☒ **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted via e-mail to each of the parties on the attached service list at the e-mail address as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the each addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 29, 2008**, at Woodland Hills, California.

_____
Kim Schwarz

*EX PARTE* APPLICATION | Case No. C07-04651 CRB (ADR)