Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq. (Bar No. 232978)
ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:   (818) 992-9999
Facsimile:    (818) 992-9991
E-Mail:        npr@rpnlaw.com
                   mlp@rpnlaw.com

Attorneys for Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, INC., a California Corporation.<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, and DOES 1 through 100, inclusive.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C07-04651 CRB (ADR)<br>*The Hon. Charles R. Breyer*<br><br>**DECLARATION OF MICHAEL L. PHILLIPS IN SUPPORT OF *EX PARTE* APPLICATION FOR:**<br><br>1) **STAY OF ALL PROCEEDINGS PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS; and**<br><br>2) **RULINGS ON LARGO'S OBECTIONS TO EVIDENCE PRESENTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**<br><br>[*Ex Parte* Application Filed and Served Concurrently Herewith]<br><br>Complaint filed:   September 10, 2007 |
|---|---|

I, MICHAEL L. PHILLIPS, declare as follows:

1.  I am an attorney duly admitted to practice before this Court. I am an associate with Roxborough, Pomerance & Nye LLP, attorneys of record for the plaintiff Largo Concrete, Inc. and plaintiff and counter-defendant N.M.N. Construction, Inc. (collectively "Plaintiffs"). I have personal knowledge of the facts set forth below and, if called and sworn as a witness, could and would testify competently thereto.

1

DECLARATION OF MICHAEL L. PHILLIPS                                     Case No. C07-04651 CRB (ADR)

2.  On January 29, 2008 I notified counsel for Liberty Mutual Fire Insurance of Largo's intent to file an *Ex Parte* application with this Court seeking a stay of all proceedings pending the disposition of Largo's Petition for Writ of Mandamus and rulings on Largo's objections to evidence presented by LMF in support of its motion to disqualify Roxborough, Pomerance & Nye LLP from representing Largo in this matter. Attached as Exhibit "A" is a true and correct copy of correspondence dated January 29, 2008 sent via email to counsel for LMF containing the above notice.

3.  Attached hereto as Exhibit "B" is a true and correct copy of the Memorandum and Order Re: Motion to Disqualify executed by this Court on December 31, 2007 and served electronically on January 2, 2008.

I declare under perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct.

Executed this 29th day of January, 2008 at Woodland Hills, California.

_____
MICHAEL L. PHILLIPS

DECLARATION OF MICHAEL L. PHILLIPS                    Case No. C07-04651 CRB (ADR)

# EXHIBIT A



**ROXBOROUGH POMERANCE & NYE, LLP**

5820 CANOGA AVENUE, SUITE 250
WOODLAND HILLS, CA 91367
PHONE: (818)992-9999
FAX: (818)992-9991
WWW.RPNLAW.COM

NICHOLAS P. ROXBOROUGH
DREW E. POMERANCE
GARY A. NYE
MICHAEL B. ADREANI

CRAIG S. PYNES
DAVID R. GINSBURG
MICHAEL G. KLINE
MARINA N. VITEK
ERIN M. LABRACHE
MICHAEL H. RAICHELSON
MICHAEL L. PHILLIPS
ANTHONY S. KHOURY
GIOVANNI ORANTES

DAMON M. RIBAKOFF*
(1970-2007)

January 29, 2008

LOS ANGELES OFFICE
10866 WILSHIRE BLVD., SUITE 1550
LOS ANGELES, CA 90024-4336
PHONE (310)470-1869
FAX (310)470-9648

*VIA FACSIMILE AND E-MAIL*

Scott Sveslosky, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
333 South Hope Street, Forty-Eighth Floor
Los Angeles, CA 90071

Fax: (213) 620-1398
Email: ssveslosky@sheppardmullin.com

Re: *Largo Concrete v. Liberty Mutual*

Dear Mr. Sveslosky:

This letter is to notify you that Largo will be filing an *Ex Parte* application with the Court today seeking a stay of proceedings in this matter pending disposition of Largo's Petition for Writ of Mandamus seeking reversal of the District Court's granting of Liberty's motion to disqualify Roxborough, Pomerance & Nye from representing Largo in this matter. It is my understanding the Application will be deemed submitted on the papers unless the Court orders a hearing.

Please do not hesitate to contact me or Nicholas Roxborough should you wish to discuss this matter.

Very truly yours,

ROXBOROUGH, POMERANCE & NYE LLP

MICHAEL L. PHILLIPS

MLP:ks
File No.: 07030.02

cc: Nicholas P. Roxborough, Esq.

Z:\Clients\Largo- Disqualification\Correspondence\080128.Ltr to Scott re ex parte.mlp.doc

```
            ***********************
            ***   TX REPORT   ***
            ***********************

TRANSMISSION OK

TX/RX NO                    2312
CONNECTION TEL                      12136201398
SUBADDRESS
CONNECTION ID
ST. TIME                    01/29 09:44
USAGE T                     00'22
PGS. SENT                   2
RESULT                      OK
```

# F A X

**Roxborough, Pomerance & Nye, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, CA 91367
Telephone: (818) 992-9999
Facsimile: (818) 992-9991
www.rpnlaw.com

To: Scott Sveslosky, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
Fax number: (213) 620-1398

From: Michael L. Phillips, Esq.

Date: **January 29, 2008**
Number of Pages, including cover sheet: __2__

Regarding: *Largo Concrete v. Liberty Mutual*

**Comments:**  Please see attached correspondence dated January 29, 2008.

## Kimberly Schwarz

**From:** Michael L. Phillips [mlp@rpnlaw.com]
**Sent:** Tuesday, January 29, 2008 9:50 AM
**To:** 'Scott Sveslosky'; 'Frank Falzetta'
**Cc:** 'Kimberly Schwarz'
**Subject:** Largo v. Liberty

Gentlemen-

Please see the attached correspondence.

Sincerely,

**Michael L. Phillips, Esq.**
**ROXBOROUGH, POMERANCE & NYE, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991
mlp@rpnlaw.com
http://www.rpnlaw.com

This email and its attachments are from an attorney and may contain attorney-client communications, work product or other privileged, confidential or proprietary information and may be exempt from disclosure under applicable laws. This email and its attachments are for the intended recipient. If you are not the intended recipient, any dissemination, disclosure, distribution, or copying of this email or its attachments is strictly prohibited. If you receive this email or attachments in error, please reply indicating so and delete all copies of the email and attachments. Thank you.

1/29/2008

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGO CONCRETE, INC., et al., | No. C 07-04651 CRB |
| Plaintiffs, | **MEMORANDUM AND ORDER RE: MOTION TO DISQUALIFY** |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

This is an insurance bad faith lawsuit. Plaintiffs allege defendant Liberty Mutual Fire Insurance Company ("Liberty" or "defendant") mishandled their workers compensation insurance contracts. For example, they allege that defendant failed to reasonably investigate and defend claims and failed to deny questionable claims. Plaintiffs are represented by Roxborough, Pomerance & Nye LLP of Woodlawn Hills, California.

Defendant Liberty moves to disqualify the Roxborough firm on the ground that one of Roxborough's associates performed legal work for Liberty on a workers compensation bad faith action and on other insurance bad faith actions while the associate was employed at a different firm. After carefully considering the papers filed by the parties, and having had the opportunity for oral argument, defendant's motion to disqualify is GRANTED.

//

# BACKGROUND

Craig S. Pynes has been employed as an associate at Roxborough since March 2004. Before joining Roxborough, Pynes practiced for eight or nine months at Kern & Wooley LLP. Kern & Wooley was coverage counsel for the defendant in this action, Liberty Mutual Fire Insurance Company and its affiliates.

According to Lisa Kraslik Hansen, a former Kern & Wooley attorney who supervised Pynes at Kern & Wooley, Pynes "worked almost exclusively on matters for the Liberty companies" on both litigated and non-litigated matters during the time he worked at Kern & Wooley.

Among other cases, Pynes represented Liberty Mutual Insurance Company in Tony's Fine Foods, Inc. v. Liberty Mutual Ins. Co., in California state court. The plaintiff in Tony's Fine Foods made allegations nearly identical to those in this action; namely, that Liberty mishandled the plaintiff's workers compensation insurance contract. Hanson and another then Kern & Wooley attorney, Melodee Yee, both attest in affidavits that on that matter Pynes (1) reviewed Liberty Mutual companies' workers' compensation claim files, and (2) conducted a privilege review and prepared a privilege log.

Pynes admits that he briefly worked on Tony's Fine Foods and that he worked with Michelle Yee on the case, but he denies that he had any contact with attorney Hansen about the case. He describes his work on the matter as that of a paralegal: redacting personal identifying information of the injured workers, such as their social security numbers and telephone numbers.

Defendant has produced an invoice from Kern & Wooley that reveals that Pynes billed time on Tony's Fine Foods on six different days for a total of 9.8 hours. Pynes' tasks are described as, among other things: "Fact Investigation/Development–Review underlying file information for various WCAB claims against Tony's Fine Foods for analysis for document production" and "Continue analyzing claim and other underlying file materials for production (and redaction and segregation of privileged information/documents)."

All of Pynes' other work for Liberty entities while employed at Kern & Wooley did not involve workers compensation insurance. Such work included attending a mediation on Liberty's behalf, drafting discovery responses, and reviewing case files and also included legal services on bad faith cases.

## DISCUSSION

Motions to disqualify counsel are decided under state law. Ultimately, however, the decision to disqualify counsel for conflict of interest is within the trial court's discretion.

Under California law the starting point for deciding a motion to disqualify counsel is the recognition of interests implicated by such a motion. Courts "must examine these motions carefully to ensure that literalism does not deny the parties substantial justice." At base, "disqualification motion[s] may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, [and] the financial burden on a client to replace disqualified counsel." Ultimately, however, a court must maintain ethical standards of professional responsibility.

Hitachi, Ltd. v. Tatung Co., 419 F.Supp. 1158, 1160-61 (N.D. Cal. 2006). The Court's "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our justice process." People ex. rel. Dep.t of Corporations v. Speedee Oil Change Systems Inc., 20 Cal.4th 1135, 1145 (1999).

The California Rule of Professional Conduct at issue on this motion provides:

A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

California Rules of Professional Conduct R. 3-310(E).

Disqualification of an attorney from undertaking representation adverse to a former client does not require proof that the attorney *actually* possesses confidential information. Rather, in applying rule 3-310(E) [California] courts have utilized the "substantial relationship" test: "When a substantial relationship has been shown to exist between the former representation and the current representation, and when it appears by virtue of the nature of the former representation or the relationship of the attorney to his former client confidential information material to the current dispute would normally have been imparted to the attorney . . ., the attorney's knowledge of confidential information is presumed."

3

Adams v. Aerojet-General Corp., 86 Cal.App.4th 1324, 1331 (2001) (internal citations omitted); see also Speedee Oil Change Systems Inc., 20 Cal.4th at 1146 ("Where an attorney successively represents clients with adverse interests, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation."). "This is the rule by necessity, for it is not within the power of the former client to prove what is in the mind of the attorney. Nor should the attorney have to 'engage in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of the actual use of that knowledge and information in the subsequent representation.'" Global Van Lines, Inc. v. Superior Court, 144 Cal.App.3d 483, 489 (1983).

"In determining whether there is a substantial relationship between the former and the current representation, the Court looks to the 'practical consequences of the attorney's representation of the former client' and considers 'whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation.'" I-Enterprise Co. LLC v. Draper Fisher Jurvetson Management Co., 2005 LEXIS 45190 (N.D. Cal. April 4, 2005) (citations omitted). In so doing, the Court inquires into the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases, including the attorney's time spent on the earlier case, the type of work performed, and the attorney's possible exposure to strategy or policy. See Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, 69 Cal.App.4th 223, 234 (1999).

### A. Pynes has a conflict under the substantial relationship test

The substantial relationship test is satisfied here. First, Tony's Fine Foods is factually similar to the lawsuit before this Court: a lawsuit accusing Liberty of mismanaging its workers compensation claims handling process.

Second, according to the billing invoice, Pynes reviewed workers compensation claims files for a privilege review and prepared a privilege log; indeed, he does not deny that he did so. The Court finds that billing invoice is the best and most reliable evidence of the

nature of the work Pynes performed. An attorney is possibly exposed to strategy or policy along with confidential information when reviewing documents for privilege–that is, for confidentiality-- and preparing a privilege log.

Third, the information Pynes would have gleaned from reviewing claims files and preparation of a privilege log is most likely material to this action which is nearly identical to Tony's Fine Foods–the only real difference is the name of the plaintiff. Thus, Pynes' knowledge of confidential information is presumed. Adams, 86 Cal.App.4th at 1331.

Plaintiffs' first response is that defendant has not satisfied the test because the defendant in Tony's Fine Foods was Liberty Mutual Insurance Company and the defendant here is Liberty Mutual *Fire* Insurance Company--two separate entities. The evidence in the record, however, demonstrates that both companies underwrite workers compensation policies and the same Liberty employees adjust claims and service policies for both companies. The two companies use the same claims handling guidelines and the same in-house lawyers handle bad faith matters for both companies. Even Pynes testified at his deposition that he treated all the Liberty entities as the same company. The different names are a distinction without a difference in the context of this motion.

Next, plaintiffs argue that the Court should apply the "modified substantial relationship" test. That test, however, only applies when the lawyer with the alleged conflict never provided any legal services to the client in a substantially related matter or otherwise. In Adams, for example, the question presented was what test to apply when the lawyer with the alleged conflict never personally performed any legal services for the client; instead, the conflict arose from the lawyer's former law firm's representation of the client in a substantially related matter. 86 Cal.App.4th at 1328. The court held that if the lawyer himself had been personally involved with his former firm's work for the client disqualification would have been required. Id. at 1332. The lawyer, however, had not; accordingly, the court held that

> where there is a substantial relationship between the current case and the matters handled by the firm-switching attorney's former firm, but the attorney did not personally represent the former client who now seeks to remove him from the case, the trial court should apply a modified version of the

5

> "substantial relationship" test . . . . The court's task, under these circumstances, is to determine whether confidential information to the current representation would normally have been imparted to the attorney during his tenure at the old firm.

Id. at 1340. The court also placed the burden on the allegedly conflicted lawyer to show that he had not been exposed to confidential information:

> Finally, in light of the paramount importance of maintaining the inviolability of client confidences, where a substantial relationship between the former firm's representation of the client and the current lawsuit has been shown (as is the case here), the attorney whose disqualification is sought should carry the burden of proving that he had no exposure to confidential information relevant to the current action while he was a member of the former firm. That burden requires an affirmative showing and is not satisfied by a cursory denial.

Id. at 1340-41.

In Ochoa v. Fordel, 146 Cal.App.4th 898 (2007), the case upon which plaintiffs rely, the allegedly conflicted lawyer similarly did not bill for any legal services to the client moving to disqualify; instead, his former firm represented the client (while the lawyer was with the firm). The court held that the modified substantial relationship test articulated in Adams applied and affirmed the trial court's factual determination that the attorney had met his burden of proving that he was not exposed to confidential information relevant to the current action while he was a member of his former firm. Id. at 907-12.

Neither Adams nor Ochoa applies here. Liberty is not arguing that plaintiffs' counsel should be disqualified because Pynes worked at a firm that performed substantially related legal services for Liberty; rather, it contends that *Pynes* performed such legal services. The traditional substantial relationship test applies in such a situation and, as is explained above, under that test Pynes has a conflict.

Finally, plaintiffs emphasize Pynes' testimony that he did not review anything that would be of use in this case. The whole point of the presumption, however, is that a court does not inquire into the factual particularities of the information conveyed. Nor does a court "'engage in a balancing of equities' between the former and current clients. The rights and interests of the former client will prevail." H. F. Ahmanson & Co. v. Salomon Brothers, Inc. 229 Cal.App.3d 1445, 1451 (1991). It is thus no surprise that plaintiffs have not cited a single case in which the presumption and disqualification did not apply to a lawyer who

1  reviewed and redacted documents for confidential information in a substantially related
2  matter.

### B. Vicarious disqualification

Pynes has not worked on this matter for plaintiffs and the Roxborough firm has erected an "ethical wall." The question, then, is whether the Roxborough firm is nonetheless vicariously disqualified. This Court held in Hitachi that California law rejects ethical walls. 419 F.Supp.2d at 1164. Plaintiffs do not cite any case decided since Hitachi that casts doubt on this holding; to the contrary, since the Court's opinion the California Supreme Court has again rejected an ethical wall, albeit in the context of the San Francisco City Attorney. City and County of San Francisco v. Cobra Solutions, 38 Cal.4th 839 (2006). Accordingly, as a result of Pynes' conflict, the Roxborough firm is disqualified from representing plaintiffs in this matter.

### CONCLUSION

For the reasons stated above, defendant's motion to disqualify plaintiffs' counsel is GRANTED. The Court therefore need not address whether Pynes' other bad faith work for Liberty involved substantially related matters.

**IT IS SO ORDERED.**

Dated: December 31, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

On **January 29, 2008**, I served the foregoing documents described as:

**DECLARATION OF MICHAEL L. PHILLIPS IN SUPPORT OF *EX PARTE* APPLICATION FOR: 1) STAY OF ALL PROCEEDINGS PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS; and 2) RULINGS ON LARGO'S OBECTIONS TO EVIDENCE PRESENTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**

on the interested party(ies) in this action listed below:

| | |
|---|---|
| Frank Falzetta, Esq.<br>Scott Sveslosky, Esq.<br>**SHEPPARD MULLIN RICHTER &**<br>    **HAMPTON LLP**<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>Tel: (213) 620-1780 \| Fax: (213) 620-1398<br>Email: ffalzetta@sheppardmullin.com<br>          ssveslosky@sheppardmullin.com | **ATTORNEYS FOR DEFENDANT**<br>**LIBERTY MUTUAL FIRE INSURANCE**<br>**COMPANY** |

☒ **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted via e-mail to each of the parties on the attached service list at the e-mail address as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the each addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 29, 2008**, at Woodland Hills, California.

_____
Kim Schwarz

---

DECLARATION OF MICHAEL L. PHILLIPS                                    Case No. C07-04651 CRB (ADR)