1 FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
2 JAMES F. McSHANE, Cal. Bar No. 123178
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3 333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
4 Telephone:     213-620-1780
Facsimile:      213-620-1398
5 ffalzetta@sheppardmullin.com
ssveslosky@sheppardmullin.com
6
TED C. LINDQUIST, III, Cal. Bar No. 178523
7 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
8 San Francisco, California  94111-4109
Telephone:     415-434-9100
9 Facsimile:      415-434-3947
tlindquist@sheppardmullin.com
10
Attorneys for Defendant and Counterclaimant
11 LIBERTY MUTUAL FIRE INSURANCE COMPANY

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14 LARGO CONCRETE, INC., a California          Case No. C07-04651 CRB (ADR)
   Corporation; N.M.N. CONSTRUCTION,
15 INC., a California Corporation,             Hon. Charles R. Breyer
                                              [Complaint Filed:  September 10, 2007]
16              Plaintiffs,
                                              **OPPOSITION TO PLAINTIFFS'** *EX*
17       v.                                   *PARTE* **APPLICATION FOR A STAY**
                                              **PENDING DISPOSITION OF PETITION**
18 LIBERTY MUTUAL FIRE INSURANCE              **FOR WRIT OF MANDAMUS AND FOR**
   COMPANY, a Massachusetts Corporation,      **RULINGS ON OBJECTIONS TO**
19 and DOES 1 through 100, inclusive,         **EVIDENCE**

20              Defendants.
21 _____

22 AND RELATED COUNTERCLAIM

23

24

25             Plaintiffs' *ex parte* application - - for a stay pending a yet-to-be-filed

26 mandamus petition and for rulings on objections made to evidence submitted with a matter

27 heard six weeks ago - - is unauthorized by statute, rule or order, and unwarranted by any

28 circumstance requiring immediate relief.  It should be denied.

1 A.    **Introduction**

2

3          This Court heard Liberty Mutual's motion to disqualify plaintiffs' counsel on

4 December 21, 2007, signed an order granting the motion on December 31, 2007 and

5 entered its order on January 2, 2008.  Four weeks passed, and plaintiffs did nothing, other

6 than stipulate with Liberty Mutual to continue the case management conference date and

7 related deadlines.  On January 29, 2008, plaintiffs' counsel gave notice that it would file an

8 *ex parte* application for a stay pending interlocutory appellate proceedings that plaintiffs

9 have not yet initiated.  Later that day, plaintiffs e-mailed its application which, in addition

10 to seeking a stay pending disposition of an apparently planned petition for a writ of

11 mandamus, applies *ex parte* for rulings on objections that plaintiffs asserted to some of the

12 evidence supporting the disqualification motion heard on December 21, 2007.

13

14          Plaintiffs do not suggest that any emergency requires this Court's immediate

15 attention.  They do not explain their four weeks of inaction following the Court's January

16 2, 2008 entry of the disqualification order, or offer any reason why they did not proceed by

17 noticed motion under Local Rule 7-2(a).  No statute, rule or standing order authorizes the

18 requested *ex parte* relief under the circumstances presented here.  Plaintiffs cite paragraph

19 4 of this Court's Standing Order, but do not even attempt to explain why it applies here,

20 why they failed to seek a stipulation for any part of the relief they now request, or why

21 such a stipulation was "not possible."  Their *ex parte* application is procedurally defective

22 and lacks merit, and should be denied.

23

24          Plaintiffs' *ex parte* application also lacks substantive merit.  Plaintiffs

25 acknowledge that their request for a stay requires them to demonstrate a probability that

26 they will succeed on the merits of their writ petition.  Yet, since plaintiffs have not yet

27 filed their petition, this Court has nothing to review but its own order, and is in no position

28 to determine whether plaintiffs' theoretical petition has merit.  Plaintiffs acknowledge that

-1-

1  the fundamental elements of mandamus relief require them to show "clear error" by this

2  Court, or that the order involved an issue of first impression.  As briefly set forth below,

3  plaintiffs have not met their burden, and there is no basis whatsoever for this Court to

4  second-guess its January 2, 2008 Order at plaintiffs' *ex parte* invitation.  If plaintiffs want a

5  stay, they should file their petition for a writ and ask the Court of Appeal to determine

6  whether it has sufficient merit to warrant the issuance of a stay.

7

8          Plaintiffs' other *ex parte* request  - -  for rulings on objections made to

9  evidence submitted with a motion heard six weeks ago - - is not authorized under the Local

10  Rules or this Court's Standing Order, and should be denied on this ground alone.

11  However, if for any reason the Court is inclined to consider plaintiffs' request, then Liberty

12  Mutual asks that the Court (a) review Liberty Mutual's opposition to plaintiffs' objections

13  [a copy is attached as Exhibit A], which demonstrates that the plaintiffs' objections lack

14  merit and should be overruled, and (b) review and rule upon Liberty Mutual's Objections

15  to the evidence submitted by plaintiffs.

16

17  B.    ***Ex Parte* Relief is Unauthorized and Unwarranted**

18

19          Under the Local Rules, all motions must be filed and served on 35 days

20  written notice "except as otherwise ordered or permitted by the assigned Judge or these

21  Local Rules."  [Local Rule 7-2(a)].  A party may file an *ex parte* motion "only if a statute,

22  Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the

23  circumstances and the party has complied with the applicable provisions allowing the party

24  to approach the Court on an ex parte basis."  [Local Rule 7-10].  A party moving *ex parte*

25  must "include a citation to the statute, rule or order which permits the use of an ex parte

26  motion to obtain the relief sought."  [Id.]

27

28

OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION FOR A STAY, ET AL

1       Here, citing only paragraph 4 of this Court's Standing Order as support for
2   their use of *ex parte* procedures, plaintiffs make two requests: (a) a stay pending
3   disposition of a writ petition that they have not yet filed, and (b) rulings on objections
4   made to evidence submitted prior to the December 21, 2007 hearing of Liberty Mutual's
5   motion to disqualify plaintiffs' counsel.
6
7       Neither of plaintiffs' requests should be granted *ex parte*.  Considering them
8   in reverse order, this Court's Standing Order does not permit the use of *ex parte* procedures
9   to seek rulings on objections to evidence.  The Standing Order applies **only** to requests for
10  continuances, special status conference requests, briefing schedules, and "other procedural
11  changes."  It provides no basis whatsoever for seeking rulings on evidence *ex parte.*
12  Plaintiffs' *ex parte* application for rulings on evidence, relating to a motion heard six weeks
13  ago, is unauthorized and should be denied.
14
15      Plaintiffs' *ex parte* application for a stay should also be denied.  First, under
16  paragraph 4 of the Standing Order, plaintiffs cannot show that obtaining a stipulation for a
17  stay pending interlocutory appellate proceedings was "not possible."  There is no evidence
18  that plaintiffs' counsel ever asked for a stipulation, or that they ever discussed the topic
19  with Liberty Mutual's counsel, and hence, plaintiffs have not shown and cannot show that
20  their *ex parte* application is necessary.  Moreover, while plaintiffs argue that this Court
21  should stay further proceedings "pending disposition of Largo's Petition for Writ of
22  Mandamus," they have neither filed a writ petition nor indicated when, if ever, they intend
23  to do so.  Even if the Court is inclined to issue a stay while pending the completion of
24  interlocutory appellate proceedings, it should not do so without imposing on plaintiffs a
25  reasonable deadline for filing their appellate petition.
26
27
28

1  C.    **Plaintiffs Have Not Met and Cannot Meet their Burden of Demonstrating**

2  **Entitlement to a Stay Pending the Outcome of Interlocutory Appellate**

3  **Proceedings**

4

5          Plaintiffs contend that a stay is warranted because they are "likely to succeed

6  on the merits" of their planned petition for a writ of mandamus.  In so doing, plaintiffs

7  ignore "the starting point" of mandamus evaluations under Bauman v. United States

8  District Court, 557 F.2d 650 (1977): "The remedy of mandamus is a drastic one, to be

9  involved only in extraordinary situations." Id., at 654, quoting Kerr v. United States

10 District Court, 426 U.S. 394, 402 (1976); see also Cole v. United States District Court, 366

11 F.3d 813, 818 (9th Cir. 2004)(mandamus is an "extraordinary remedy which should be

12 sparingly employed".)  Plaintiffs argue that they are "likely to succeed on the merits,"

13 heavily discounting the Bauman courts' guideline that mandamus should issue only when

14 "the district court's order is clearly erroneous as a matter of law," 557 F.2d at 654, and its

15 analysis of four prior Ninth Circuit decisions in which mandamus was granted, all

16 involving district court decisions that it characterized as "quite clearly erroneous," "clearly

17 erroneous," "both novel and not authorized by any rule," or "clearly wrong." Id., at p. 655.

18

19          While a showing of "clear error" may not always be necessary under

20 Bauman, "absence of clear error is often dispositive" of a mandamus petition, and is

21 "highly significant." Cole, supra, 366 F.3d at 820.

22

23          Here, plaintiffs' contend that this Court committed "clear error" by "failing to

24 apply the modified substantial interest test" in deciding the defendant's motion to

25 disqualify plaintiffs' counsel.  Plaintiffs' contention is entirely misplaced.  As this Court

26 found, solidly relying on Adams v. Aerojet-General Corp., 86 Cal.App.4th 1324 (2001) and

27 Ochoa v. Fordel, 146 Cal.App.4th 898 (2007), the modified substantial interest test applies

28 "only when the lawyer with the alleged conflict never provided any legal services to the

-4-

OPPOSITION TO PLAINTIFFS' EX PARTE
                                        APPLICATION FOR A STAY, ET AL

1  client in a substantially related matter or otherwise." [January 2, 2008 Order, p. 5, lines

2  18-19.] The legal services that Mr. Pynes performed for plaintiff and its affiliates

3  compelled the Court's determination, under California law, that the "traditional substantial

4  interest test" applied.  That determination cannot reasonably be characterized as "clearly

5  erroneous," because it was, in fact, clearly correct.

6

7          Plaintiffs also contend that California law is "trending" toward acceptance of

8  ethical walls as shields against otherwise illegal conflicts of interest, and therefore argue,

9  citing another Bauman factor, that this Court's order raises "important problems or issues

10 of first impression" that should be addressed on mandamus.  Plaintiffs are wrong, because

11 there is nothing new here, for either this Court or the Ninth Circuit to address.  As this

12 Court pointed out in Hitachi, Ltd. v. Tatung Co., 419 F.Supp.2d 1158 (N.D. Cal. 2006),

13 California rejects ethical walls.  Moreover, as the Court noted in its January 2, 2008 Order,

14

15          "plaintiffs do not cite any case decided since Hitachi that casts doubt on this

16          holding; to the contrary, since the Court's opinion the California Supreme

17          Court has again rejected an ethical wall, albeit in the context of the San

18          Francisco City Attorney.  City and County of San Francisco v. Cobra

19          Solutions, 38 Cal.4th 839 (2006)." [January 2, 2008 Order, p. 7, lines 6-10.]

20

21          In summary, while this ex parte proceeding is not the place to fully brief

22 plaintiffs' petition for a writ of mandamus, it is more than clear that plaintiffs' will not be

23 able to demonstrate "clear error" in the Court's Disqualification Order, or that this Court

24 ploughed new ground when it issued that order.  If plaintiffs desire a stay, they should file

25 their writ petition and ask the Court of Appeal for stay, allowing the Ninth Circuit to

26 determine whether plaintiffs' writ petition has sufficient merit to warrant a stay.

27

28

-5-

OPPOSITION TO PLAINTIFFS' EX PARTE
                                                    APPLICATION FOR A STAY, ET AL

1    D.    **There Is No Basis Whatsoever for Plaintiffs' Ex Parte Request for Rulings on**

2    **Objections to Evidence**

3

4          In essence, plaintiffs have asked this Court to "clean up the record," before

5    they file their writ petition, by issuing specific rulings on the evidence supporting

6    plaintiffs' disqualification motion.  Plaintiffs cite no authority supporting their request;

7    they merely re-state the objections they previously filed.

8

9          If for any reason the Court is inclined to grant plaintiffs' unsupported request,

10   Liberty Mutual requests two things.  First, Liberty Mutual asks the Court to consider

11   Liberty Mutual's opposition to plaintiffs' objections [Exhibit A], which demonstrate that

12   plaintiffs objections lack merit and should be denied.  Second, Liberty Mutual asks that the

13   Court *also* rule on *Liberty Mutual's* objections to the evidence submitted by plaintiffs in

14   opposition to the disqualification motion. [Exhibit B]

15

16   E.    **Conclusion**

17

18          For all of the foregoing reasons, defendant respectfully asks that this Court

19   deny plaintiffs' *ex parte* application.

20

21   Dated:  January 30, 2008

22                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24                          By _____

25                                  JAMES F. McSHANE

26                          Attorneys for Defendant and Counterclaimant
                            LIBERTY MUTUAL FIRE INSURANCE COMPANY
27

28

W02-WEST:LMR\400694788.1                    OPPOSITION TO PLAINTIFFS' EX PARTE
                                            APPLICATION FOR A STAY, ET AL

Exhibit A

1   FRANK FALZETTA, Cal. Bar No. 125146
    SCOTT SVESLOSKY, Cal. Bar No. 217660
2   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 48th Floor
3   Los Angeles, California 90071-1448
    Telephone:    213-620-1780
4   Facsimile:    213-620-1398
    ffalzetta@sheppardmullin.com
5   ssveslosky@sheppardmullin.com

6   TED C. LINDQUIST, III, Cal. Bar No. 178523
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
8   Telephone:    415-434-9100
    Facsimile:    415-434-3947
9   tlindquist@sheppardmullin.com

10  Attorneys for Defendant and Counterclaimant
    LIBERTY MUTUAL FIRE INSURANCE COMPANY
11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14  LARGO CONCRETE, INC., a California       Case No. C07-04651 CRB (ADR)
    Corporation; N.M.N. CONSTRUCTION,
15  INC., a California Corporation,          Hon. Charles R. Breyer
                                             [Complaint Filed: September 10, 2007]
16                  Plaintiffs,
                                             LIBERTY MUTUAL FIRE INSURANCE
17           v.                              COMPANY'S OPPOSITION TO
                                             PLAINTIFFS' OBJECTIONS TO
18  LIBERTY MUTUAL FIRE INSURANCE            EVIDENCE SUBMITTED IN SUPPORT
    COMPANY, a Massachusetts Corporation,    OF MOTION TO DISQUALIFY
19  and DOES 1 through 100, inclusive.       ROXBOROUGH, POMERANCE & NYE

20                  Defendants.              Date:    December 21, 2007
                                             Time:    10:00 a.m.
21  ┌─────────────────────────────────      Place:   Courtroom 8
    AND RELATED COUNTERCLAIM
22  └─────────────────────────────────

23

24          Defendant and counterclaimant Liberty Mutual Fire Insurance Company

25  ("LMFIC") submits this opposition to the purported objections made by plaintiff Largo Concrete,

26  Inc. and plaintiff and counter-defendant N.M.N. Construction, Inc. (collectively "Plaintiffs") to the

27  evidence supporting LMFIC's Motion to Disqualify Roxborough, Pomerance & Nye from

28  Representing Plaintiffs.

                                    -1-

1    Plaintiffs' purported objections to LMFIC's evidence are not really objections at all.

2  Rather than stating proper objections under the Rules of Evidence and the legal grounds

3  supporting them, plaintiffs assert additional legal argument, in violation of the 25 page limit on

4  points and authorities [Local Rule 7-3(a)].  Plaintiffs' thinly disguised effort to use purported

5  "objections" as an opportunity for further briefing is improper.  Their "objections" should be

6  overruled in their entirety.

7

8                                              I.

9              **THE COURT SHOULD OVERRULE PLAINTIFFS' OBJECTIONS TO**

10                        **THE LISA HANSEN DECLARATION**

11

12    Plaintiffs argue that the Declaration of Lisa Kralik Hansen is "irrelevant, based on

13  speculation, . . . is inherently weak, and is not the best evidence available" [Objections, p. 1], but

14  fail to specify any statement she made that is allegedly irrelevant, based on speculation, inherently

15  weak, or not the "best evidence." [See Objections, pp. 1-3].  The Court should summarily overrule

16  these objections Because Plaintiffs fail to identify the basis for them. Fed. R. Evid. 103.

17

18    Plaintiffs argue that certain statements in the Hansen Declaration are "misleading"

19  because they lack specificity on irrelevant issues.  "Misleading" is not an evidentiary objection, it

20  is pure argument that should be reserved for the briefs.

21

22    Plaintiffs next argue that Ms. Hansen "falsely" asserted that she represented a

23  Liberty Mutual entity.  Plaintiffs are wrong as a matter of law.  Ms. Hansen properly stated that

24  she represented the Liberty Mutual companies in the Tony's Fine Foods matter based on the fact

25  that she worked at Kern and Wooley LLP ("K&W").  Streit v. Covington & Crowe, 82

26  Cal.App.4th 441, 445 (2000)(an attorney-client relationship exists between the client and any

27  attorney that is a partner of or employed by the retained attorney).

28

W02-WEST:1JMJ2\400602351.1

1    Plaintiffs argue that paragraphs 6 and 7 of the Hansen Declaration should be

2   stricken because they are based on hearsay statements by Ms. Yee. [Objections, p. 2]. This

3   argument is irrelevant because the alleged hearsay declarant, Ms. Yee, testifies to the same facts in

4   her declaration. [Yee Decl., ¶ 5].  Therefore, facts regarding Mr. Pynes's work on the <u>Tony's Fine</u>

5   <u>Foods</u> matter, whether attested to by Ms. Hansen or Ms. Yee, are competent evidence that the

6   Court should consider in ruling on this Motion.

7

8    Plaintiffs falsely claim that Ms. Hansen stated in her declaration that she "trained"

9   or "supervised" Mr. Pynes on the <u>Tony's Fine Foods</u> matter.  [Objections, p. 3].  In fact,

10   Ms. Hansen stated that she often supervised Mr. Pynes' work at K&W and that she discussed Mr.

11   Pynes's work on the <u>Tony's Fine Foods</u> matter with him.  [Hansen Decl., ¶¶ 3, 7].

12

13    Finally, Plaintiffs argue that Ms. Hansen's entire declaration should be "stricken"

14   because she "has demonstrated extreme bias in favor of Liberty" because Liberty Mutual has not

15   retained her in any new cases during the last 11 months.  (Objections, p. 3).  Plaintiffs' objection is

16   factually and logically unsupported, as Ms. Hansen's bias, if any, could as easily be *against*

17   Liberty Mutual for not hiring her as in favor of Liberty Mutual because she wants future business.

18   Plaintiffs merely presume the latter, citing nothing in support.  In any event, alleged bias is not a

19   proper grounds for excluding otherwise admissible witness statements.  <u>DiCarlo v. Keller Ladders,</u>

20   <u>Inc.,</u> 211 F.3d 465, 468 (8th Cir. 2000) (bias goes to the weight of the evidence, not its

21   admissibility); accord <u>Estate of Russell</u>, 189 Cal. 759, 769 (1922).  Following Plaintiffs' dubious

22   logic that a declaration should be stricken due to witness bias, the Court should strike the

23   declarations of Messrs. Pynes, Roxborough, Adreani and Phillips, whose biases, as opposing

24   counsel, are overwhelming.

25

26

27

28

-3-

LIBERTY MUTUAL'S OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO EVIDENCE SUPPORTING MOTION TO
DISQUALIFY

1

### III.

2

### CONCLUSION

3

4       For all of the foregoing reasons, the Court should overrule Plaintiffs' Objections in

5  their entirety.

6

7  Dated:  December 14, 2007

8              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10             By

11                    FRANK FALZETTA

               Attorneys for Defendant and Counterclaimant

12                LIBERTY MUTUAL FIRE

                INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

W02-WEST:1JMJ2\400602351.1

LIBERTY MUTUAL'S OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO EVIDENCE SUPPORTING MOTION TO
DISQUALIFY

Exhibit B

1   FRANK FALZETTA, Cal. Bar No. 125146
    SCOTT SVESLOSKY, Cal. Bar No. 217660
2   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 48th Floor
3   Los Angeles, California 90071-1448
    Telephone:    213-620-1780
4   Facsimile:    213-620-1398
    ffalzetta@sheppardmullin.com
5   ssveslosky@sheppardmullin.com

6   TED C. LINDQUIST, III, Cal. Bar No. 178523
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
8   Telephone:    415-434-9100
    Facsimile:    415-434-3947
9   tlindquist@sheppardmullin.com

10  Attorneys for Defendant and Counterclaimant
    LIBERTY MUTUAL FIRE INSURANCE COMPANY

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14  LARGO CONCRETE, INC., a California      | Case No. C07-04651 CRB (ADR)
    Corporation; N.M.N. CONSTRUCTION,
15  INC., a California Corporation,         | Hon. Charles R. Breyer
                                            | [Complaint Filed: September 10, 2007]
16              Plaintiffs,
                                            | **[PROPOSED] ORDER ON LIBERTY**
17        v.                                | **MUTUAL FIRE INSURANCE**
                                            | **COMPANY'S OBJECTIONS TO THE**
18  LIBERTY MUTUAL FIRE INSURANCE           | **DECLARATIONS SUBMITTED IN**
    COMPANY, a Massachusetts Corporation,   | **SUPPORT OF PLAINTIFFS'**
19  and DOES 1 through 100, inclusive.      | **OPPOSITION TO LIBERTY MUTUAL'S**
                                            | **MOTION TO DISQUALIFY THE**
20              Defendants.                 | **ROXBOROUGH FIRM**

21

22
                                            | Date:    December 21, 2007
23                                          | Time:    10:00 a.m.
                                            | Place:   Courtroom 8
24  AND RELATED COUNTERCLAIM

25

26

27

28

-1-

                              [PROPOSED] ORDER ON OBJECTIONS TO
                                        PLAINTIFFS' EVIDENCE

| Portion of Declaration | Objections | Ruling |
|---|---|---|
| (Roxborough Decl., p. 10:18-20.) | | |
| 11.    In addition, I have reviewed the pleadings identified on this docket sheet and determined that neither Ms. Yee nor Lisa Kralik Hansen's name appear on any of the listed pleadings and the only pleading executed by Ms. Hansen was the Notice of Ex Parte Application and Ex Parte Application for an Order Staying the Action by Stipulation.  Although this document was executed by Ms. Hansen, her name does not appear as attorney of record; it appears she executed the pleading simply on behalf of Susan Olson.<br><br>(Roxborough Decl., pp. 11:1-6.) | Lacks foundation.  Fed. R. Evid. 602.<br><br>Hearsay.  Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

W02-WEST:1JMJ2\400597349.3

[PROPOSED] ORDER ON OBJECTIONS TO
PLAINTIFFS' EVIDENCE

| # | Portion of Declaration | Objections | Ruling |
|---|---|---|---|
| 1 | | | |
| 2-8 | *Kimco* indicate that all of the documents Liberty Fire considered its training and adjusting "manuals" were produced to me, and Bates labeled Nos. LM 50869-5 1987. (Adreani Decl., p. 5:2-4.) | Hearsay. Fed. R. Evid. 802. | ☐ Sustained ☐ Overruled |
| 9-18 | 6.   I also specifically recall Liberty Fire's counsel acknowledging to me on the record of a deposition that, with regard to workers' compensation training and adjusting manuals used by Liberty Fire, "all such documents had been produced" in the *Kimco* case. (Adreani Decl., p. 5:6-9.) | Lacks foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802. | ☐ Sustained ☐ Overruled  ☐ Sustained ☐ Overruled |
| 19-25 | 7.   It was well known to Ms. Hansen and Ms. Olson that Mr. Pynes was working at my firm at the time the *RemedyTemp* case was filed. (Adreani Decl., p. 6:1-2.) | Lacks foundation. Fed. R. Evid. 602. | ☐ Sustained ☐ Overruled |
| 26-28 | 8.   On one occasion, early in the case at an in person "meet and | Lacks foundation. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 802. | ☐ Sustained ☐ Overruled  ☐ Sustained ☐ Overruled |

-9-

[PROPOSED] ORDER ON OBJECTIONS TO PLAINTIFFS' EVIDENCE

| Portion of Declaration | Objections | Ruling |
|---|---|---|
| confer" under Central District Local Rule 7 at my office, both Ms. Hansen and Ms. Olson said hello to Mr. Pynes personally while in my office. On other occasions both Ms. Hansen and Ms. Olson asked me to say hello to Mr. Pynes.<br><br>(Adreani Decl., p. 6:5-8.) | | |
| 9.      During the course of the *RemedyTemp* case, I have received through discovery and Rule 26 all of the same training and adjusting materials I received in the *Kimco* case, all with Liberty's full knowledge of Mr. Pynes' employment at my firm.<br><br>(Adreani Decl., p. 6:9-14.) | Lacks foundation.  Fed. R. Evid. 602. | ☐ Sustained<br>☐ Overruled |
| 10.     At that time, co-counsel in Kentucky had long since obtained all of the workers' compensation training and adjusting manuals, including Best Practices, from Liberty. These were all of the same documents I had seen in *Kimco* and | Lacks foundation.  Fed. R. Evid. 602. | ☐ Sustained<br>☐ Overruled |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-10-

| Portion of Declaration | Objections | Ruling |
|---|---|---|
| *RemedyTemp*. (Adreani Decl., p. 8:1-5.) | | |

## LMFIC'S OBJECTIONS TO DECLARATION OF
## CRAIG S. PYNES DATED NOVEMBER 30, 2007

| Portion of Declaration | Objections | Ruling |
|---|---|---|
| 1.     The claim files I reviewed contained no confidential information regarding Liberty Mutual Insurance Company or Liberty Mutual Fire Insurance Company and were individually titled "applicant's name versus Tony's Fine Foods". (Pynes Decl., p. 2:20-22.) | Lacks foundation. Fed. R. Evid. 602.<br><br>Hearsay. Fed. R. Evid. 802.<br><br>Improper legal conclusion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| 2.     At no time during my employment with Kern & Wooley did I ever seek or gain access to information that was confidential to Liberty Mutual Fire Insurance Company, or any other Liberty entity, regarding their policies or strategies associated with workers' compensation bad faith claims | Lacks foundation.  Fed. R. Evid. 602.<br><br>Improper legal conclusion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

-11-

| | Portion of Declaration | Objections | Ruling |
|---|---|---|---|
| 1 | | | |
| 2 | mishandling matters. | | |
| 3 | | | |
| 4 | (Pynes Decl., p. 4:17-20.) | | |
| 5 | 3.    At no time during my | Lacks foundation.  Fed. R. Evid. 602. | ☐ Sustained<br>☐ Overruled |
| 6 | employment with Kern & Wooley | | |
| 7 | did I obtain any information that was | Improper legal conclusion. Fed. R. Evid. 701. | ☐ Sustained<br>☐ Overruled |
| 8 | confidential to Liberty Mutual Fire | | |
| 9 | Insurance Company's, or any other | | |
| 10 | Liberty entity, regarding their | | |
| 11 | policies or strategies associated with | | |
| 12 | workers' compensation bad faith | | |
| 13 | claims mishandling litigation. | | |
| 14 | (Pynes Decl., p. 4:21-24.) | | |
| 15 | | | |
| 16 | 4.    Before leaving Kern & | Hearsay.  Fed. R. Evid. 802. | ☐ Sustained<br>☐ Overruled |
| 17 | Wooley, I personally discussed my | | |
| 18 | offer to work for Roxborough, | | |
| 19 | Pomerance & Nye with Lisa Kralik | | |
| 20 | Hansen.  We specifically discussed | | |
| 21 | that the Roxborough, Pomerance & | | |
| 22 | Nye firm handles workers' | | |
| 23 | compensation bad faith claims cases | | |
| 24 | distinct from the type of work I had | | |
| 25 | done at Kern & Wooley.  She agreed | | |
| 26 | that this was a completely new area | | |
| 27 | of practice for me and a wonderful | | |
| 28 | opportunity for me to learn a | | |

-12-

[PROPOSED] ORDER ON OBJECTIONS TO
PLAINTIFFS' EVIDENCE

1        IT IS HEREBY ORDERED AND ADJUDGED that LMFIC's evidentiary

2   objections are GRANTED as marked above.

3

4   IT IS SO ORDERED.

5

6    Dated: December ___, 2007

7                                       _____

8                                       THE HONORABLE CHARLES R. BREYER

9                                       UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

W02-WEST:1JMJ2\400597349.3                          [PROPOSED] ORDER ON OBJECTIONS TO
                                                    PLAINTIFFS' EVIDENCE

1  Respectfully Submitted by:

2  Dated: December 14, 2007

3              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5        By  _____

6                      TED C. LINDQUIST, III
                 Attorneys for Defendant and Counterclaimant
7                      LIBERTY MUTUAL FIRE
                       INSURANCE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1JMJ2\400597349.3                    [PROPOSED] ORDER ON OBJECTIONS TO
                                              PLAINTIFFS' EVIDENCE