1 | Nicholas P. Roxborough, Esq. (Bar No. 113540)
Michael L. Phillips, Esq. (Bar No. 232978)
2 | ROXBOROUGH, POMERANCE & NYE LLP
5820 Canoga Ave., Suite 250
3 | Woodland Hills, California 91367
Telephone: (818) 992-9999
4 | Facsimile: (818) 992-9991
E-Mail: npr@rpnlaw.com
5 | mlp@rpnlaw.com

6 | Attorneys for Plaintiffs/Counter-Defendants, LARGO CONCRETE,
INC. and N.M.N. CONSTRUCTION, INC.
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | LARGO CONCRETE, INC., a California | Case No. C07-04651 CRB (ADR)
Corporation; N.M.N. CONSTRUCTION, | *The Hon. Charles R. Breyer*
11 | INC., a California Corporation. |
| **REPLY TO OPPOSITION TO PLAINTIFFS'**
12 | | ***EX PARTE* APPLICATION FOR:**
13 | Plaintiffs, |
| **1) STAY OF ALL PROCEEDINGS PENDING**
14 | v. | **DISPOSITION OF LARGO'S PETITION**
| **FOR WRIT OF MANDAMUS; and**
15 | LIBERTY MUTUAL FIRE INSURANCE |
COMPANY, a Massachusetts Corporation, | **2) RULINGS ON LARGO'S OBJECTIONS**
16 | and DOES 1 through 100, inclusive. | **TO EVIDENCE PRESENTED BY LMF IN**
| **SUPPORT OF ITS MOTION TO**
17 | | **DISQUALIFY ROXBOROUGH,**
Defendants. | **POMERANCE & NYE**
18 |
19 | AND RELATED COUNTERCLAIM | Complaint filed:    September 10, 2007

20 |

21 | Plaintiffs/Counter-Defendants, LARGO CONCRETE, INC. and N.M.N. CONSTRUCTION,

22 | INC. (hereinafter "Largo"), submit the following Reply to LIBERTY MUTUAL FIRE INSURANCE

23 | COMPANY's (hereinafter "LMF") Opposition to Largo's *Ex Parte* Application.

24 |     **A.**    **FEDERAL RULE OF APPELLATE PROCEDURE 8(a)(1)(A) DIRECTS A**
**MOTION FOR STAY TO BE MADE TO THE DISTRICT COURT PRIOR TO**
25 | **APPLYING TO THE COURT OF APPEAL FOR SUCH RELIEF**

26 |     Federal Rule of Appellate Procedure 8(a)(1)(A) requires that prior to making a motion for stay

27 | or injunction pending appeal to the court of appeal, the moving party must show that an application

28 | for such relief was made to the district court and such application was denied, or that such application

1

1   to the district court was not practicable.  A stay of proceedings in this matter is necessary to allow

2   Largo to seek review of the Court's order granting LMF's motion to disqualify RPN.  Pursuant to

3   Federal Rule of Appellate Procedure 8(a)(1)(A), Largo is requesting such a stay from this Court.  If

4   this Court is not inclined to grant a stay, Largo will seek a stay from the court of appeal.

5   **B.    LMF WILL SUFFER NO PREJUDICE IF A STAY IS GRANTED**

6   LMF makes <u>no mention of any prejudice or hardship</u> it would suffer if a stay is granted to

7   allow Largo to pursue its rights with the court of appeal.  In making a determination under the

8   *Bauman* factors, <u>the relative hardships to the parties</u> is the critical component: "If the balance of harm

9   tips decidedly towards the plaintiff, then the plaintiff need not show as robust a likelihood of success

10  on the merits as when the balance tips less decidedly."  *Benda v. Grand Lodge of Intern. Ass'n of*

11  *Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978).

12  There is <u>no trial date set</u> for this matter.  LMF has presented <u>no evidence it will suffer any</u>

13  <u>prejudice or hardship</u> if a stay is granted.  This stay is necessary to allow Largo an opportunity to seek

14  review of this Court's Order prior to being forced to prosecute this action with inferior counsel against

15  LMF, who has retained counsel with substantial experience in this specialized area of law.  The fact

16  that LMF will suffer little or no hardship compared to the level of hardship that will be suffered by

17  Largo if this stay is not granted heavily tilts the balance of hardships in favor of Largo.

18  **C.    *EX PARTE* RELIEF IS APPROPRIATE PURSUANT TO PARAGRAPH 4 OF
        THE HONORABLE JUDGE BREYER'S STANDING ORDER**
19

20  Largo's *Ex Parte* Application was brought pursuant to Paragraph 4 of the Honorable Judge

21  Breyer's Standing Order which states that "Parties seeking to continue hearings, request special status

22  conferences, modify briefing schedules, or make other procedural changes shall submit a signed

23  stipulation and proposed order, or, if stipulation is not possible, an *ex parte* application in writing".

24  Largo's *Ex Parte* Application seeks a procedural change – a stay of all proceedings.  Based on LMF's

25  Opposition to the relief sought, it is apparent a stipulation was not possible.  As such, after careful

26  review of the Court's Order granting LMF's motion to disqualify RPN, researching the available

27  avenues for review of the Order, and discussion of the same with Largo, counsel for Largo made this

28  *Ex Parte* Application.  An immediate decision is required, and the normal notice provisions are

2

1    impractical because 1) the parties are under an obligation to conduct initial meetings and disclosures

2    under FRCP 26 and, based on the Court's Order, such actions cannot be taken by Largo's current

3    counsel, RPN, at this time, and 2) Largo desires an immediate ruling on its application for a stay so

4    that it can proceed to seek review of this Court's Order by way of a petition for writ of mandamus

5    with the Ninth Circuit.

6          **D.**     **LARGO IS LIKELY TO PREVAIL ON THE MERITS OF ITS PETITION FOR WRIT OF MANDAMUS**

7

8          In order to show that Largo is entitled to a stay of proceedings pending appellate review of this

9    Court's Order, Largo is not required to show that it absolutely will prevail on the merits of its Petition

10   for Writ of Mandamus. A Party seeking a stay or injunction pending appeal need only show that it

11   <u>may</u> prevail on the merits. *Gilder v. PGA Tour, Inc.* 936 F.2d 417, 422 (9th Cir. 1991). As discussed

12   in its moving papers, it is likely Largo may prevail on the merits of its Petition for Writ of Mandamus.

13          Largo respectfully believes that the Court erred by failing to apply the modified substantial

14   relationship test to determine whether or not a conflict of interest exists that would subject <u>RPN</u> to

15   disqualification because 1) there is no proof, admissible or otherwise, even accepting the evidence

16   submitted by LMF as true, that Craig Pynes actually obtained any information <u>confidential to Liberty</u>

17   which was material to WCBF litigation; and, 2) his prior attorney-client relationship with any Liberty

18   entity was peripheral and attenuated from the unique area of WCBF litigation, specifically recognized

19   by this Court. In addition, as this Court acknowledged in *Hitachi*, there is a <u>shift</u> taking place in

20   California towards <u>acknowledging the implementation of ethical walls</u>. *Hitachi, Ltd. v. Tatung Co.*

21   (N.D.Cal. 2006) 419 F.Supp.2d 1158, 1164.

22          **E.**     **THE COURT SHOULD RULE ON LARGO'S OBJECTIONS SO THAT A CLEAR RECORD CAN BE SUBMITTED TO COURT OF APPEAL**

23

24          The herein Writ may result in a new appellate opinion regarding ethical walls.

25          Largo respectfully requests that the court rule on the objections submitted as to the evidence

26   presented by LMF in support of its motion to disqualify RPN so that there is <u>a clear record on appeal</u>.

27   It is in the best interest of all parties concerned to have a clear record presented to the Ninth Circuit

28   in association with Largo's Petition for Writ of Mandamus.

3

1    **F.    CONCLUSION**

2    LMF will suffer little or no hardship, the level of hardship that will be suffered by Largo if this

3    stay is not granted is high, and Largo is likely to succeed on the merits of its Petition for Writ of

4    Mandamus.  As such, based on the foregoing, Largo respectfully requests this Court issue an order

5    staying this action in its entirety, pending disposition of Largo's Petition for Writ of Mandamus.  In

6    addition, because of an appeal, Largo would appreciate this Court rendering rulings on Largo's

7    evidentiary objections to evidence submitted by LMF in support of its motion to disqualify.

8    DATED:   January 31, 2008                    ROXBOROUGH, POMERANCE & NYE LLP

9

10                                               By: _____

11                                               NICHOLAS P. ROXBOROUGH, ESQ.
                                                 MICHAEL L. PHILLIPS, ESQ.
12                                               Attorneys for Plaintiffs/Counter-Defendants,
                                                 LARGO CONCRETE, INC. and N.M.N.
                                                 CONSTRUCTION, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO OPPOSITION TO *EX PARTE* APPLICATION                    Case No.  C07-04651 CRB (ADR)

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                              ) ss
COUNTY OF LOS ANGELES   )

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

      On **January 31, 2008**, I served the foregoing documents described as:

**REPLY TO OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR: 1) STAY OF ALL PROCEEDINGS PENDING DISPOSITION OF LARGO'S PETITION FOR WRIT OF MANDAMUS; and 2) RULINGS ON LARGO'S OBJECTIONS TO EVIDENCE PRESENTED BY LMF IN SUPPORT OF ITS MOTION TO DISQUALIFY ROXBOROUGH, POMERANCE & NYE**

on the interested party(ies) in this action listed below:

| | |
|---|---|
| Frank Falzetta, Esq.<br>Scott Sveslosky, Esq.<br>**SHEPPARD MULLIN RICHTER & HAMPTON LLP**<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA  90071-1448<br>Tel:  (213) 620-1780 \| Fax:  (213) 620-1398<br>Email:  ffalzetta@sheppardmullin.com<br>       ssveslosky@sheppardmullin.com | **ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY** |

☒    **BY ELECTRONIC MAIL:** I caused such documents listed above to be transmitted via e-mail to each of the parties on the attached service list at the e-mail address as last given by that person on any document which he or she has filed in this action and served upon this office.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the each addressee(s).

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 31, 2008**, at Woodland Hills, California.

Kim Schwarz

---

5

REPLY TO OPPOSITION TO *EX PARTE* APPLICATION            Case No.  C07-04651 CRB (ADR)