1   FRANK FALZETTA, Cal. Bar No. 125146
    SCOTT SVESLOSKY, Cal. Bar No. 217660
2   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 48th Floor
3   Los Angeles, California  90071-1448
    Telephone:   213-620-1780
4   Facsimile:   213-620-1398
    ffalzetta@sheppardmullin.com
5   ssveslosky@sheppardmullin.com

6   TED C. LINDQUIST, III, Cal. Bar No. 178523
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4109
8   Telephone:   415-434-9100
    Facsimile:   415-434-3947
9   tlindquist@sheppardmullin.com

10  Attorneys for Defendant and Counterclaimant
    LIBERTY MUTUAL FIRE INSURANCE COMPANY
11

12  KEVIN KEVORKIAN, Cal. Bar No. 130242
    ACKERMAN AND KEVORKIAN
13  2391 The Alameda #100
    Santa Clara, California 95050-6305
14  Telephone:  (408) 261-5800
    Facsimile:   (408) 261-5900
15  kbk@aandklaw.com

16  Attorneys for Plaintiff LARGO CONCRETE, INC.
    and Plaintiff and Counterdefendant
17  N.M.N. CONSTRUCTION, INC.

18                  UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 20  LARGO CONCRETE, INC., a California Corporation; N.M.N. CONSTRUCTION, 21  INC., a California Corporation, | Case No. C07-04651 CRB (ADR) |
| 22                  Plaintiffs, | Hon. Charles R. Breyer [Complaint Filed:  September 10, 2007] |
| 23           v. | **JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |
| 24  LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation, 25  and DOES 1 through 100, inclusive. | |
| 26                  Defendants. | |
| 27 28  AND RELATED COUNTERCLAIM | |

-1-

On January 7, 2009, counsel for plaintiff Largo Concrete, Inc. ("Largo") and plaintiff and counterdefendant N.M.N. Construction, Inc. ("N.M.N.") (collectively "Plaintiffs") and counsel for defendant and counterclaimant Liberty Mutual Fire Insurance Company ("Liberty Mutual") conferred telephonically pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Scheduling Initial Case Management Conference and ADR Deadlines, as amended by the November 17, 2008 Stipulation and Order Setting Pre-Case Management Conference Deadlines (the "Order").  This report constitutes the Joint Report of Early Meeting of Counsel required by Rule 26(f) and the Order.

## A.      Initial Disclosures.

The parties agree that, except as noted herein regarding the timing of expert disclosures under Fed. R. Civ. P. 26(a)(2), no changes should be made in the timing, form or requirement for the initial disclosures required by Fed. R. Civ. P. 26(a).  The parties will make their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1) and the Order by no later than February 4, 2009.

## B.      Case Management Dates and Discovery Cut-Off Dates, Phases or Limitations, and Subjects of Discovery.

The following dates are based on the assumption that Plaintiffs receive copies of the claim files for the at-issue claims by no later than April 1, 2009:

| Event | Proposed Date |
|---|---|
| Joint exchange of initial expert designations: | March 16, 2009 |

-2-

RULE 26(f) JOINT REPORT

| Event | Proposed Date |
|---|---|
| Joint exchange of supplemental/rebuttal designations: | March 31, 2009 |
| Service of Plaintiffs' initial claims handling expert reports (first half files at issue): | June 1, 2009 |
| Service of Plaintiffs' initial claims handling expert reports (second half of claim files at issue): | June 29, 2009 |
| Service of Defendant's claims handling expert rebuttal reports (first half of claim files at issue): | July 17, 2009[1] |
| Service of Plaintiffs' non-claims handling expert reports: | August 3, 2009 |
| Service of Defendant's claims handling expert rebuttal reports (second half of claim files at issue): | August 17, 2009[2] |
| Service of Defendant's non-claims handling expert rebuttal reports: | September 3, 2009 |
| Date for completion of fact discovery:<br><br>(The parties do not wish there to be a formal schedule for written discovery or depositions and request that a formal discovery plan requirement be waived). | December 11, 2009 |
| Date for completion of expert discovery: | December 11, 2009 |
| Last hearing date on motions, including dispositive motions and discovery motions, but excluding motions in limine and trial motions: | January 8, 2010 |
| Final Pre-trial Conference: | February 8, 2010 |
| Trial Date: | February 15, 2010 |

---

[1]   If Plaintiffs serve their initial claims handling expert reports for the first half of the claims files at issue prior to June 1, 2009, Defendant will serve its claims handling expert rebuttal reports for those claims within six weeks of receipt of Plaintiffs' reports.

[2]   If Plaintiffs serve their initial claims handling expert reports for the second half of the claims files at issue prior to June 29, 2009, Defendant will serve its claims handling expert rebuttal reports for those claims within six weeks of receipt of Plaintiffs' reports.

1

2          The parties agree that discovery should not be conducted in phases or be

3  limited to or focused upon particular issues, and should proceed in accordance with the

4  Federal Rules of Civil Procedure.  The general subjects on which discovery may be needed

5  by both parties include, but are not limited to, (i) all matters relating to Liberty Mutual's

6  handling of workers' compensation claims under the Policies; (ii) the amounts charged

7  and/or paid for claims losses, expenses, premiums and other charges under the Policies;

8  (iii) the collateral under the Policies; and (iv) Liberty Mutual's calculation and

9  determination of retrospective premium adjustments and assessments made under the

10 N.M.N. Policy.

11

12          Discovery will require the production of claim files containing private

13 medical information pertaining to Plaintiffs' injured employees, and may also require the

14 disclosure of information and documents that the parties deem confidential, proprietary

15 and/or trade secrets.  As a result, the parties will lodge a Stipulated Protective Order to be

16 entered by the Court to protect the confidentiality of, and to prohibit the unauthorized

17 dissemination or use of, any private medical information or confidential/proprietary/trade

18 secret information that may be disclosed during discovery.

19

20 **C.      Changes in Discovery Limitations.**

21

22          The parties agree to fifty (50) interrogatories per side, twenty-five (25)

23 depositions per side (exclusive of expert depositions), no limit on document requests, and

24 no limit on requests for admissions.

25

26

27

28

W02-WEST:1SCS1\400639898.1                                                    RULE 26(f) JOINT REPORT

1  **D.**     __Issues Related to Electronic Discovery and Privilege Issues__.

2

3          The parties do not anticipate any major logistical issues in connection with

4  the production of electronically stored information or the review of that information for

5  privilege.  The parties have agreed that any electronically stored information shall, at the

6  option of the requesting party, be produced in one of the following forms:  (i) hard copy

7  printouts; (ii) pdf files; or (iii) tiff images.  Counsel have asked their respective clients to

8  preserve electronically stored information that may be relevant to the claims and defenses

9  asserted in this case.

10

11  **E.**     __Additional Discovery Orders.__

12

13          As noted above, discovery will require the production of claim files

14  containing private medical information pertaining to Plaintiffs' injured employees, and

15  may also require the disclosure of information and documents that the parties deem

16  confidential, proprietary and/or trade secrets.  As a result, the parties will lodge a

17  Stipulated Protective Order to be entered by the Court to protect the confidentiality of, and

18  to prohibit the unauthorized dissemination or use of, any private medical information or

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

W02-WEST:1SCS1\400639898.1

1  confidential/proprietary/trade secret information that may be disclosed during discovery.

2

3  Dated:  January 30, 2009

4                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                              By  _____

7                                        FRANK FALZETTA
                                 Attorneys for Defendant and Counterclaimant
8                                LIBERTY MUTUAL FIRE INSURANCE COMPANY

9  Dated:  January 30, 2009

10

11                             ACKERMAN AND KEVORKIAN

12                             By  _____

13                                        KEVIN KEVORKIAN
                                 Attorneys for Plaintiffs and Counterdefendant
14                               LARGO CONCRETE, INC. and
                                 N.MN. CONSTRUCTION, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-